## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

In the Matter of:

**NORTH PIER OCEAN VILLAS
HOMEOWNERS ASSOCIATION, INC.,**
      Debtor.

Case No.:

**21-01760-5-DMW**
Chapter 11

### DISCLOSURE STATEMENT

Pursuant to the provisions of Section 1125(b) of the Bankruptcy Code (11 U.S.C. § 1125(b)), the Debtor hereby submits the following information:

### I.  INTRODUCTION

#### A.  Purpose of This Document

***Your rights may be affected.  You should read the Plan and this Disclosure Statement carefully and discuss them with your attorney.  If you do not have an attorney, you may wish to consult one.***

The purpose of this Disclosure Statement ("Disclosure Statement") is to provide each holder of a claim against the Debtor with adequate information about the Debtor and the Debtor's Plan of Liquidation ("Plan") so that each holder of a claim may make an informed decision about whether to accept or reject the Plan.  Attached hereto as **Exhibits "A"** and **"A1"** are summaries of the Debtor's assets.  **Exhibits "B"** and **"B1"** are summaries of the Debtor's liabilities.  Attached as **Exhibit "C"** is a liquidation analysis.  **Exhibit "D"** is a sample Consent Order that the Debtor has provided to each owner of a timeshare unit for the purpose of allowing owners to give their consent to the Debtor regarding the sale of an owner's interest in the timeshare/condominium development and associated common areas.

PLEASE NOTE THAT YOU HAVE PREVIOUSLY BEEN PROVIDED A CONSENT ORDER FOR YOUR SIGNATURE IS ENCLOSED IN THE ENVELOPE CONTAINING THIS DISCLOSURE STATEMENT AND THE PLAN OF LIQUIDATION.  BY SIGNING THE CONSENT ORDER YOU HAVE AUTHORIZED THE DEBTOR TO SELL YOUR INTEREST IN THE NORTH PIER DEVELOPMENT (INCLUDING THE INTEREST ARISING FROM YOUR OWNERSHIP OF ONE OR MORE TIMESHARE UNITS). YOUR INTEREST WILL THEN BE TRANSFERRED TO THE SALES PROCEEDS, WHICH WILL BE DISBURSED IN ACCORDANCE WITH THE PLAN.

This Disclosure Statement describes:

1.      The Debtor and significant events during the bankruptcy case;
2.      Who can vote on or object to the Plan;
3.      What factors the Bankruptcy Court (the "Court") will consider when deciding whether to confirm the Plan;
4.      Why the Debtor believes the Plan is feasible, and how the treatment of your claim or equity interest under the Plan compares to what you would receive on your claim or equity interest in liquidation; and
5.      The effect of confirmation of the Plan.

The Plan describes:

1.    How the Plan proposes to treat claims of the type you hold (*i.e.*, what you will receive on your claim if the plan is confirmed); and,
2.    The classification of claims and the treatment of the classes of claims including a description of whether each class is impaired or unimpaired.

Be sure to read the Plan as well as the Disclosure Statement. It is the Plan itself that will, if confirmed, establish your rights.

**B.    Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing**

The Court has not yet confirmed the Plan. This section describes the procedures pursuant to which the Plan will or will not be confirmed.

### 1.    *Time and Place of the Hearing to Confirm the Plan*

The hearing at which the Court will determine whether to confirm the Plan will be scheduled by the Court and you will receive an Order setting forth the date, time and place.

### 2.    *Deadline For Voting to Accept or Reject the Plan*

See information below for a discussion of voting eligibility requirements. If you are entitled to vote to accept or reject the plan, please mark your vote on the enclosed ballot and return the ballot in the enclosed envelope to Ayers & Haidt, P.A., 307 Metcalf Street, New Bern, North Carolina 28563.

### 3.    *Deadline For Objecting to the Adequacy of Disclosure and Confirmation of the Plan*

Objections to this Disclosure Statement or to the confirmation of the Plan must be filed with the Court and served upon the Debtor's attorney by the date set by the Court.

### 4.    *Identity of Person to Contact for More Information*

If you want additional information about the Plan, you should contact the Debtor's attorney at the address shown at the end of this Disclosure Statement.

## II.  CLASSIFICATION AND TREATMENT OF
## CLASSES OF CLAIMS AND INTERESTS

**The Debtor's Plan, which accompanies this Disclosure Statement, is incorporated herein by reference. Section IV of the Plan describes the classification of claims and the treatment of the classes of claims, including a description of whether each class is impaired or unimpaired.**

THE PLAN CONTEMPLATES A LIQUIDATION OF THE DEBTOR'S ASSETS AND REPAYMENT OF ALLOWED CLAIMS FROM THE NET PROCEEDS OF SALE.

The particular method for payment of each creditor is outlined in Section IV of the Plan. All proceeds of liquidation, if any, will be distributed in accordance with the priorities of the Code and as described more fully in the Plan.

## A.     The Purpose of the Plan of Liquidation

As required by the Code, the Plan places claims in various classes and describes the treatment that each class will receive. The Plan also states whether each class of claims is impaired or unimpaired. If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

## B.     Administrative Expenses and Tax Claims

The following types of claims are addressed in the Plan:

### 1.     *Administrative Costs*

Administrative costs are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code. It is anticipated that the primary administrative claimants will be Ayers & Haidt, P.A., the Debtor's current bankruptcy counsel, and McIntyre, Paradis, Wood and Company, LLC, the Debtor's accounting firm. Ayers & Haidt, P.A. has been retained by the Debtor to handle all aspects of its bankruptcy case, including preparation of the petition and schedules of assets and liabilities, preparation of the Plan of Liquidation and Disclosure Statement, and representing it in all actions arising from the bankruptcy filing and all adversary proceedings. Conversion Financial, LLC has also been authorized to assert administrative expense priority for any amounts loaned to the Debtor in connection with its $250,000 post-petition line of credit.

### 2.     *Priority Tax Claims*

Priority tax claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding five years.

## C.     Classes of Claims

The following classes are also addressed in the Plan. The Plan describes the proposed treatment that they will receive under the Plan:

### 1.     *Classes of Priority Unsecured Claims*

Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment.

### 2.     *Class of General Unsecured Claims*

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

### 3.     *Class of Timeshare Owners/Equity Security Holders*

Those owners holding title to timeshare units as of the date the bankruptcy case was filed are classified as parties holding an ownership interest (*i.e.*, an equity interest) in the Debtor. The Debtor is a non-

profit corporation under the Internal Revenue Code and is governed by its Board of Directors. The equity/ownership interest held by this class will be extinguished at the time any residual net proceeds derived from the sale of the timeshare/condominium complex are allocated to this class in accordance with the treatment set forth in the Plan. Following that distribution, the Debtor will be dissolved.

### III.  HISTORY, POST-PETITION OPERATIONS AND PLAN SUMMARY

A.    Background

The Debtor was incorporated in 1984 as a North Carolina non-profit corporation pursuant to Chapter 47A of the North Carolina General Statutes, the North Carolina "Unit Ownership Act." It serves as the homeowners' association for North Pier Ocean Villas, a condominium/timeshare development located in Carolina Beach, North Carolina. The Debtor is the governing body for the development and exists to manage, operate and maintain the condominium units and common areas that comprise it. The Declaration of Condominium for North Pier Ocean Villas (the "Condominium Declaration") was recorded on May 4, 1984, in Book 1253 page 687 of the New Hanover County, North Carolina Registry. The Timeshare Declaration, an overlay to the condominium regime (the "Timeshare Declaration"), was recorded on May 9, 1984, in Book 1253 page 733 of the New Hanover County Registry.

The Debtor filed its Chapter 11 case on August 5, 2021 (the "Petition Date") and is currently operating as a Debtor-in-Possession. Phase 1 of the condominium development involves fifteen (15) units, each unit being assigned fifty-two (52) weekly intervals constituting 780 timeshare weeks. Phases 2 through 5 subsequently added 27 more condominium units, each unit being assigned fifty-two (52) weekly intervals, an additional 1,404 timeshare weeks. Together there are a total of 42 condominium units which support 2,184 weekly timeshare intervals. The condominium consists of two buildings: one building for Phase 1, a second building for Phases 2 through 5.

The Phase 1 building was severely damaged during Hurricane Dorian in September 2019. Removal of the siding of the building in 2020 for repairs revealed significant deterioration of the wood structure of the building. The damage to both buildings was not fully covered by insurance, although the Debtor received gross insurance proceeds of $895,000 in 2020 and utilized those proceeds to repair the roofs on both structures and conduct other repairs. As a result of the damage, the Phase 1 building is subject to a condemnation action by the Town of Carolina Beach (the "Town") requiring immediate remediation or, in the alternative, demolition of the Phase 1 building. Prior to the filing of the bankruptcy petition, the Town had advised the Debtor that it intends to order the demolition of the Phase 1 building given safety and aesthetic concerns asserted by the Town.

The Debtor's bankruptcy filing was precipitated by a number of factors, all arising from diminished operating revenue as the development has aged. First, the Debtor lacked the funds to determine the repairs and renovations needed in order to satisfy the Town, and was at risk of having to demolish the building (at the Debtor's expense) in the event an order of condemnation was received. Second, once the assessment was completed the Debtor was unable to pay for the repairs or demolish the building. Third, the Debtor cannot raise sufficient funds from its diminishing membership for ongoing management and maintenance required by the development. Revenue from timeshare owners has decreased significantly in recent years. As reflected on the Debtor's bankruptcy schedules, many owners are not paying their fees and assessments, and the Debtor is owed approximately $354,268 in unpaid dues and $32,350 in unpaid special assessments. Some owners have surrendered their timeshares to Debtor; others have simply failed to pay. Neither outcome addresses the underlying revenue needs.

- 4 -

In 1997, Debtor had approximately 1,872 separate timeshare owners, representing ownership of all 2,184 timeshare intervals.  Now, approximately 52.2 % (1,140) of the 2,184 units are owned by individuals and entities.  The remaining timeshare intervals are owned by the Debtor.

B.      Post-Petition Operations

The Debtor filed its voluntary Chapter 11 petition on August 5, 2021.  That same day the Debtor filed its motion for approval of a $250,000 secured operating line of credit with Conversion Financial, LLC.  The Bankruptcy Court entered an interim order approving the financing arrangement on August 16, 2021, and has also entered a final order regarding the financing.  The Debtor has also continued its management agreement with VMH & Associates, Inc. during the post-petition period.

On September 13, 2021 the Debtor conducted a Special Meeting of its timeshare owners for the purpose of voting on an amendment to the Timeshare Declaration that would provide for termination of the Timeshare Declaration on September 30, 2021.  Approximately 76% of the ballots representing individual timeshare units favored the amendment, which was recorded in Book 6492, Page 1066 of the New Hanover County Registry on September 16, 2021.  On September 30, 2021 the Timeshare Declaration was officially terminated.

Beginning November 5, 2021, the Debtor commenced the process of mailing consent orders (reflected as **Exhibit "D"** attached) to all owners of timeshare interests for the purpose of securing the owners' consent to have the Debtor market and sell the unified fractional interests in the North Pier development.

Upon information and belief, the Debtor has complied with all Bankruptcy Rule 4002 requirements of the Bankruptcy Administrator and submitted all monthly reports and quarterly fees when required.

C.      Plan Summary

When the Timeshare Declaration was terminated, North Pier reverted to the 42 separate condominium units owned by the timeshare owners in 1/52 increments as tenants in common.  The Debtor has filed a Plan of Liquidation that will effectuate the Debtor's desire to consolidate the fractionalized interests, owned by the Debtor and the other individual unit owners, in the condominiums and common areas comprising the North Pier complex and sell those interests to a third-party purchaser pursuant to a competitive bidding process reviewed and approved by the Court.

In order to unify those interests through the bankruptcy process the Debtor must seek and obtain the authority of the Bankruptcy Court, together with an Order from the Bankruptcy Court allowing the Debtor to sell the Property free and clear of the interests of all individual owners of timeshare units, as well as any and all other liens and claims.  Without such an order, state law (North Carolina General Statutes Chapter 47A) would require unanimous consent of all timeshare interval week owners in order to terminate the interval ownership regime.  Because it is impractical to expect unanimous consent, there are two methods of unifying the owners' fractional interests.

**First, the Debtor asks all owners to review Exhibit "D" to this Disclosure Statement. Exhibit "D" is a sample Consent Order authorizing the Debtor to sell the fractional interest in the North Pier property owned by each individual owner.  If they have not already done so, the Debtor strongly recommends each owner execute the owner-specific Consent Order previously mailed to every owner in order to avoid litigation costs that will otherwise be incurred by the Association. If the Debtor is able to**

**eliminate litigation costs, the return available to all owners following the sale of North Pier will be increased.**

**Second, if any owner fails to execute and return the Consent Order, the Debtor will file a civil lawsuit (the "Adversary Proceeding") against that owner pursuant to 11 U.S.C. § 363(h) for the purpose of obtaining an Order from the Bankruptcy Court allowing the Debtor to sell North Pier free and clear of the interests of every owner that did not sign a Consent Order and return it to the Debtor. If a signed Consent Order is not received by the Debtor within thirty (30) days from the date of this Disclosure Statement, the Adversary Proceeding will be necessary in order for the Bankruptcy Court to permit the Debtor to convey title to North Pier free and clear of the non-consenting owners' interests in North Pier at the closing of the proposed sale. The Debtor will not file an Adversary Proceeding against the owners that return the Consent Order to the Debtor.**

After the North Pier property is sold, the gross proceeds will be allocated between the Debtor (based on the number of timeshare units owned by the Debtor) and the individual owners of remaining timeshare units. The proceeds allocated to the individual owners shall first be used to satisfy a pro-rated share of the sale commission, closing expenses and real estate taxes. After the payment of these costs, individual unit owners will be compensated for each of their individual fractional interests in the condominiums, subject to any debts owed by owners to the Debtor. The portion of sales proceeds allocated to the Debtor shall be used to pay the administrative costs of the bankruptcy and pre-bankruptcy creditors of the Debtor (those asserting debts incurred before the bankruptcy petition was filed). The remaining net proceeds, if any, will then be the property of the Debtor. The Debtor will then disburse those net proceeds to the timeshare owners, who by virtue of their ownership of a timeshare unit are in effect the owners and "shareholders" of the Debtor. In accordance with the Plan, the Debtor intends to disburse the remaining proceeds, if any, on pro-rata basis, subject to a final accounting of any funds owed to the Debtor by any member. Once that process is complete, the Debtor will be dissolved.

## IV.  TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Unless assumed on a post-petition basis and approved by Orders of the Bankruptcy Court, the Debtor hereby rejects all leases and executory contracts itemized on Schedule G of its Schedules and Statement of Financial Affairs, whether such contract be in writing or oral; provided, however, that this provision is not intended to reject and does not reject any agreement for the renewal or the extension of any loan or funds, presently binding and in effect between the Debtor and any secured creditor. This provision is also not intended to reject or modify the Debtor's operating agreement or bylaws.

## V. MEANS OF IMPLEMENTATION AND EXECUTION OF PLAN

A.    Sale of Property. In general, the Debtor proposes to make payments under the Plan from funds on hand, if any, and Liquidation Proceeds derived from the sale of the Property. More specifically, once the condominiums and common areas are sold, the Liquidation Proceeds will be divided into two portions. The first portion will relate to the sale proceeds attributable to fractional interests owned by the Debtor (the "Debtor Proceeds"); and the second portion will relate to sale proceeds attributable to fractional interests owned by Persons other than the Debtor (the "Unit Owner Proceeds").

The following items shall be paid from the Unit Owner Proceeds of the sale of the Property before distribution to any Unit Owner:

      a.      Ad Valorem Taxes owed to New Hanover County, pro-rated between Debtor Proceeds and Unit Owner Proceeds; and

      b.      Real Estate Broker's Commission as approved by the Bankruptcy Court, pro-rated between Debtor Proceeds and Unit Owner Proceeds; and

      c.      Closing costs associated with the sale of the Property, pro-rated between Debtor Proceeds and Unit Owner Proceeds.

Following the payments set forth above, the Debtor will distribute the remaining net Unit Owner Proceeds to the Unit Owners in accordance with each owner's allocable ownership percentage as set forth on Exhibit "B-1" of the Disclosure Statement, subject to any reductions or additions as described herein.

Net Debtor Proceeds shall be utilized to satisfy claims asserted against the Debtor, both pre- and post-petition. Upon satisfaction of all such allowed claims, remaining funds, if any, shall be allocated pro-rata to the members of the Debtor when the bankruptcy case is closed.

B.     <u>Management of Debtor</u>. The currently existing Board shall remain in place and manage the Association through the consummation of the Plan. In the event that a vacancy should arise among the two members of the Board, the remaining member shall attempt to find a replacement member for the departed/departing Board member in accordance with the Debtor's bylaws. All members of the Board shall act in the best interests of the Debtor and its members, in working to consummate the Plan.

C.     <u>Distributions Pursuant to the Plan</u>. Distributions under the Plan shall be made on the Distribution Date; provided however, that Court approved professionals may be paid as such fees and expenses are approved by the Court. Any distribution required to be made hereunder on a day other than a business day shall be made on the next succeeding business day. All payments or distributions made by the Debtor shall be applied as indicated in the respective treatment for each creditor, or if no such application of payments is specified, then payments shall be applied first to outstanding interest and then to principal. In the event that a creditor claims that it is entitled to costs and/or attorney's fees, such creditor must file a fee application with the Court and such costs and attorney's fees must be approved by the Court prior to such costs and attorney's fees becoming part of the creditor's allowed claim.

D.     <u>De Minimis Distributions</u>. No distribution of less than fifty dollars ($50.00) shall be required to be made to any holder of an allowed unsecured claim. Instead, the Debtor shall have the option of retaining such funds to be distributed at the time of the final distribution in accordance with the Plan.

E.     <u>Unclaimed Property</u>. If any distribution remains unclaimed for a period of 90 days after it has been delivered, or attempted to be delivered, such unclaimed property shall be forfeited by such holder of the claim and the Disbursing Agent shall not attempt to make any further distribution of such holder of the claim. Undistributed property shall be returned to the Debtor for distribution in accordance with the Plan.

F.     <u>Preservation of Avoided Transactions for the Benefit of the Estate</u>. All transactions avoided or otherwise set aside pursuant to §§ 544, 547, 548, and/or 549, if any, shall be preserved for the benefit of the Estate pursuant to § 551 and applicable case law. Funds received from such transactions shall be distributed to creditors according to the priorities of the Code.

G.     <u>Preservation of Right to Credit Bid</u>. All secured creditors shall retain the rights granted to them under § 363(k) to purchase their collateral via a credit bid upon the same or better terms of the proposed purchaser. In the event of a private sale that will not produce sufficient funds to satisfy the claim of the secured creditor(s) in full, the Debtor shall provide the secured creditor(s) with a copy of the purchase

contract in the manner designated by such creditor and such creditor shall have until no later than one hour before the Debtor's deadline for accepting such contract to inform the Debtor in writing whether it wishes to purchase the property via a credit bid upon the same or better terms that that offered by the purchaser. In the event the creditor does not provide written notification to the Debtor that it will purchase the property by credit bid, the creditor shall be deemed to waive its right to credit bid. Each secured creditor shall be responsible for providing the Debtor with information concerning the method by which it wishes to be notified to potential purchase contracts for purposes of credit bidding (*i.e.*, facsimile, electronic mail, or via telephonic communication).

H.      The Debtor will execute and deliver all documentation to the Bankruptcy Court and to all parties in interest who are entitled to receive the same as required by the terms of the Plan and the Bankruptcy Code.

I.      The Debtor shall take such other action as necessary to satisfy the other terms and requirements of the Plan and the Bankruptcy Code.

J.      Except as expressly stated in the Plan, or allowed by a Final Order of the Bankruptcy Court, no interest, penalty, or late charge shall be allowed on any claim subsequent to the Petition Date, unless otherwise required by the Code. No attorney's fees or expenses accruing prior to entry of the order confirming the Plan shall be paid with respect to any claim except as specified herein or as allowed by a Final Order of the Court.

K.      Confirmation of this plan shall constitute a finding that the Debtor does not waive, release, or discharge, but rather retain and reserve any and all pre-petition claims and any and all post-petition claims that it could or might assert against any party or entity arising under or otherwise related to any state or federal statute, state or federal common law, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court, including all rights to assert and pursue any and all avoidance actions, preference actions, and any other actions pursuant to 11 U.S.C. §§ 545, 546, 547, 548, and 550, except to the extent such avoidance actions, preference actions, or other actions were assigned to a creditor(s) as part of the Debtor's Plan. Further, the Debtor retains all rights to assert and pursue all claims under 11 U.S.C. § 542, including without limitation actions to seek turnover of estate assets, actions to recover accounts receivable, and/or actions to invalidate setoffs.

L.      Administrative claims unpaid on the Effective Date will be paid from funds on hand or as the parties otherwise agree.

M.      All objections to claims, fee applications, and adversary proceedings will be filed with the Court within 90 days of the Effective Date; provided however, that the Debtor retains the right to object or otherwise pursue any claims against secured creditors relating to the payoff and/or satisfaction of its secured claims.

N.      <u>Revocation of Plan.</u> The Debtor has reserved the right to revoke and withdraw its Plan before the entry of the Confirmation Order. If the Debtor revokes or withdraws the Plan, or if confirmation of this Plan does not occur, then, with respect to the Debtor, the Plan shall be deemed null and void and nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor, as the case may be, or any other Person or to prejudice in any manner the rights of such Debtor, as the case may be, or Person in any further proceedings involving such Debtor.

- 8 -

O.      Sales Free and Clear of Liens.  All real and personal property owned by the Debtor that will be sold pursuant to this Plan will be sold free and clear of all liens, encumbrances, claims, interests, or other obligations.  In order to expedite the sale process, provide clear title to the properties sold, and satisfy certain anticipated requirements of title insurance companies providing title insurance to purchasers, simultaneous with the entry of the Order Confirming Plan, the Court will enter a free and clear order, which shall provide that all sales will be free and clear of all liens, interests, and other claims or interests.  All real or personal property sold by the Debtor shall be sold pursuant to the free and clear order to be entered.  No further motion related to the sales of property shall be required; however, the Debtor may elect to file additional motions with the Court setting forth the proposed distribution of any excess sales proceeds prior to distribution to creditors.

P.      Distribution of Sale Proceeds.  Upon the sale of the real or personal property proposed to be sold by this Plan, the liens secured by such property shall attach to the net proceeds of the sale remaining after payment of costs of sale and all reasonable and ordinary closing costs (including but not limited to ad valorem taxes, commissions, and any other costs permitted under § 506(c) of the Code), and shall be paid to lienholders in accordance with the priorities of such liens, and then to other creditors in accordance with the priorities of the Code.  In the event the net proceeds of the sale are insufficient to satisfy all claims within a class, such proceeds to be distributed to such class will be distributed pro rata.  The Debtor may elect to file additional motions with the Court setting forth the proposed distribution of any excess sales proceeds prior to distribution to creditors.

Q.      Claims Paid by Third Parties.  To the extent a claim holder receives payment in full or in part on account of such claim from a party that is not the Debtor, such creditor shall, within two weeks therefore, inform the Debtor of such payment, and such creditor's claim shall be reduced accordingly for purposes of distribution under the Plan.

R.      Exemption from stamp tax or transfer tax.  Pursuant to 11 U.S.C. § 1146(c) of the Bankruptcy Code, the issuance, transfer, or exchange of notes or equity securities under the Plan, the creation of any mortgage, or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any instrument of transfer under, in furtherance of, or in connection with the Plan, including without limitation, deeds, or bills of sale or assignments of personal property executed in connection with any of the transactions contemplated under the Plan, will not be subject to any stamp, or local governmental officials or agents will forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment consistent with the applicable provisions of the Plan.

S.      Procedure for Payment of Professional Fees.  Current Bankruptcy Court approved professionals shall not subject to the fee application process for services rendered post-confirmation in furtherance of implementation of the confirmed Plan.

## VI. ACCEPTANCE OR REJECTION OF PLAN; EFFECT OF REJECTION BY AN IMPAIRED CLASS

A.      Each Impaired Class Entitled to Vote Separately.  Each impaired class of claims shall be entitled to have the holders of claims therein vote separately as a class to accept or reject the Plan.

B.      Acceptance by a Class of Creditors.  Consistent with §1126(c) of the Bankruptcy Code, and except as provided in §1126(e) of the Bankruptcy Code, a class of claims shall have accepted the Plan if the Plan is accepted by holders of at least two-thirds (⅔) in dollar amount and more than one-half (½) in number

of the allowed claims of that class that have timely and properly voted to accept or reject the Plan.

     C.    <u>Claimants Entitled to Vote</u>.  Holders of impaired claims shall be entitled to vote if:

     (1)    Such claim has been filed against the Debtor in a liquidated amount or has been listed on the Debtor's schedules other than as contingent, unliquidated or disputed, and as to which no proof of claim has been filed.  The claim shall be allowed solely for the purpose of voting on the Plan in the amount in which such claim has been filed or listed on the Debtor's schedules;

     (2)    Such claim has been filed against the Debtor or listed on the Debtor's schedules and is the subject of an existing objection filed by the Debtor, and is temporarily allowed for voting purposes by order of the Court in accordance with Bankruptcy Rule 3018;

     (3)    Such claim has been filed in an undetermined amount, in which case the creditor shall not be entitled to vote unless the Debtor and the holder of the claim agree on an amount for voting purposes or the Court enters an order setting the amount of the claim that the creditor may ballot.

     (4)    Any entity holding two or more duplicate claims shall be entitled to vote only one claim.

     D.    <u>Confirmation Hearing</u>.  The Court will set a hearing on the confirmation of the Plan to determine whether the Plan has been accepted by the requisite number of creditors and whether the other requirements for confirmation of the Plan have been satisfied.

     E.    <u>Acceptances Necessary to Confirm the Plan</u>.  At the hearing of confirmation of the Plan, the Court shall determine, among other things, whether the Plan has been accepted by each impaired class.  Under §1126 of the Bankruptcy Code, an impaired class of Creditors is deemed to accept the Plan if at least two-thirds (⅔) in amount and more than one-half (½) in number vote to accept the Plan.  Further, unless there is unanimous acceptance of the Plan by an impaired class, the Court must also determine that class members will receive property with a value, as of the Effective Date of the Plan, that is not less than the amount that such class member would receive or retain if the Debtor's assets were liquidated as of the Effective Date of the Plan under Chapter 7 of the Bankruptcy Code.

     F.    <u>Confirmation of Plan Without Necessary Acceptances</u>.  The Bankruptcy Code provides that the Plan may be confirmed even if it is not accepted by all impaired Classes.  In order to be confirmed without the requisite number of acceptances of each impaired class, the Court must find that at least one impaired class has accepted the Plan without regard to the acceptances of insiders, and the Plan does not discriminate unfairly against, and is otherwise fair and equitable, to such impaired class.  In the event that any class votes against the plan, the Debtor hereby requests and moves the Court under the provisions of this Plan outlined in Section VII herein, for confirmation pursuant to the "cramdown" provisions of §1129(b) of the Bankruptcy Code.  In connection therewith, the Debtor shall be allowed to modify the proposed treatment of the allowed claims in any class that votes against the Plan consistent with §1129(b)(2)(A).

### VII.  "CRAMDOWN" FOR IMPAIRED CREDITORS NOT ACCEPTING THE PLAN

In respect to any class of creditors impaired but not accepting the Plan by the requisite majority in

number or two-thirds in amount, the proponent of this Plan requests the Court to find that the Plan does not discriminate unfairly and is fair and equitable in respect to each class of claims or interests that are impaired under the Plan and that the Court confirm the Plan without such acceptances by the said impaired classes. The Debtor will also request that the Court establish a value for any assets, the value of which is in dispute between the Debtor and any secured creditor, at a valuation hearing under Section 506 of the Bankruptcy Code, to be scheduled at the same time as the hearing on confirmation of the Plan.

## VIII. DISCLAIMER

All parties are advised and encouraged to read this Disclosure Statement and the Plan in their entirety before voting to accept or reject the Plan or before voting on any other matter as provided for herein.

Statements made in this Disclosure Statement are qualified in their entirety by reference to the Plan itself, the Disclosure Statement, and all exhibits annexed thereto. The statements contained in this Disclosure Statement are made only as of the date hereof. No assurances exist that the statements contained herein will be correct any time thereafter.

The information contained in this Disclosure Statement is included herein for purposes of soliciting acceptances of the Plan and may not be relied upon for any purpose other than to determine how to vote on the Plan. No representations concerning the Debtor are authorized by the Debtor other than as set forth in this Disclosure Statement. Any other representations or inducements made to solicit your acceptance that are not contained in this Disclosure Statement should not be relied upon by you in arriving at your decision to accept or reject the Plan.

With respect to adversary proceedings, contested matters, other actions or threatened actions, this Disclosure Statement shall not constitute or be construed as an admission of any fact or liability, stipulation, or waiver; rather, this Disclosure Statement shall constitute statements made in connection with settlement negotiations.

This Disclosure Statement shall not be admissible in any non-bankruptcy proceeding involving the Debtor or any other party. Furthermore, this Disclosure Statement shall not be construed to be conclusive advice on the legal effects, including, but not limited to the tax effects, of the Debtor's Plan of Reorganization. You should consult your legal or tax advisor on any questions or concerns regarding the tax or other legal consequences of the Plan.

The information contained herein is not the subject of a certified audit and formal appraisals. The Debtor's records are dependent upon internal accounting methods. As a result, valuations and liabilities are estimated. Although substantial efforts have been made to be complete and accurate, the Debtor is unable to warrant or represent the full and complete accuracy of the information contained herein.

## IX. PAYMENTS UNDER PLAN ARE IN FULL AND FINAL SATISFACTION OF DEBT

Except as otherwise provided in Section 1141 of the Bankruptcy Code, or the Plan, the payments and distributions made pursuant to the Plan will be in full and final satisfaction, settlement, release, and discharge, as against the Debtor, of any and all claims against, and interests in, the Debtor, as defined in the Bankruptcy Code, including, without limitation, any Claim accrued or incurred on or before the Confirmation Date, whether or not (i) a proof of claim or interest is filed or deemed filed under Section 501 of the Bankruptcy

Code, (ii) such Claim or Equity Interest is allowed under Section 501 of the Bankruptcy Code, or (iii) the holder of such Claim has accepted the Plan.

## X. POTENTIAL MATERIAL FEDERAL TAX CONSEQUENCES

The following discussion is a summary of certain federal income tax aspects of the Plan for general information only. It should not be relied upon for purposes of determining the specific tax consequences of the Plan with respect to a particular holder of a Claim or Interest. This discussion does not purport to be a complete analysis or listing of all potential tax factors.

The following discussion is based upon existing provisions of the Internal Revenue Code ("IRC"), existing regulations thereunder, and current administrative rulings and court decisions. No assurance can be given that legislative or administrative changes or court decisions may not be forthcoming which would require significant modification of the statements expressed in this section. Moreover, the tax consequences to holders of the Claims and Interests may vary based upon the individual tax circumstances of each such holder. Nothing herein purports to describe any state, local or foreign tax consequences.

**NO RULING HAS BEEN SOUGHT OR OBTAINED FROM THE IRS WITH RESPECT TO ANY OF THE TAX ASPECTS OF THE PLAN AND NO OPINION OF COUNSEL HAS BEEN OBTAINED BY THE DEBTOR WITH RESPECT THERETO. NO REPRESENTATIONS OR ASSURANCES ARE BEING MADE WITH RESPECT TO THE FEDERAL INCOME TAX CONSEQUENCES AS DESCRIBED HEREIN. CERTAIN TYPES OF CLAIMANTS AND INTEREST HOLDERS MAY BE SUBJECT TO SPECIAL RULES NOT ADDRESSED IN THIS SUMMARY OF FEDERAL INCOME TAX CONSEQUENCES. THERE MAY ALSO BE STATE, LOCAL, OR FOREIGN TAX CONSIDERATIONS APPLICABLE TO A HOLDER OF A CLAIM OR INTEREST, WHICH ARE NOT ADDRESSED HEREIN. EACH HOLDER OF A CLAIM OR INTEREST AFFECTED BY THE PLAN MUST CONSULT, AND RELY UPON, HIS OR HER OWN TAX ADVISOR REGARDING THE SPECIFIC TAX CONSEQUENCES OF THE PLAN WITH RESPECT TO THAT HOLDER'S CLAIM OR INTEREST. THIS INFORMATION MAY NOT BE USED OR QUOTED IN WHOLE OR IN PART IN CONNECTION WITH THE OFFERING FOR SALE OF SECURITIES.**

### A.    Tax Consequences to the Debtor.

Under the IRC, a taxpayer generally must include in gross income the amount of any discharge of indebtedness income realized during the taxable year. Section 108(a)(1)(A) of the IRC provides an exception to this general rule, however, in the case of a taxpayer that is under the jurisdiction of a bankruptcy court in a case brought under the Bankruptcy Code where the discharge of indebtedness is granted by the court or is pursuant to a plan approved by the court, provided that the amount of discharged indebtedness that would otherwise be required to be included in income is applied to reduce certain tax attributes of the taxpayer. Section 108(e)(2) of the IRC provides that a taxpayer will not realize income from the discharge of indebtedness to the extent that satisfaction of the liability would have given rise to a deduction. As a result of §§ 108(a)(1)(A) and 108(e)(2) of the IRC, the Debtor may not recognize any income from the discharge of indebtedness through the Chapter 11 case. It is not likely that the confirmation of the plan will have a material effect on the reorganized Debtor. The Debtor is a North Carolina non-profit corporation. Based upon the proposed sale under the Plan, the Debtor does not anticipate that the estate will have any income tax liability.

### B.    Tax Consequences to Creditors

A creditor who receives cash or other consideration in satisfaction of any Claim may be required to recognize ordinary income to the Internal Revenue Service or other tax authorities.  The impact of such ordinary income, as well as the tax year for which the income will be recognized, will depend upon the individual circumstances of each Claimant, including the nature and manner of organization of the Claimant, the applicable tax bracket for the Claimant, and the taxable year of the Claimant.  Each creditor is urged to consult with its tax advisor regarding the tax implications of any payments or distributions under the Plan.

**THE FOREGOING IS INTENDED TO BE A SUMMARY ONLY AND NOT A SUBSTITUTE FOR CAREFUL TAX PLANNING OR CONSULTATION WITH A TAX ADVISOR.  THE FEDERAL, STATE, LOCAL, AND FOREIGN TAX CONSEQUENCES OF THE PLAN ARE COMPLEX AND, IN SOME CASES, UNCERTAIN.  SUCH CONSEQUENCES MAY ALSO VARY BASED UPON THE INDIVIDUAL CIRCUMSTANCES OF EACH HOLDER OF A CLAIM OR INTEREST.  ACCORDINGLY, EACH HOLDER OF A CLAIM OR INTEREST IS STRONGLY URGED TO CONSULT WITH HIS OR HER OWN TAX ADVISOR REGARDING THE FEDERAL, STATE, LOCAL, AND FOREIGN TAX CONSEQUENCES OF THE PLAN.**

CIRCULAR 230 NOTICE: To comply with requirements imposed by the United States Treasure Department and/or IRS, any information regarding any U.S. federal tax matters contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, as advice for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.  A formal and thorough written tax opinion would first be required for any tax advice contained in this communication to be used to avoid tax related penalties.  Please consult your own tax professional.

## XI.  PROVISIONS FOR VOTING ON A PLAN

A.    <u>Creditors Allowed to Vote and Deadline.</u>  Creditors holding allowed claims are entitled to vote to accept or reject the Debtor's Plan of Reorganization.  The Court will fix a date by which ballots upon the proposed Plan must be filed with counsel for the Debtor, as an agent of the Court.  Even though a creditor may not choose to vote, or may vote against the Plan, the creditor will be bound by the terms and treatment set forth in the Plan if the Plan is accepted by the requisite majorities in each class of creditors and/or is confirmed by the Court.  Creditors who fail to vote will not be counted in determining acceptance or rejection of the Plan.  Allowance of a claim or interest for voting purposes does not necessarily mean that the claim will be allowed or disallowed for purposes of distribution under the terms of the Plan.  Any claim to which an objection has been or will be made will be allowed for distribution only after determination by the Court.  Such determination of allowed status may be made before or after the Plan is confirmed.

B.    <u>Voting Provisions.</u>  In order for the Plan to be accepted by the class of creditors holding general unsecured claims, creditors that hold at least two-thirds (⅔) in dollar amount and more than one-half (½) in the total number of allowed claims of creditors voting on the Plan must accept the Plan.  Under certain limited circumstances more fully described in 11 U.S.C. Section 1129(b), the Court may confirm the Plan by a "cramdown" notwithstanding the rejection thereof by more than one-third (⅓) in amount or one-half (½) in number of the creditors voting on the Plan.  The Debtor intends to seek confirmation under 11 U.S.C. Section 1129(b) in the event any class of creditors rejects the Plan.

C.    Representations Limited.  No representation concerning the Debtor, particularly regarding future business operations or the value of the Debtor's assets, have been authorized by the Debtor except as set forth in this statement.  You should not rely on any other representations or inducements offered to you to secure your acceptance or decide how to vote on the Plan.  Any person making representations or inducements concerning acceptance or rejection of the Plan should be reported to counsel for the Debtor.

While every effort has been made to provide the most accurate information available, the Debtor is unable to warrant or represent that all information is without inaccuracy.  No known inaccuracies are set forth herein.  Further, much of the information contained herein consists of projections of future performance. While every effort has been made to ensure that the assumptions are valid and that the projections are as accurate as can be made under the circumstances, the Debtor has not undertaken to certify or warrant the absolute accuracy of the projections.

No formal appraisals have been undertaken of the Debtor's property for the purpose of preparing this Disclosure Statement.  The property values which were assigned and summarized below are the best estimate of the values of the property as of the time of the filing of this Disclosure Statement.

## XII.  ACCEPTANCE AND CONFIRMATION

The Bankruptcy Code requires that the Bankruptcy Court, after notice, hold a hearing to consider confirmation of the Plan.  The confirmation hearing will be scheduled at a time and place to be determined by the Bankruptcy Court.  The confirmation hearing may be adjourned from time to time by the Bankruptcy Court without further notice except for an announcement made at the confirmation hearing.

At the confirmation hearing, the Bankruptcy Court will determine whether the requirements of Section 1129 of the Bankruptcy Code have been satisfied, in which event the Bankruptcy Court will enter an order confirming the Plan.  These requirements include determinations by the Bankruptcy Court that (i) the Plan has classified Claims in a permissible manner; (ii) the Plan is in the "best interests" of all Creditors; (iii) the Plan is feasible; (iv) the Plan has been accepted by the requisite number and amount of Creditors in each Class entitled to vote on the Plan, or that the Plan may be confirmed without such acceptances; (v) the Plan and its proponent comply with various technical requirements of the Bankruptcy Code; (vi) the Debtor has proposed the Plan in good faith; (vii) any payments made or promised in connection with the Plan are subject to the approval of the Bankruptcy Court as reasonable; and (viii) the Plan provides specified recoveries for certain priority claims.

The Debtor believes that all of these conditions have been or will be met prior to the Confirmation hearing.

A.    **Classification of Claims**.  The Bankruptcy Code requires that a plan place each creditor's claim in a class with "substantially similar" claims.  The Debtor believes that the Plan's classification of claims complies with the requirements of the Bankruptcy Code and applicable case law.

B.    **The Best Interests Test**.  Notwithstanding acceptance of the Plan in accordance with Section 1126 of the Bankruptcy Code, the Bankruptcy Court must find, whether or not any party in interest objects to Confirmation, that the Plan is in the best interests of the Creditors.  Bankruptcy courts have generally defined "best interests" as the Bankruptcy Code's requirement that, under any plan of reorganization, each member of an impaired class of creditors must receive or retain, on account of its claim, property of a value, as of the effective date of the plan, that is not less than the amount such creditor would receive or retain if the Debtor

were liquidated under chapter 7 of the Bankruptcy Code. Because the Plan is a liquidating plan, the Debtor believes that the Plan is in the best interests of all Creditors.

To determine what the Creditors would receive if the Debtor was liquidated under chapter 7, the dollar amount that would be generated from the liquidation of the Debtor's assets in a chapter 7 liquidation case needs to be considered. The amount that would be available for the satisfaction of Claims would consist of the Debtor's interest in the net proceeds resulting from the disposition of the Estate's assets, augmented by the Debtor's interest in the cash on hand. The Estate's interest would be further reduced by the amount of any Secured Claims, the costs and expenses of the liquidation, and such additional Administrative Claims and Priority Claims that may result from the termination of the Debtor's business.

The costs of liquidation under chapter 7 would become Administrative Claims with the highest priority against the proceeds of liquidation. Such costs would include the fees payable to a chapter 7 trustee, as well as those which might be payable to attorneys, financial advisors, appraisers, accountants and other professionals that such a trustee may engage to assist in the liquidation.

After satisfying Administrative Claims arising in the course of the chapter 7 liquidation, the proceeds of the liquidation would then be payable to satisfy any unpaid expenses incurred during the time the Case was pending under chapter 11, including compensation for the Debtor, attorneys, financial advisors, appraisers, accountants and other professionals retained by the Debtor.

For the reasons discussed above, the Debtor has concluded that the Plan provides Creditors with a recovery that has a present value at least equal to the present value of the distribution that such Person would receive if the Estate were liquidated under chapter 7 of the Bankruptcy Code.

**BECAUSE ANY LIQUIDATION ANALYSIS AND ANY PROJECTIONS WHICH MAY BE PROVIDED BY THE DEBTOR IS BASED UPON A NUMBER OF ASSUMPTIONS AND ARE INHERENTLY SUBJECT TO SIGNIFICANT UNCERTAINTIES THAT ARE BEYOND THE DEBTOR'S CONTROL, THERE CAN BE NO ASSURANCE THAT THE LIQUIDATION VALUES WOULD, IN FACT, BE REALIZED IN THE EVENT OF A LIQUIDATION UNDER CHAPTER 7 OR THAT THE FINANCIAL PROJECTIONS WILL BE REALIZED. ACTUAL RESULTS MAY BE HIGHER OR LOWER THAN THOSE PROJECTED, POSSIBLY BY MATERIAL AMOUNTS.**

C.      **Feasibility of the Plan**. Section 1129(a)(11) of the Bankruptcy Code requires a judicial determination that confirmation of the Plan will not likely be followed by liquidation or the need for further financial reorganization of the Debtor or any other successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan. The Debtor believes that the Debtor will be able to meet the obligations under the Plan.

D.      **Confirmation**. The Plan may be confirmed if the holders of impaired Classes of Claims accept the Plan. Classes of Claims that are not impaired are deemed to have accepted the Plan. A Class is impaired if the legal, equitable, or contractual rights attaching to the Claims or interests of that Class are modified other than by curing defaults and reinstating maturities or by full payment in cash.

The Bankruptcy Code defines acceptance of a plan by a class of claims as acceptance by the holders of two-thirds in dollar amount and a majority in number of allowed claims in that class. This calculation includes only those holders of claims who actually vote to accept or reject the Plan. Votes on the Plan are being solicited only from holders of Allowed Claims in impaired Classes who are expected to receive distributions.

- 15 -

In the event that an impaired Class does not accept the Plan, the Bankruptcy Court may nevertheless confirm the Plan at the Debtor's request if (i) all other requirements of Section 1129(a) of the Bankruptcy Code are satisfied, and (ii) as to each impaired Class that has not accepted the Plan, the Bankruptcy Court determines that the Plan "does not discriminate unfairly" and is "fair and equitable" with respect to such non-accepting Class. **THE DEBTOR BELIEVES THAT THE PLAN IS IN THE BEST INTERESTS OF ALL CREDITORS AND STRONGLY RECOMMEND THAT ALL PARTIES ENTITLED TO VOTE CAST THEIR BALLOTS IN FAVOR OF ACCEPTING THE PLAN.** Nevertheless, the Debtor has requested that the Bankruptcy Court confirm the Plan over the rejection of any non-accepting Class in the event all other elements of Section 1129(a) of the Bankruptcy Code are satisfied.

A plan "does not discriminate unfairly" if the legal rights of a non-accepting class are treated in a manner that is consistent with the treatment of other classes whose legal rights are intertwined with those of the non-accepting class, and no class receives payments in excess of that which it is legally entitled to receive. The Debtor believes that, under the Plan, all holders of impaired Claims are treated in a manner that is consistent with the treatment of other holders of Claims with which any of their legal rights are intertwined. Accordingly, the Debtor believes the Plan does not discriminate unfairly as to any impaired class of Claims.

The condition that a plan be "fair and equitable" generally requires that an impaired class that has not accepted the plan must receive certain specified recoveries, as set forth in Section 1129(b)(2) of the Bankruptcy Code. The Debtor believes that the Plan meets the thresholds specified in this section of the Bankruptcy Code.

## XIII.  EFFECT OF CONFIRMATION

A.      Except as otherwise provided in the Plan, the confirmation of the Plan vests all of the property of the estate in the Debtor.

B.      <u>Injunction</u>. As of the Confirmation Date, except as otherwise provided in the Plan or the Confirmation Order, all persons that have held, currently hold, or may hold a claim, or other debt or liability that is treated pursuant to the terms of the Plan or that is otherwise enjoined pursuant to Section 1141 of the Code, are enjoined from taking any of the following actions on account of any such claims, equity interests, debts or liabilities, other than actions brought to enforce obligations under the Plan: (i) commencing or continuing in any manner any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting, or enforcing any lien or encumbrance; (iv) asserting a setoff or right of recoupment of any kind against any debt, liability, or obligation; and/or (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation order. Notwithstanding the foregoing, the Plan does not release or waive any claims it may have against any party in interest.

## XIV.  OTHER SOURCES OF INFORMATION AVAILABLE<br>TO CREDITORS AND PARTIES IN INTEREST

Additional motions, affidavits, orders or other documentation which might be of interest to any holder of a claim against the Debtor in this proceeding are shown on the docket sheet maintained by the Clerk's office. Copies of the docket sheet and actual items can be obtained from the office of the Clerk of the Bankruptcy Court:

Stephanie Butler, Clerk
United States Bankruptcy Court
Eastern District of North Carolina
P.O. Box 791
Raleigh, NC  27602

## XV.  RECOMMENDATION AND CONCLUSION

**THE DEBTOR BELIEVES THAT THE PLAN PROVIDES THE GREATEST RECOVERY TO CREDITORS AND IS IN THE BEST INTEREST OF CREDITORS, THEREFORE, THE DEBTOR RECOMMENDS THAT ALL CREDITORS VOTE TO ACCEPT THE PLAN.**

Respectfully submitted, this the 3rd day of December, 2021.

_/s/  David J. Haidt_
DAVID J. HAIDT
N.C. State Bar #22092
AYERS & HAIDT, P.A.
Attorneys for the Debtor
Post Office Box 1544
New Bern, NC 28563
(252) 638-2955
(252) 638-3293 facsimile
davidhaidt@embarqmail.com

DEBTOR:

North Pier Ocean Villas Homeowners
Association, Inc.

By: _/s/ John Hutchings_
John Hutchings,
Its: President and Chairman
 of the Board of Directors

- 17 -

## EXHIBIT "A"
## ASSETS OF DEBTOR

| ASSETS | ESTIMATED VALUE |
|---|---|

**REAL PROPERTY**

| | |
|---|---|
| Interest in 1042 timeshare units (see attached Exhibit A-1) | unknown |
| **TOTAL REAL PROPERTY:** | **unknown** |

| PERSONAL PROPERTY (estimated as of Petition Date) | FAIR MARKET VALUE |
|---|---|
| BB&T account xx9004 | $2,035.55 |
| BB&T account xx0958 | $2,082.70 |
| BB&T account xx1008 | $42.70 |
| BB&T account xx9948 | $6,439.69 |
| Accounts Receivable:  $354,268.00 in Assessments & Maintenance Fees due | unknown |
| Accounts Receivable: $32,350.00 in Special Assessments due | unknown |
| Used appliances from Phase 1 in storage unit | $0.00 |
| Miscellaneous office fixtures | $100.00 |
| Miscellaneous office furniture | $600.00 |
| TOTAL PERSONAL PROPERTY: | $11,300.64 |
| **TOTAL ASSETS:** | **$11,300.64** |

**EXHIBIT "A-1"**
**TIMESHARE UNITS OWNED BY DEBTOR**

| Unit | Week(s) |
|------|---------|
| 101 | 1, 3, (4)*, 5, 6, 10, 11, 12, 13, 16, 18, (20), 21, 22, 23, 25, 27, 33, 36, 38, 39, 41, 43, 45, 49, 50, 51 |
| 102 | 1, 2, 3, 5, 6, 8, 9, (10), 11, 16, 20, 21, 33, 38, (39), 42, 45, 47, 49, 50, 51 |
| 103 | 1, 5, 6, 7, 8, 9, (10), 11, 12, 14, 15, 17, 18, 19, 21, 22, 23, 24, 33, 36, (37), 42, 43, 44, 47, 48, 49, 50, 51, 52 |
| 104 | 2, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 18, 19, (20), 22, 23, 25, (32), 33, 38, 40, 41, 42, 43, 44, (45), 46, 47, 48, 50, 51, 52 |
| 105 | 1, 2, 3, 4, (5), 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, (17), 18, 23, 25, 28, 30, 31, 34, 35, 37, 39, 40, 42, 47, 49 |
| 108 | 3, 4, 5, 6, 7, 9, 11, (12), 14, 15, 16, 17, 19, (20), 22, 23, 24, 35, 38, 39, 42, 43, 44, 46, 48, 49 |
| 109 | 2, 3, 4, 5, 7, 9, 10, 11, 12, 14, 16, 18, 22, 23, 35, 38, 39, 40, 40, 41, 43, 44, 45, 46, 47, 49, 50 |
| 110 | 1, 2, 3, 4, 5, 6, 7, 10, 12, 13, 14, 15, 18, 19, 20, 21, 24, 33, 34, 36, 40, 41, 42, 43, 44, 46, (47), (48), 50, 51, 52 |
| 111 | 1, 2, 3, 5, 7, 9, 11, 12, 15, 18, 19, 20, 32, 35, (36), 37, 41, 42, (43), 44, 45, 48, 49, 51, 52 |
| 112 | (1), 2, 3, (5), 6, 7, 8, 11, 15, 17, 18, 20, 21, 34, 36, 37, (39), 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, (51), (52) |
| 113 | 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 19, 20, 34, 37, 38, 40, 42, (45), 46, 49, 50 |
| 201 | 1, 2, 3, 4, 5, 9, 10, 11, 12, 13, 15, (16), 18, 20, 21, 23, 31, 37, 41, 46, 48, 49, 50, 51 |
| 202 | 1, 2, 3, 6, 7, 8, 10, 11, 12, 13, 17, 19, 23, 24, 25, 29, 33, 40, 41, 42, 43, 46, 48, 49, 50, 51, 52 |
| 203 | 1, 4, 6, 7, 8, (9), 10, 11, 12, 13, 14, 16, (17), 22, 27, 32, 33, 35, 36, 37, 38, 42, 45, 46, 47, (48), 49, 50, 52 |
| 205 | 2, 4, 5, 6, 7, (8), 10, 11, 13, 14, 15, 16, 18, 20, 21, 29, 33, 34, 37, 41, 42, 44, 45, 47, 48, 50, 52 |
| 206 | 3, 4, 6, 7, 8, 10, 13, 14, 16, 17, 19, 20, 22, 23, 27, 30, 32, 36, 37, 39, 40, 41, (44), 45, 47, 48, 50, 52 |
| 207 | 1, 2, 4, 5, 6, 7, 8, 9, 11, 12, 14, 15, 18, 19, 20, 21, 24, 25, 34, 36, 38, 39, 40, 42, 43, 45, 46, 47, 49, 50, 51, 52 |
| 208 | 1, 3, 4, 5, 7, 8, 10, 12, 21, 22, (27), 36, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52 |
| 209 | 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 16, 18, 20, 25, 32, 33, 34, 36, 37, 38, 39, 41, 42, 45, 46, 49, 50, 51, 52 |
| 210 | 1, 3, 5, 6, 7, 8, 10, 13, 14, 16, 17, 19, 20, 24, 36, 39, 40, 41, 42, 46, 47, 48, 50, 51, 52 |
| 211 | 1, 2, 3, 4, 5, 6, 7, 9, 10, 12, 13, 14, 15, 16, 17, 19, 34, 36, 37, 38, 39, 43, (44), 45, 46, 47, 48, 49, 50, 51, 52 |
| 212 | 1, 2, 3, 4, 5, 6, 7, 9, (10), 11, 12, 13, 17, 19, 20, 21, 37, 39, 43, 44, 45, 46, 47, 48, 49, 51, 52 |
| 213 | 1, 3, 4, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 20, 34, 36, 37, 38, 39, 42, 44, 47, 48, 49, 52 |
| 301 | 2, 3, 5, 10, 11, 12, 13, 18, 19, (21), 22, 24, 33, 35, 41, 42, 43, 44, 45, 46, 47, 49, 51, 52 |
| 302 | 2, 3, 4, 5, (7), 8, 9, 11, 12, 13, 17, 22, 23, 24, 25, 30, 34, 36, 37, 38, 40, (41), 44, 52 |
| 303 | 1, 2, 3, 4, 5, 6, 10, 11, 12, 13, 14, (15), 17, 21, 29, 33, 34, 35, 38, 41, 42, 43, 44, 46, 47, (51), 52 |
| 304 | (3), 4, (6), 8, (11), 17, 18, 22, 23, 26, (45), 49, 51, 52 |
| 305 | 4, 5, 6, 7, 8, (9), 10, 11, 12, 15, 19, 20, 21, 22, 25, 29, 31, 32, 37, 38, 41, 44, 45, 46, 47, 48, 49, 50, (51) |
| 306 | 1, 2, 3, 4, 7, 8, 10, 11, 14, 15, 16, 18, 20, 21, 22, 23, 25, 30, 35, 36, 37, 39, 40, 41, 44, 45, 46, 47, 48, 49, 50, 51, 52 |
| 307 | 1, 3, 4, 6, 7, 9, 10, 11, 12, 13, 14, 15, 17, 19, 20, 21, 34, 35, 36, 38, 41, 43, 47, 48, (50), 51 |
| 308 | 1, 6, 11, 12, 13, 15, 17, (18), 19, 21, 33, 34, 36, (37), 38, 39, (41), 42, 43, 44, 45, 46, 47, 48, 49, 51, 52 |
| 309 | 1, 4, (5), 6, 7, 9, 10, (11), (12), 15, 16, 17, 19, 22, 33, 34, 36, 37, (38), 39, 40, 41, 42, (43), 45, 46, 47, 49, 50, 51 |
| 310 | 1, 2, 4, 5, 6, 7, 8, 10, 11, 12, 13, 15, 16, 17, 18, 19, 23, 36, 37, 38, 39, 42, 43, 44, 46, 49, 50, 51 |
| 311 | 1, (2), 3, 4, 5, 6, 7, 8, 9, 11, 12, 15, 16, 18, 27, 33, 36, 40, 41, 42, 44, 45, 46, 48, 49, 50, 51 |
| 312 | 1, 3, 4, 5, 6, 7, 10, 11, 12, 13, 14, 15, 17, (18), 19, 21, 23, 32, 33, 35, 37, 38, 39, 41, 42, 43, 44, 47, 49, 50, 51 |
| 313 | 1, 2, 4, 5, 6, 7, 8, 9, 11, 13, 15, 20, 22, 32, 33, 34, 35, 36, 37, 39, 40, 42, 44, 45, 46, (47), 48, 50 |

Owned by Debtor and/or North Pier Associates, L.P.

| Unit | Week(s) |
|------|---------|
| 103 | 10, 37 |
| 104 | 32, 45 |

- 19 -

| | |
|---|---|
| 108 | 12 |
| 109 | 33 |
| 110 | 47, 48 |
| 112 | 39 |
| 113 | 45 |
| 201 | 16 |
| 203 | 9, 17 |
| 205 | 8 |
| 206 | 44 |
| 212 | 10 |
| 301 | 21 |
| 302 | 7 |
| 303 | 15, 51 |
| 304 | 3, 6, 11, 45 |
| 305 | 9, 30, 34, 35, 51 |
| 307 | 50 |
| 308 | 37 |
| 309 | 5, 38, 43 |
| 311 | 2 |
| 312 | 18 |
| 313 | 47 |

Owned by Debtor and/or Third Party

| Unit | Week(s) | |
|---|---|---|
| 211 | 21 | HOA and/or Adriene Parsons & Angela Filotei |
| 312 | 52 | HOA and/or Ayesha Elam |
| 304 | 9 | HOA and/or Billy & Sandra Harrington |
| 102 | 39 | HOA and/or Charles Simmons |
| 302 | 41 | HOA and/or Charles Vaughn and/or North Pier |
| 102 | 10 | HOA and/or Cheyenne Crossing |
| 308 | 18 | HOA and/or D. Shawn Hodges & Dawn S. |
| 307 | 23 | HOA and/or Daniel Smith |
| 105 | 5 | HOA and/or David & Denyse Kmiec |
| 101 | 20 | HOA and/or David Williams |
| 302 | 16 | HOA and/or Doug & Mary Patterson |
| 307 | 44 | HOA and/or Elizabeth & Lillie Locklear |
| 307 | 42 | HOA and/or Elizabeth & Lillie Locklear |
| 312 | 48 | HOA and/or Harold & Vonda Evans |
| 212 | 50 | HOA and/or Harold Evans & Graice Jenkins-Beatty |
| 309 | 11 | HOA and/or the Heirs of Wayne R. Hill |
| 112 | 1 | HOA and/or Jean Honeycutt |
| 112 | 51 | HOA and/or Jean Honeycutt |
| 112 | 52 | HOA and/or Jean Honeycutt |
| 312 | 2 | HOA and/or Jean Honeycutt & Margaret Augustoni |
| 312 | 9 | HOA and/or Jean Honeycutt & Margaret Augustoni |
| 109 | 48 | HOA and/or Jeffery Joyce |

- 20 -

| | | |
|---|---|---|
| 211 | 44 | HOA and/or Jeffery Joyce |
| 309 | 12 | HOA and/or Joan Jacobson |
| 111 | 43 | HOA and/or Joel Adams |
| 111 | 50 | HOA and/or Larry & Barbara Hutto |
| 312 | 8 | HOA and/or Margaret Augustoni |
| 111 | 40 | HOA and/or Michael Gore |
| 313 | 16 | HOA and/or Nancy Blackwelder |
| 208 | 11 | HOA and/or Parker & Laverne Coats |
| 108 | 10 | HOA and/or Parker & Laverne Coats |
| 108 | 40 | HOA and/or Parker & Laverne Coats |
| 313 | 49 | HOA and/or Parker & Laverne Coats |
| 308 | 41 | HOA and/or Parker & Laverne Coats |
| 111 | 36 | HOA and/or Robert & Barbara Rook |
| 205 | 29 | HOA and/or Rochelle Downing |
| 105 | 17 | HOA and/or Samuel & Mary Richardson |
| 208 | 27 | HOA and/or Sharon Keel |
| 304 | 43 | HOA and/or Sherrilynn A. Lennox |
| 210 | 44 | HOA and/or Steve Bynum |
| 109 | 24 | HOA and/or Thomas & Helen Humphrey |
| 208 | 14 | HOA and/or Thomas & Rochelle Downing & Robert |
| 209 | 48 | HOA and/or Thomas Downing |
| 109 | 27 | HOA and/or Timeshare Ventures |
| 112 | 5 | HOA and/or Tony Dixon |
| 104 | 20 | HOA and/or the unknown heirs of Tony Stewart |
| 101 | 4 | HOA and/or the unknown heirs of Tony Stewart |
| 203 | 48 | HOA and/or Warren Beatty & Gracie Jenkins-Beatty |
| 109 | 6 | HOA and/or Wynolia Apple & Nancy Best |
| 110 | 8 | HOA and/or Zoe Hilliard |

*Units in parenthesis are presumed to be owned by the Debtor but are also identified as potentially being owned by another party based on a review of real estate records and other publicly available information, as set forth in the additional classifications made a part of this Exhibit.

**EXHIBIT "B"**
**LIABILITIES**

**ADMINISTRATIVE (estimated):**

| | |
|---|---|
| David J. Haidt, Attorney Fee/Expense | $225,000.00 |
| McIntyre, Paradis, Wood and Company, LLC, CPA | $25,000.00 |
| Conversion Financial, LLC (post-petition financing) | $250,000.00 |
| **TOTAL ESTIMATED ADMINISTRATIVE CLAIMS:** | **$ 500,000.00** |

**PRIORITY:**

| | |
|---|---|
| Internal Revenue Service – POC 1 | $2,633.53 |
| North Carolina Department of Revenue – POC 3 | $306.36 |
| New Hanover County | $1,640.20 |
| New Hanover County Tax Office – POC 2 | $42,344.80 |
| **TOTAL PRIORITY:** | **$ 46,924.89** |

**SECURED:**

| | |
|---|---|
| Conversion Financial, LLC (post-petition financing) | See Administrative Claims above |
| **TOTAL SECURED CLAIMS:** | **$0.00** |

**MAINTENANCE FEE CLAIMS:**

| | |
|---|---|
| Anderson Williamson | $3.00 |
| Annie & Joseph Perry | $20.00 |
| Bobby & Gwynne Russell Trust | $18.00 |
| Cathy Brown | $762.00 |
| David & Lynn Hughes | $461.00 |
| Delores Smith, Lorie Anderson & Vincent Smith | $100.00 |
| Elizabeth Markham | $81.00 |
| Florence Sealy, Ella & Worth Kin | $5.00 |
| Gary & Judy Shepard | $87.00 |
| Grover & Barbara Davis | $561.00 |
| Henry & Hattie Campbell | $308.00 |
| Jack Rogers | $12.00 |
| James & Edith Thompson | $12.00 |
| James & Yvonne Conway | $473.00 |
| Jerren & Brooke Saunders | $675.00 |
| Johnnie & Jennifer Tabron | $2.00 |
| Judy Christiansen | $1,150.00 |
| Kathleen Turner | $423.00 |
| Kelly Wacenske | $837.00 |
| Kenneth Stolte | $37.00 |
| Leonard Pizem | $613.00 |
| Louis & Suzanne Urso | $50.00 |
| Marion & Linda Bodenstab | $67.00 |
| Michael & Roxann Woods | $12.00 |
| Nanci Wood & Richard Gushwa, Trustees | $655.00 |

| | |
|---|---|
| Nancy Blackwelder | $423.00 |
| R.T.Thornton | $813.00 |
| Robert Barfield & Eileen Ahearn | $423.00 |
| Sandra James | $423.00 |
| Susan Durham | $455.00 |
| Thomas Bradish, Jr. | $1,062.00 |
| Thomas Merrill | $426.00 |
| Timeshare Ventures | $1,794.00 |
| Timothy & Janette Midgette | $62.00 |
| William & Beverly Whitfield | $498.00 |
| William & Patricia Prescott | $90.00 |
| Willie Sivley | $423.00 |
| Wilma Saylor | $473.00 |
| Wilton & Beverly Hester | $252.00 |
| **TOTAL MAINTENANCE FEE CLAIMS:** | **$  15,041.00** |

**GENERAL UNSECURED CLAIMS:**

| | |
|---|---|
| Cannady Enterprises | $6,101.00 |
| Conversion Financial, LLC | $249,472.60 |
| John Hutchings | $124,717.00 |
| Otis Elevator Company | $6,454.30 |
| Schindler Elevator Corp. | $1,205.40 |
| Town of Carolina Beach | $8,467.80 |
| VMH & Associates, Inc. | $39,760.00 |
| VMH & Associates, Inc. | $30,000.00 |
| **TOTAL GENERAL UNSECURED CLAIMS:** | **$ 466,178.10** |
| **TOTAL LIABILITIES:** | **$1,028,143.99** |
| **TOTAL NET WORTH/LOSS:** | **<$1,016,843.35>** |

23

Exhibit B-1

| Unit/Week | Name | Maintenance fee due | Special assessment due | Amount to refund | Percentage |
|---|---|---|---|---|---|
| 101/1 | HOA | | | | 0.04579% |
| 101/2 | Melvin Herreid | | | | 0.04579% |
| 101/3 | HOA | | | | 0.04579% |
| 101/4 | HOA and/or the unknown heirs of Tony Stewart | | | | 0.04579% |
| 101/5 | HOA | | | | 0.04579% |
| 101/6 | HOA | | | | 0.04579% |
| 101/7 | Wilton DuBois & Beverly Hester (DuBois) | | | 252 | 0.04579% |
| 101/8 | Ernest & Leanna Lawson | 977 | 100 | | 0.04579% |
| 101/9 | Bedie Kinney & Bridget Smoak | | | | 0.04579% |
| 101/10 | HOA | | | | 0.04579% |
| 101/11 | HOA | | | | 0.04579% |
| 101/12 | HOA | | | | 0.04579% |
| 101/13 | HOA | | | | 0.04579% |
| 101/14 | Sandra Reed | | | | 0.04579% |
| 101/15 | Ernest L. & Sandra O. Blizzard, Jr. | 252 | 100 | | 0.04579% |
| 101/16 | HOA | | | | 0.04579% |
| 101/17 | Earnest Miller | 749 | | | 0.04579% |
| 101/18 | HOA | | | | 0.04579% |
| 101/19 | April Day | 977 | 200 | | 0.04579% |
| 101/20 | HOA and/or David Williams | | | | 0.04579% |
| 101/21 | HOA | | | | 0.04579% |
| 101/22 | HOA | | | | 0.04579% |
| 101/23 | HOA | | | | 0.04579% |
| 101/24 | Nell Stallings | 252 | 100 | | 0.04579% |
| 101/25 | HOA | | | | 0.04579% |
| 101/26 | North Pier | | | | 0.04579% |
| 101/27 | HOA | | | | 0.04579% |
| 101/28 | Charles & Joan Dunham | | | | 0.04579% |
| 101/29 | Leonard Pizem | | | 613 | 0.04579% |
| 101/30 | John & Mary Freas | | | | 0.04579% |
| 101/31 | Giuseppe & Bonnie Ravazzani | | | | 0.04579% |
| 101/32 | Martha Mangum, sole heir of Martha F. Davis (Fitzgerald) | | | | 0.04579% |
| 101/33 | HOA | | | | 0.04579% |
| 101/34 | Erma Frey | | | | 0.04579% |
| 101/35 | The unknown heirs of Thomas Patterson | 252 | 100 | | 0.04579% |
| 101/36 | HOA | | | | 0.04579% |

| ID | Name | | | % |
|---|---|---|---|---|
| 101/37 | Lonnie Hall & Valerie Wynne-Hall | | | 0.04579% |
| 101/38 | HOA | | | 0.04579% |
| 101/39 | HOA | | | 0.04579% |
| 101/40 | Gary Fuquay et al | | | 0.04579% |
| 101/41 | HOA | | | 0.04579% |
| 101/42 | Francis & Gary Mileski | | 253 | 0.04579% |
| 101/43 | HOA | | | 0.04579% |
| 101/44 | Jeanette H. Laton | 200 | 977 | 0.04579% |
| 101/45 | HOA | | | 0.04579% |
| 101/46 | Carlos & Rosemary Pena | | | 0.04579% |
| 101/47 | Jon & Jo Ann Olson | | 252 | 0.04579% |
| 101/48 | Stephen & Anita Jordan | 100 | 977 | 0.04579% |
| 101/49 | HOA | | | 0.04579% |
| 101/50 | HOA | | | 0.04579% |
| 101/51 | HOA | | | 0.04579% |
| 101/52 | The unknown heirs of Richard & Cheryl Skiff | 200 | 2,113 | 0.04579% |
| 102/1 | HOA | | | 0.04579% |
| 102/2 | HOA | | | 0.04579% |
| 102/3 | HOA | | | 0.04579% |
| 102/4 | Glenn D. Armwood & Gwendolyn L. Davis (Bowman) | 100 | 252 | 0.04579% |
| 102/5 | HOA | | | 0.04579% |
| 102/6 | HOA | | | 0.04579% |
| 102/7 | Addison & Keneath Coleman | | | 0.04579% |
| 102/8 | HOA | | | 0.04579% |
| 102/9 | HOA | | | 0.04579% |
| 102/10 | HOA and/or Cheyenne Crossing | | | 0.04579% |
| 102/11 | HOA | | | 0.04579% |
| 102/12 | Mark O'Donnell & Mary Haigler | | | 0.04579% |
| 102/13 | Timothy & Brenda Crisco | 200 | 2,113 | 0.04579% |
| 102/14 | Frank & JoAnn Pettiford | 100 | 252 | 0.04579% |
| 102/15 | Charles Moses | | | 0.04579% |
| 102/16 | HOA | | | 0.04579% |
| 102/17 | Mary Anne E. Simon | | | 0.04579% |
| 102/18 | Shawn Patrick | 100 | 252 | 0.04579% |
| 102/19 | Ricky Moore | | 252 | 0.04579% |
| 102/20 | HOA | | | 0.04579% |
| 102/21 | HOA | | | 0.04579% |

| ID | Name | | | | Percent |
|---|---|---|---|---|---|
| 102/22 | David & Lyn Hughes | | | 461 | 0.04579% |
| 102/23 | Shelby Fox | 252 | 200 | | 0.04579% |
| 102/24 | Paula Leonardo | 1,552 | 350 | | 0.04579% |
| 102/25 | Charles Nowling | 252 | | | 0.04579% |
| 102/26 | North Pier | 252 | | | 0.04579% |
| 102/27 | Mazie Lester | 252 | | | 0.04579% |
| 102/28 | Kimberley Garrett | 252 | | | 0.04579% |
| 102/29 | North Pier | | | | 0.04579% |
| 102/30 | Jamie & Karen Woodard | 1,824 | | | 0.04579% |
| 102/31 | Alicia Beaton | 252 | | | 0.04579% |
| 102/32 | Timeshare Ventures | | | | 0.04579% |
| 102/33 | HOA | | | | 0.04579% |
| 102/34 | John J. Clark, Jr. | | | | 0.04579% |
| 102/35 | Donna Vitale | 252 | 100 | | 0.04579% |
| 102/36 | Michael & Connie Rowley | | | | 0.04579% |
| 102/37 | Kiyoko Wilson | 202 | 100 | | 0.04579% |
| 102/38 | HOA | | | | 0.04579% |
| 102/39 | HOA and/or Charles Simmons | | | | 0.04579% |
| 102/40 | The unknown heirs of Grace Oldham | 2,127 | 200 | | 0.04579% |
| 102/41 | Christopher & Shelia White | 252 | 100 | | 0.04579% |
| 102/42 | HOA | | | | 0.04579% |
| 102/43 | Julia Manning | 1,552 | 200 | | 0.04579% |
| 102/44 | Cleophus & Ethel Daniel | | | | 0.04579% |
| 102/45 | HOA | | | | 0.04579% |
| 102/46 | James Steck | 108 | | | 0.04579% |
| 102/47 | HOA | | | | 0.04579% |
| 102/48 | Geneane Marshall | 1,952 | 200 | | 0.04579% |
| 102/49 | HOA | | | | 0.04579% |
| 102/50 | HOA | | | | 0.04579% |
| 102/51 | HOA | | | | 0.04579% |
| 102/52 | Ira & Rebecca Fenimore | | | | 0.04579% |
| | | | | | |
| 103/1 | HOA | | | | 0.04579% |
| 103/2 | Dee Dinsdale | 977 | 200 | | 0.04579% |
| 103/3 | The unknown heirs of Cheryl Blejski | 977 | 100 | | 0.04579% |
| 103/4 | Anthony & Pamelia Roberts | | | | 0.04579% |
| 103/5 | HOA | | | | 0.04579% |
| 103/6 | HOA | | | | 0.04579% |

| Unit | Name | | | | % |
|---|---|---|---|---|---|
| 103/7 | HOA | | | | 0.04579% |
| 103/8 | HOA | | | | 0.04579% |
| 103/9 | HOA | | | | 0.04579% |
| 103/10 | HOA and/or North Pier | | | | 0.04579% |
| 103/11 | HOA | | | | 0.04579% |
| 103/12 | HOA | | | | 0.04579% |
| 103/13 | Julianna Gher (Brown) | | | | 0.04579% |
| 103/14 | HOA | | | | 0.04579% |
| 103/15 | HOA | | | | 0.04579% |
| 103/16 | Jason Faulkner | | | | 0.04579% |
| 103/17 | HOA | | | | 0.04579% |
| 103/18 | HOA | | | | 0.04579% |
| 103/19 | HOA | | | | 0.04579% |
| 103/20 | Heirs of Julian & Mary Helms (Kenneth Helms) | 252 | | | 0.04579% |
| 103/21 | HOA | | | | 0.04579% |
| 103/22 | HOA | | | | 0.04579% |
| 103/23 | HOA | | | | 0.04579% |
| 103/24 | HOA | | | | 0.04579% |
| 103/25 | Barbara Pettiford | 1,552 | 200 | | 0.04579% |
| 103/26 | John & Mavis Williams | 813 | 100 | | 0.04579% |
| 103/27 | Marvis Hiner & Renee Faircloth | | | | 0.04579% |
| 103/28 | Timeshare Ventures | | | | 0.04579% |
| 103/29 | Andrea Wiley | 2,158 | 200 | | 0.04579% |
| 103/30 | Anthony & Pamela Peters | 6 | | | 0.04579% |
| 103/31 | North Pier | 1,035 | | | 0.04579% |
| 103/32 | Timeshare Ventures | | | 59 | 0.04579% |
| 103/33 | HOA | | | | 0.04579% |
| 103/34 | Mary Gurley | 252 | 100 | | 0.04579% |
| 103/35 | Walter McCoy | 252 | 100 | | 0.04579% |
| 103/36 | HOA | | | | 0.04579% |
| 103/37 | HOA and/or North Pier | | | | 0.04579% |
| 103/38 | Barry & Cynthia Graves | | | | 0.04579% |
| 103/39 | Walter & Kelly Keller | 1,538 | 200 | | 0.04579% |
| 103/40 | Josef Strasser | | | | 0.04579% |
| 103/41 | Leos De Angury | | | | 0.04579% |
| 103/42 | HOA | | | | 0.04579% |
| 103/43 | HOA | | | | 0.04579% |
| 103/44 | HOA | | | | 0.04579% |

| | | | | | |
|---|---|---|---|---|---|
| 103/45 | Geraldine Bloodworth | 2,616 | 350 | | 0.04579% |
| 103/46 | Marie Russ | 252 | | | 0.04579% |
| 103/47 | HOA | | | | 0.04579% |
| 103/48 | HOA | | | | 0.04579% |
| 103/49 | HOA | | | | 0.04579% |
| 103/50 | HOA | | | | 0.04579% |
| 103/51 | HOA | | | | 0.04579% |
| 103/52 | HOA | | | | 0.04579% |
| | | | | | |
| 104/1 | Larry & LaDonna Hauser | | | | 0.04579% |
| 104/2 | HOA | | | | 0.04579% |
| 104/3 | Luther & Devony Webster and/or Harold Hickerson | | | | 0.04579% |
| 104/4 | HOA | | | | 0.04579% |
| 104/5 | HOA | | | | 0.04579% |
| 104/6 | HOA | | | | 0.04579% |
| 104/7 | HOA | | | | 0.04579% |
| 104/8 | HOA | | | | 0.04579% |
| 104/9 | HOA | | | | 0.04579% |
| 104/10 | Jimmy & Deborah Sox | 2,127 | 200 | | 0.04579% |
| 104/11 | HOA | | | | 0.04579% |
| 104/12 | HOA | | | | 0.04579% |
| 104/13 | HOA | | | | 0.04579% |
| 104/14 | HOA | | | | 0.04579% |
| 104/15 | Kay Creech | 252 | | | 0.04579% |
| 104/16 | William & Beverly Whitfield | | | 498 | 0.04579% |
| 104/17 | Michael & Margaret Russell | | | | 0.04579% |
| 104/18 | HOA | | | | 0.04579% |
| 104/19 | HOA | | | | 0.04579% |
| 104/20 | HOA and/or Tony Stewart | | | | 0.04579% |
| 104/21 | Wendy Zimmer | 252 | 100 | | 0.04579% |
| 104/22 | HOA | | | | 0.04579% |
| 104/23 | HOA | | | | 0.04579% |
| 104/24 | Sue Link Seymour | | | | 0.04579% |
| 104/25 | HOA | | | | 0.04579% |
| 104/26 | Terri Erne | 252 | 100 | | 0.04579% |
| 104/27 | Timeshare Ventures | 3 | | | 0.04579% |
| 104/28 | Timeshare Ventures | | | | 0.04579% |
| 104/29 | Dennis & Sue Seymour | | | | 0.04579% |

| ID | Name | Value 1 | Value 2 | Percentage |
|---|---|---|---|---|
| 104/30 | Timeshare Ventures | | | 0.04579% |
| 104/31 | Timeshare Ventures | | | 0.04579% |
| 104/32 | HOA and/or North Pier | | | 0.04579% |
| 104/33 | HOA | | | 0.04579% |
| 104/34 | Wendy Zimmer | 252 | 100 | 0.04579% |
| 104/35 | John & Teresa Payne | | | 0.04579% |
| 104/36 | Jefferson Revocable Living Trust | 977 | 200 | 0.04579% |
| 104/37 | Kim Daurity | 252 | | 0.04579% |
| 104/38 | HOA | | | 0.04579% |
| 104/39 | Betty Jo Phelps | 977 | 100 | 0.04579% |
| 104/40 | HOA | | | 0.04579% |
| 104/41 | HOA | | | 0.04579% |
| 104/42 | HOA | | | 0.04579% |
| 104/43 | HOA | | | 0.04579% |
| 104/44 | HOA | | | 0.04579% |
| 104/45 | HOA and/or North Pier | | | 0.04579% |
| 104/46 | HOA | | | 0.04579% |
| 104/47 | HOA | | | 0.04579% |
| 104/48 | HOA | | | 0.04579% |
| 104/49 | Gerald E. & Stella M. Walch, Jr. | 977 | 200 | 0.04579% |
| 104/50 | HOA | | | 0.04579% |
| 104/51 | HOA | | | 0.04579% |
| 104/52 | HOA | | | 0.04579% |
| 105/1 | HOA | | | 0.04579% |
| 105/2 | HOA | | | 0.04579% |
| 105/3 | HOA | | | 0.04579% |
| 105/4 | HOA | | | 0.04579% |
| 105/5 | HOA and/or David & Denyse Kmiec | | | 0.04579% |
| 105/6 | HOA | | | 0.04579% |
| 105/7 | HOA | | | 0.04579% |
| 105/8 | HOA | | | 0.04579% |
| 105/9 | HOA | | | 0.04579% |
| 105/10 | HOA | | | 0.04579% |
| 105/11 | HOA | | | 0.04579% |
| 105/12 | HOA | | | 0.04579% |
| 105/13 | Mary Smith & AnnaMarie Sabin-Llewellyn | 727 | 100 | 0.04579% |
| 105/14 | HOA | | | 0.04579% |

| ID | Name | | | | | % |
|---|---|---|---|---|---|---|
| 105/15 | HOA | | | | | 0.04579% |
| 105/16 | HOA | | | | | 0.04579% |
| 105/17 | HOA and/or Samuel & Mary Richardson | | | | | 0.04579% |
| 105/18 | HOA | | | | | 0.04579% |
| 105/19 | James G. Conway & Yvonne C. Rabeler (Conway) | | | | 473 | 0.04579% |
| 105/20 | Robert M. & Sandra I. Floyd Jr. | | 252 | | | 0.04579% |
| 105/21 | Raymond & Shirley Winstead | | 252 | 100 | | 0.04579% |
| 105/22 | Noel Thompson | | 245 | 100 | | 0.04579% |
| 105/23 | HOA | | | | | 0.04579% |
| 105/24 | William S. Storke Trust | | 252 | 100 | | 0.04579% |
| 105/25 | HOA | | | | | 0.04579% |
| 105/26 | Timeshare Ventures | | | | | 0.04579% |
| 105/27 | Marshall & Louise Nixon | | | | | 0.04579% |
| 105/28 | HOA | | | | | 0.04579% |
| 105/29 | Amy & Ashley Hill | | 725 | 200 | | 0.04579% |
| 105/30 | HOA | | | | | 0.04579% |
| 105/31 | HOA | | | | | 0.04579% |
| 105/32 | Timeshare Ventures | | | | 461 | 0.04579% |
| 105/33 | William & Ruth Alford | | | | | 0.04579% |
| 105/34 | HOA | | | | | 0.04579% |
| 105/35 | HOA | | | | | 0.04579% |
| 105/36 | Stuart & Cathy Hair | | | | | 0.04579% |
| 105/37 | HOA | | | | | 0.04579% |
| 105/38 | Amy Gable | | | | | 0.04579% |
| 105/39 | HOA | | | | | 0.04579% |
| 105/40 | HOA | | | | | 0.04579% |
| 105/41 | Palm Coast Marketing | | 2,688 | 200 | | 0.04579% |
| 105/42 | HOA | | | | | 0.04579% |
| 105/43 | June Alls | | 252 | | | 0.04579% |
| 105/44 | Dale & Wanda Moore | | | | | 0.04579% |
| 105/45 | Charles & Melva Pridgen | | | | | 0.04579% |
| 105/46 | Jean Shirley | | 252 | 100 | | 0.04579% |
| 105/47 | HOA | | | | | 0.04579% |
| 105/48 | Richard Turner | | 791 | 200 | | 0.04579% |
| 105/49 | HOA | | | | | 0.04579% |
| 105/50 | (Rita) Elaine C. Thomas (Webb) | 252 from Webb | | | | 0.04579% |
| 105/51 | Paula Smiley | | | | | 0.04579% |
| 105/52 | Victor Odland | | 252 | 100 | | 0.04579% |

| ID | Name | | | | | | % |
|---|---|---|---|---|---|---|---|
| 107/20 | ?? | | | | | | 0.04579% |
| | | | | | | | |
| 108/1 | Rufus & Gatha Rowell | | 213 | | | | 0.04579% |
| 108/2 | North Pier | | | | | | 0.04579% |
| 108/3 | HOA | | | | | | 0.04579% |
| 108/4 | HOA | | | | | | 0.04579% |
| 108/5 | HOA | | | | | | 0.04579% |
| 108/6 | HOA | | | | | | 0.04579% |
| 108/7 | HOA | | | | | | 0.04579% |
| 108/8 | Cherie Smith | | | | | | 0.04579% |
| 108/9 | HOA | | | | | | 0.04579% |
| 108/10 | HOA and/or Parker & Laverne Coats | | | | | | 0.04579% |
| 108/11 | HOA | | | | | | 0.04579% |
| 108/12 | HOA and/or North Pier | | | | | | 0.04579% |
| 108/13 | Richard Sessoms & Summer Lange | | | | | | 0.04579% |
| 108/14 | HOA | | | | | | 0.04579% |
| 108/15 | HOA | | | | | | 0.04579% |
| 108/16 | HOA | | | | | | 0.04579% |
| 108/17 | HOA | | | | | | 0.04579% |
| 108/18 | Bobby & Gwynell Russell Trust | | | | | 18 | 0.04579% |
| 108/19 | HOA | | | | | | 0.04579% |
| 108/20 | SL Pryor | | | | | | 0.04579% |
| 108/21 | Marion & Linda Bodenstab | | | | | 67 | 0.04579% |
| 108/22 | HOA | | | | | | 0.04579% |
| 108/23 | HOA from Arthur Rooks | 1,488 from Rooks | | 100 from Rooks | | | 0.04579% |
| 108/24 | HOA | | | | | | 0.04579% |
| 108/25 | Paul & Gloria Parker | | | | | | 0.04579% |
| 108/26 | Roger & Mary Wearins | | | | | | 0.04579% |
| 108/27 | Timeshare Ventures | | | | | | 0.04579% |
| 108/28 | Timeshare Ventures | | | | | | 0.04579% |
| 108/29 | Dwight C. Storke | | | | | | 0.04579% |
| 108/30 | Richard Boyd & Carolyn Eakes | | 1,488 | | 100 | | 0.04579% |
| 108/31 | Richard Park et al | | | | | | 0.04579% |
| 108/32 | Alfred & Annie Falzone | | | | | | 0.04579% |
| 108/33 | Betty Smith | | | | | | 0.04579% |
| 108/34 | Jeffery & Alicia Schatz | | | | | | 0.04579% |
| 108/35 | HOA | | | | | | 0.04579% |

| ID | Name | | | | % |
|---|---|---|---|---|---|
| 108/36 | Timothy & Janette Midgette | | | 62 | 0.04579% |
| 108/37 | Luther & Jane Holder | | | | 0.04579% |
| 108/38 | HOA | | | | 0.04579% |
| 108/39 | HOA | | | | 0.04579% |
| 108/40 | HOA and/or Parker & Laverne Coats | | | | 0.04579% |
| 108/41 | John & Michele Clancy | | | | 0.04579% |
| 108/42 | HOA | | | | 0.04579% |
| 108/43 | HOA | | | | 0.04579% |
| 108/44 | HOA | | | | 0.04579% |
| 108/45 | Shawn Caldwell & Shelia Burnette | 2,788 | 200 | | 0.04579% |
| 108/46 | HOA | | | | 0.04579% |
| 108/47 | The unknown heirs of Noley Harvell | 3,363 | 200 | | 0.04579% |
| 108/48 | HOA | | | | 0.04579% |
| 108/49 | HOA | | | | 0.04579% |
| 108/50 | North Pier | | | | 0.04579% |
| 108/51 | North Pier | | | | 0.04579% |
| 108/52 | The unknown heirs of Nellie Schluth | 988 | | | 0.04579% |
| 109/1 | North Pier | | | | 0.04579% |
| 109/2 | HOA | | | | 0.04579% |
| 109/3 | HOA | | | | 0.04579% |
| 109/4 | HOA | | | | 0.04579% |
| 109/5 | HOA | | | | 0.04579% |
| 109/6 | HOA and/or Wynolia Apple & Nancy Best | | | | 0.04579% |
| 109/7 | HOA | | | | 0.04579% |
| 109/8 | Cedric & Cynthia Dunn | | | | 0.04579% |
| 109/9 | HOA | | | | 0.04579% |
| 109/10 | HOA | | | | 0.04579% |
| 109/11 | HOA | | | | 0.04579% |
| 109/12 | HOA | | | | 0.04579% |
| 109/13 | Diego & Claudia Martinez | | | | 0.04579% |
| 109/14 | HOA | | | | 0.04579% |
| 109/15 | John & Tina Stainer | | | | 0.04579% |
| 109/16 | HOA | | | | 0.04579% |
| 109/17 | Tamara Seagraves | | | | 0.04579% |
| 109/18 | HOA | | | | 0.04579% |
| 109/19 | Don & Debbie Severt | 3,852 | 200 | | 0.04579% |
| 109/20 | Michael & Sheila Hawks | | | | 0.04579% |

| | | | | |
|---|---|---|---|---|
| 109/21 | Elizabeth Osborne | | | 0.04579% |
| 109/22 | HOA | | | 0.04579% |
| 109/23 | HOA | | | 0.04579% |
| 109/24 | HOA and/or Thomas & Helen Humphrey | | | 0.04579% |
| 109/25 | Don & Debbie Severt | 3,363 | 200 | 0.04579% |
| 109/26 | Pamela Thornton | | | 0.04579% |
| 109/27 | HOA and/or Timeshare Ventures | | | 0.04579% |
| 109/28 | Kim Hirchak & Kim Miller | | | 0.04579% |
| 109/29 | Mary Hansen | | | 0.04579% |
| 109/30 | Scott & Julie Bisgaard | | | 0.04579% |
| 109/31 | Kevin & Gina Horne | | | 0.04579% |
| 109/32 | Timeshare Ventures | 3 | | 0.04579% |
| 109/33 | HOA and/or North Pier | | | 0.04579% |
| 109/34 | Donnie & Alice Hooker | | | 0.04579% |
| 109/35 | HOA | | | 0.04579% |
| 109/36 | Thomas & Judy Edwards | | | 0.04579% |
| 109/37 | Shonnette Denise Grantham (Carraway) | | | 0.04579% |
| 109/38 | HOA | | | 0.04579% |
| 109/39 | HOA | | | 0.04579% |
| 109/40 | HOA | | | 0.04579% |
| 109/41 | HOA | | | 0.04579% |
| 109/42 | Bethann Duffy | | | 0.04579% |
| 109/43 | HOA | | | 0.04579% |
| 109/44 | HOA | | | 0.04579% |
| 109/45 | HOA | | | 0.04579% |
| 109/46 | HOA | | | 0.04579% |
| 109/47 | HOA | | | 0.04579% |
| 109/48 | HOA and/or Jeffery Joyce | | | 0.04579% |
| 109/49 | HOA | | | 0.04579% |
| 109/50 | HOA | | | 0.04579% |
| 109/51 | North Pier | | | 0.04579% |
| 109/52 | North Pier | | | 0.04579% |
| 110/1 | HOA | | | 0.04579% |
| 110/2 | HOA | | | 0.04579% |
| 110/3 | HOA | | | 0.04579% |
| 110/4 | HOA | | | 0.04579% |
| 110/5 | HOA | | | 0.04579% |

| | | | | | |
|---|---|---|---|---|---|
| 110/6 | HOA | | | | 0.04579% |
| 110/7 | HOA | | | | 0.04579% |
| 110/8 | HOA and/or Zoe Hilliard | | | | 0.04579% |
| 110/9 | Fred & Helen W. Mason, Jr. | | | | 0.04579% |
| 110/10 | HOA | | | | 0.04579% |
| 110/11 | North Pier | | | | 0.04579% |
| 110/12 | HOA | | | | 0.04579% |
| 110/13 | HOA | | | | 0.04579% |
| 110/14 | HOA | | | | 0.04579% |
| 110/15 | HOA | | | | 0.04579% |
| 110/16 | Ollie & Annie Gainer | | | | 0.04579% |
| 110/17 | William & Diane Smith, Jr. | 2,874 | 200 | | 0.04579% |
| 110/18 | HOA | | | | 0.04579% |
| 110/19 | HOA | | | | 0.04579% |
| 110/20 | HOA | | | | 0.04579% |
| 110/21 | HOA | | | | 0.04579% |
| 110/22 | Danny D. Bonds & Laura Bryant | 1,488 | 100 | | 0.04579% |
| 110/23 | Allan E. Johnson | | | | 0.04579% |
| 110/24 | HOA | | | | 0.04579% |
| 110/25 | Wyatte R. Sherron | | | | 0.04579% |
| 110/26 | Charles E. & Leticia McNeal | | | | 0.04579% |
| 110/27 | Susan E. Hardison | | | | 0.04579% |
| 110/28 | John & Caroline White | | | | 0.04579% |
| 110/29 | Gary D. & JoAnne H. Williams | | | | 0.04579% |
| 110/30 | Timeshare Ventures from Flora Horne | 813 from Horne | | | 0.04579% |
| 110/31 | Raymond T. & Shirley E. Winstead | | | | 0.04579% |
| 110/32 | Marshall R. & Jeanie Y. Kornegay, Jr. | | | | 0.04579% |
| 110/33 | HOA | | | | 0.04579% |
| 110/34 | HOA | | | | 0.04579% |
| 110/35 | Linda M. Lewis-Giles | | | | 0.04579% |
| 110/36 | HOA | | | | 0.04579% |
| 110/37 | Harold E. & Sherry S. Hartley | | | | 0.04579% |
| 110/38 | Jimmy & Barbara Teston | | | | 0.04579% |
| 110/39 | Ernie L. & Hsiao Y. Moore | | | | 0.04579% |
| 110/40 | HOA | | | | 0.04579% |
| 110/41 | HOA | | | | 0.04579% |
| 110/42 | HOA | | | | 0.04579% |
| 110/43 | HOA | | | | 0.04579% |

| | | | | | |
|---|---|---|---|---|---|
| 110/44 | HOA | | | | 0.04579% |
| 110/45 | Vester B. & Brenda C. Strickland | | | | 0.04579% |
| 110/46 | HOA | | | | 0.04579% |
| 110/47 | HOA and/or North Pier | | | | 0.04579% |
| 110/48 | HOA and/or North Pier | | | | 0.04579% |
| 110/49 | William M. & Barbara J. Toney | | | | 0.04579% |
| 110/50 | HOA | | | | 0.04579% |
| 110/51 | HOA | | | | 0.04579% |
| 110/52 | HOA | | | | 0.04579% |
| | | | | | |
| 111/1 | HOA | | | | 0.04579% |
| 111/2 | HOA | | | | 0.04579% |
| 111/3 | HOA | | | | 0.04579% |
| 111/4 | North Pier | | | | 0.04579% |
| 111/5 | HOA | | | | 0.04579% |
| 111/6 | William D. & Adina S. Burkette | | | | 0.04579% |
| 111/7 | HOA | | | | 0.04579% |
| 111/8 | Carlene B. Wikerson | | | | 0.04579% |
| 111/9 | HOA | | | | 0.04579% |
| 111/10 | Larue Larue Poole | 3,363 | 200 | | 0.04579% |
| 111/11 | HOA | | | | 0.04579% |
| 111/12 | HOA | | | | 0.04579% |
| 111/13 | Ivy I. Brothers | | | | 0.04579% |
| 111/14 | Pamela Floyd | | | | 0.04579% |
| 111/15 | HOA | | | | 0.04579% |
| 111/16 | James & Bonda Williams | | | | 0.04579% |
| 111/17 | North Pier | | | | 0.04579% |
| 111/18 | HOA | | | | 0.04579% |
| 111/19 | HOA | | | | 0.04579% |
| 111/20 | HOA | | | | 0.04579% |
| 111/21 | Rebecca L. Muse | | | | 0.04579% |
| 111/22 | James N. & Debra K. Vincent, Sr. | | | | 0.04579% |
| 111/23 | Robert L. & Barbara P. Rook | 2,213 | 200 | | 0.04579% |
| 111/24 | The unknown heirs of Faye Partin | 935 | 200 | | 0.04579% |
| 111/25 | The unknown heirs of Faye Partin | 793 | 100 | | 0.04579% |
| 111/26 | Ricky & Patricia K. White | 1,488 | 100 | | 0.04579% |
| 111/27 | Timeshare Ventures | | | | 0.04579% |
| 111/28 | Billy W. Richardson | | | | 0.04579% |

| | | | | |
|---|---|---|---|---|
| 111/29 | Henry Wayne Jeffcoat & Glenda W. (Lyttle) | | | 0.04579% |
| 111/30 | Katherine Joyce McKinney | | | 0.04579% |
| 111/31 | Joshua & Amanda Myers | | | 0.04579% |
| 111/32 | HOA | | | 0.04579% |
| 111/33 | Joe Chester Lambert | | | 0.04579% |
| 111/34 | James P. & Diane Shaw | | | 0.04579% |
| 111/35 | HOA | | | 0.04579% |
| 111/36 | HOA and/or Robert & Barbara Rook | | | 0.04579% |
| 111/37 | HOA | | | 0.04579% |
| 111/38 | Marilyn M. Parker | | | 0.04579% |
| 111/39 | Edgar & Dolores R. Banks | 3,852 | 300 | 0.04579% |
| 111/40 | HOA and/or Michael Gore | | | 0.04579% |
| 111/41 | HOA | | | 0.04579% |
| 111/42 | HOA | | | 0.04579% |
| 111/43 | HOA and/or Joel Adams | | | 0.04579% |
| 111/44 | HOA | | | 0.04579% |
| 111/45 | HOA | | | 0.04579% |
| 111/46 | North Pier | | | 0.04579% |
| 111/47 | North Pier | | | 0.04579% |
| 111/48 | HOA | | | 0.04579% |
| 111/49 | HOA | | | 0.04579% |
| 111/50 | HOA and/or Larry & Barbara Hutto | | | 0.04579% |
| 111/51 | HOA | | | 0.04579% |
| 111/52 | HOA | | | 0.04579% |
| | | | | |
| 112/1 | HOA and/or Jean Honeycutt | | | 0.04579% |
| 112/2 | HOA | | | 0.04579% |
| 112/3 | HOA | | | 0.04579% |
| 112/4 | North Pier | | | 0.04579% |
| 112/5 | HOA and/or Tony Dixon | | | 0.04579% |
| 112/6 | HOA | | | 0.04579% |
| 112/7 | HOA | | | 0.04579% |
| 112/8 | HOA | | | 0.04579% |
| 112/9 | North Pier | | | 0.04579% |
| 112/10 | Robert O. Faison | 3,213 | 200 | 0.04579% |
| 112/11 | HOA | | | 0.04579% |
| 112/12 | James P. & Laurene Howington | 2,113 | 100 | 0.04579% |
| 112/13 | Steven C. & Donna C. Kesler | | | 0.04579% |

| Unit | Name | | | | Percentage |
|---|---|---|---|---|---|
| 112/14 | Mark A. & Beth LeVigne | | | | 0.04579% |
| 112/15 | HOA | | | | 0.04579% |
| 112/16 | Clementine F. Trotter | | | | 0.04579% |
| 112/17 | HOA | | | | 0.04579% |
| 112/18 | HOA | | | | 0.04579% |
| 112/19 | Marjorie R. Garner | 1,488 | 100 | | 0.04579% |
| 112/20 | HOA | | | | 0.04579% |
| 112/21 | HOA | | | | 0.04579% |
| 112/22 | Anderson Wiley Williamson | | | 3 | 0.04579% |
| 112/23 | David & Christine Hobbs | | | | 0.04579% |
| 112/24 | Amber Jackson | | | | 0.04579% |
| 112/25 | BMB Associates | | | | 0.04579% |
| 112/26 | Timeshare Ventures | | | | 0.04579% |
| 112/27 | David H. & Evelyn D. Godwin | | | | 0.04579% |
| 112/28 | Charlotte A. Howard | | | | 0.04579% |
| 112/29 | Donald R. & Evelyn M. Rogers | | | | 0.04579% |
| 112/30 | Timeshare Ventures | | | 813 | 0.04579% |
| 112/31 | R. Bruce & Jacquie Ramsay | | | | 0.04579% |
| 112/32 | Bryan K. & Wanda B. Southard | | | | 0.04579% |
| 112/33 | Beth Cartwright | 1,488 | 100 | | 0.04579% |
| 112/34 | HOA | | | | 0.04579% |
| 112/35 | Beth Cartwright | 1,488 | 100 | | 0.04579% |
| 112/36 | HOA | | | | 0.04579% |
| 112/37 | HOA | | | | 0.04579% |
| 112/38 | Curtis & Vicki Wieler | | | | 0.04579% |
| 112/39 | HOA and/or North Pier | | | | 0.04579% |
| 112/40 | Jose Cuevas Living Trust | | | | 0.04579% |
| 112/41 | HOA | | | | 0.04579% |
| 112/42 | HOA | | | | 0.04579% |
| 112/43 | HOA | | | | 0.04579% |
| 112/44 | HOA | | | | 0.04579% |
| 112/45 | HOA | | | | 0.04579% |
| 112/46 | HOA | | | | 0.04579% |
| 112/47 | HOA | | | | 0.04579% |
| 112/48 | HOA | | | | 0.04579% |
| 112/49 | HOA | | | | 0.04579% |
| 112/50 | HOA | | | | 0.04579% |
| 112/51 | HOA and/or Jean Honeycutt | | | | 0.04579% |

| | | | | | |
|---|---|---|---|---|---|
| 112/52 | HOA and/or Jean Honeycutt | | | | 0.04579% |
| 113/1 | North Pier | | | | 0.04579% |
| 113/2 | HOA | | | | 0.04579% |
| 113/3 | HOA | | | | 0.04579% |
| 113/4 | North Pier | | | | 0.04579% |
| 113/5 | HOA | | | | 0.04579% |
| 113/6 | HOA | | | | 0.04579% |
| 113/7 | HOA | | | | 0.04579% |
| 113/8 | HOA | | | | 0.04579% |
| 113/9 | HOA | | | | 0.04579% |
| 113/10 | HOA | | | | 0.04579% |
| 113/11 | HOA | | | | 0.04579% |
| 113/12 | HOA | | | | 0.04579% |
| 113/13 | HOA | | | | 0.04579% |
| 113/14 | James L. Waldrop, III | | | | 0.04579% |
| 113/15 | HOA | | | | 0.04579% |
| 113/16 | HOA | | | | 0.04579% |
| 113/17 | HOA | | | | 0.04579% |
| 113/18 | Sabrina Soyars | | | | 0.04579% |
| 113/19 | HOA | | | | 0.04579% |
| 113/20 | HOA | | | | 0.04579% |
| 113/21 | Thomas Bradish, Jr. | 1,062 | | | 0.04579% |
| 113/22 | Joseph M. & Sherri R. Ross | | | | 0.04579% |
| 113/23 | Donald L. & Linda M. Kurtz, Jr. | | | | 0.04579% |
| 113/24 | Tony E. & Laura Rogers | | 200 | 3,203 | 0.04579% |
| 113/25 | Lisa G. Gower | | | | 0.04579% |
| 113/26 | Shirley Diane Stanley | | | | 0.04579% |
| 113/27 | Mark A. & Frankie K. Durham | | 100 | 1,488 | 0.04579% |
| 113/28 | Timeshare Ventures | | | 3 | 0.04579% |
| 113/29 | Charles C. & Connie A. Tacia, Jr. | | | | 0.04579% |
| 113/30 | The unknown heirs of Thomas Patterson | | | 583 | 0.04579% |
| 113/31 | Cathie & Stephen Hart | | | | 0.04579% |
| 113/32 | Raymond Swinson, Jr. | | 200 | 2,788 | 0.04579% |
| 113/33 | William Stephen & Beverly M. Head | | | | 0.04579% |
| 113/34 | HOA | | | | 0.04579% |
| 113/35 | Johnnie C. Coffin | | | | 0.04579% |
| 113/36 | Gary W. & Maxine B.  Perdue | | | | 0.04579% |

| ID | Name | Amount | | | Percentage |
|---|---|---|---|---|---|
| 113/37 | HOA | | | | 0.04579% |
| 113/38 | HOA | | | | 0.04579% |
| 113/39 | Michael & Roxann Woods | | | 12 | 0.04579% |
| 113/40 | HOA | | | | 0.04579% |
| 113/41 | Lavina Combs | | | | 0.04579% |
| 113/42 | HOA | | | | 0.04579% |
| 113/43 | North Pier | | | | 0.04579% |
| 113/44 | Rosa W. Jeffers & Ruby J. Regenhardt | 2,213 | 100 | | 0.04579% |
| 113/45 | HOA and/or North Pier | | | | 0.04579% |
| 113/46 | HOA | | | | 0.04579% |
| 113/47 | North Pier | | | | 0.04579% |
| 113/48 | Willie Bernita Baker | 813 | | | 0.04579% |
| 113/49 | HOA | | | | 0.04579% |
| 113/50 | HOA | | | | 0.04579% |
| 113/51 | North Pier | | | | 0.04579% |
| 113/52 | North Pier | | | | 0.04579% |
| 201/1 | HOA | | | | 0.04579% |
| 201/2 | HOA | | | | 0.04579% |
| 201/3 | HOA | | | | 0.04579% |
| 201/4 | HOA | | | | 0.04579% |
| 201/5 | HOA | | | | 0.04579% |
| 201/6 | Phillip C. & Angela M. Daniels | 252 | | | 0.04579% |
| 201/7 | Jonathan Edward & Kelly S. Bennie | | | | 0.04579% |
| 201/8 | Rebecca A. & Sid L. Drenner | 252 | | | 0.04579% |
| 201/9 | HOA | | | | 0.04579% |
| 201/10 | HOA | | | | 0.04579% |
| 201/11 | HOA | | | | 0.04579% |
| 201/12 | HOA | | | | 0.04579% |
| 201/13 | HOA | | | | 0.04579% |
| 201/14 | Tony Dixon | 825 | 200 | | 0.04579% |
| 201/15 | HOA | | | | 0.04579% |
| 201/16 | HOA and/or North Pier | | | | 0.04579% |
| 201/17 | Robert H. Morris | | | | 0.04579% |
| 201/18 | HOA | | | | 0.04579% |
| 201/19 | Alexander N. & Laurie C. Pelliccio, Jr. | 252 | 100 | | 0.04579% |
| 201/20 | HOA | | | | 0.04579% |
| 201/21 | HOA | | | | 0.04579% |

| ID | Name | | | | % |
|---|---|---|---|---|---|
| 201/22 | William & Sherry Campbell | 252 | | | 0.04579% |
| 201/23 | HOA | | | | 0.04579% |
| 201/24 | Richard & Kristina Hall | | | | 0.04579% |
| 201/25 | Richard & Kristina Hall | | | | 0.04579% |
| 201/26 | Riley P. & Karen A. Crawford, Jr. | | | | 0.04579% |
| 201/27 | James N. & Edith S. Thompson | | | 12 | 0.04579% |
| 201/28 | Sidney L. & Peggy S. Woody | 252 | 200 | | 0.04579% |
| 201/29 | Jimmy & Deborah Sox | 927 | 100 | | 0.04579% |
| 201/30 | Cheston & Christie Lane | 252 | 100 | | 0.04579% |
| 201/31 | HOA | | | | 0.04579% |
| 201/32 | Nanci R. Wood & Richard L. Gushwa, Trustees | | | 655 | 0.04579% |
| 201/33 | Albert L. Ross & Belinda Conaway | 252 | 100 | | 0.04579% |
| 201/34 | Don A. & Linda S. Larson | | | | 0.04579% |
| 201/35 | John D. & Millie D. Blair | | | | 0.04579% |
| 201/36 | Hugh & Susan Harper | 252 | | | 0.04579% |
| 201/37 | HOA | | | | 0.04579% |
| 201/38 | Carolyn Loy | 252 | 100 | | 0.04579% |
| 201/39 | John Poole, Jr. | 1,552 | 200 | | 0.04579% |
| 201/40 | Melissa P. Cornuet | 1,552 | 200 | | 0.04579% |
| 201/41 | HOA | | | | 0.04579% |
| 201/42 | Florence F. Seay, Ella S. & Worth L. King | | | 5 | 0.04579% |
| 201/43 | Aulcie L. & Gladys H. Farmer | 252 | 100 | | 0.04579% |
| 201/44 | Eugene & Carmela Piotrokowski | 1,652 | 100 | | 0.04579% |
| 201/45 | James G. & Jackie L. Daughtry | 977 | 200 | | 0.04579% |
| 201/46 | HOA | | | | 0.04579% |
| 201/47 | Paul J. & Tina R. Shirley | 977 | 200 | | 0.04579% |
| 201/48 | HOA | | | | 0.04579% |
| 201/49 | HOA | | | | 0.04579% |
| 201/50 | HOA | | | | 0.04579% |
| 201/51 | HOA | | | | 0.04579% |
| 201/52 | Harold D. & Georgia C. Gross | 252 | | | 0.04579% |
| 202/1 | HOA | | | | 0.04579% |
| 202/2 | HOA | | | | 0.04579% |
| 202/3 | HOA | | | | 0.04579% |
| 202/4 | Fredrick & Cynthia B. King | 252 | | | 0.04579% |
| 202/5 | Ann D. Boylan-Royster & Jessie L. Boylan | 252 | 100 | | 0.04579% |
| 202/6 | HOA | | | | 0.04579% |

| | | | | |
|---|---|---|---|---|
| 202/7 | HOA | | | 0.04579% |
| 202/8 | HOA | | | 0.04579% |
| 202/9 | Anthony L. Baker & Robin D. Mahan | 1,552 | 200 | 0.04579% |
| 202/10 | HOA | | | 0.04579% |
| 202/11 | HOA | | | 0.04579% |
| 202/12 | HOA | | | 0.04579% |
| 202/13 | HOA | | | 0.04579% |
| 202/14 | Lillie H. Kirby | 2,213 | 100 | 0.04579% |
| 202/15 | Alicia Beaton | | | 0.04579% |
| 202/16 | Heinrich A. & Joann Gideons | 252 | | 0.04579% |
| 202/17 | HOA | | | 0.04579% |
| 202/18 | Susan R. Tannery | | | 0.04579% |
| 202/19 | HOA | | | 0.04579% |
| 202/20 | The unknown heirs of Richard Daniels | 252 | | 0.04579% |
| 202/21 | Frank G. Quinn | 1,488 | | 0.04579% |
| 202/22 | James A. & Delores A. Parker | 252 | 100 | 0.04579% |
| 202/23 | HOA | | | 0.04579% |
| 202/24 | HOA | | | 0.04579% |
| 202/25 | HOA | | | 0.04579% |
| 202/26 | Pamela Surratt and/or Deana & David Surratt | 252 | 100 | 0.04579% |
| 202/27 | Mary Lou Smith & AnnaMaria Savin-Llewellyn | 898 | 100 | 0.04579% |
| 202/28 | John D. & Danita W.  McDonald | | | 0.04579% |
| 202/29 | HOA | | | 0.04579% |
| 202/30 | Rebecca Hoyle | 252 | 100 | 0.04579% |
| 202/31 | Timeshare Ventures | 3 | | 0.04579% |
| 202/32 | Paul E. & Elizabeth M. Allen | | | 0.04579% |
| 202/33 | HOA | | | 0.04579% |
| 202/34 | Mark & Debra L. Lagant | | | 0.04579% |
| 202/35 | Barbara M. Walker | 252 | | 0.04579% |
| 202/36 | Douglas & Susan Wilson | 152 | | 0.04579% |
| 202/37 | Phyllis F. Owens | | | 0.04579% |
| 202/38 | Ronnie B. Roach | 2,616 | 350 | 0.04579% |
| 202/39 | Joseph L. Ennis | | | 0.04579% |
| 202/40 | HOA | | | 0.04579% |
| 202/41 | HOA | | | 0.04579% |
| 202/42 | HOA | | | 0.04579% |
| 202/43 | HOA | | | 0.04579% |
| 202/44 | Melissa E. Lovette | | | 0.04579% |

| ID | Name | | | |
| --- | --- | --- | --- | --- |
| 202/45 | Chris Marion | | | 0.04579% |
| 202/46 | HOA | | | 0.04579% |
| 202/47 | Jean Shirley | 252 | 100 | 0.04579% |
| 202/48 | HOA | | | 0.04579% |
| 202/49 | HOA | | | 0.04579% |
| 202/50 | HOA | | | 0.04579% |
| 202/51 | HOA | | | 0.04579% |
| 202/52 | HOA | | | 0.04579% |
| | | | | |
| 203/1 | HOA | | | 0.04579% |
| 203/2 | Charles D. & Dorothy S. Raynor | 874 | 100 | 0.04579% |
| 203/3 | Brenda Kaye Martin | | | 0.04579% |
| 203/4 | HOA | | | 0.04579% |
| 203/5 | Sygrid D. Elston | 321 | | 0.04579% |
| 203/6 | HOA | | | 0.04579% |
| 203/7 | HOA | | | 0.04579% |
| 203/8 | HOA | | | 0.04579% |
| 203/9 | HOA and/or North Pier | | | 0.04579% |
| 203/10 | HOA | | | 0.04579% |
| 203/11 | HOA | | | 0.04579% |
| 203/12 | HOA | | | 0.04579% |
| 203/13 | HOA | | | 0.04579% |
| 203/14 | HOA | | | 0.04579% |
| 203/15 | Lyle T. & Morgan B. Smith | 477 | 100 | 0.04579% |
| 203/16 | HOA | | | 0.04579% |
| 203/17 | HOA and/or North Pier | | | 0.04579% |
| 203/18 | Byron N. & Martha W. Maddox | | | 0.04579% |
| 203/19 | Dale & Kelly Vance | 252 | | 0.04579% |
| 203/20 | James R. & Jean C. Riner | 2,466 | 200 | 0.04579% |
| 203/21 | Jennifer L. Hunt | 977 | 100 | 0.04579% |
| 203/22 | HOA | | | 0.04579% |
| 203/23 | Janet G. Fogleman and Winifred & Everlene Aldridge | 252 | | 0.04579% |
| 203/24 | John Poole, Jr. | 2,213 | 200 | 0.04579% |
| 203/25 | Jacob L. & Ester C. Kuo | 252 | 100 | 0.04579% |
| 203/26 | The unknown heirs of Kenneth & Gracie Jones | 252 | | 0.04579% |
| 203/27 | HOA | | | 0.04579% |
| 203/28 | Carol D. Kelly (Davenport) | 252 | | 0.04579% |
| 203/29 | Dane Clarke and/or Timeshare Ventures | 252 | | 0.04579% |

| Lot | Owner | | | | | % |
|---|---|---|---|---|---|---|
| 203/30 | Kathleen C. Turner | 423 | | | | 0.04579% |
| 203/31 | Timeshare Ventures | | | | | 0.04579% |
| 203/32 | HOA | | | | | 0.04579% |
| 203/33 | HOA | | | | | 0.04579% |
| 203/34 | Thomas W. & Ailene S. Threatt | | | | | 0.04579% |
| 203/35 | HOA | | | | | 0.04579% |
| 203/36 | HOA | | | | | 0.04579% |
| 203/37 | HOA | | | | | 0.04579% |
| 203/38 | HOA | | | | | 0.04579% |
| 203/39 | George D. & Elizabeth G. Shay | | 200 | | 977 | 0.04579% |
| 203/40 | Gerald R. & Janice B. Peterman | | | | | 0.04579% |
| 203/41 | Michael Louis DeAngury | | | | 252 | 0.04579% |
| 203/42 | HOA | | | | | 0.04579% |
| 203/43 | Caleb B. & Melinda C. Wall | | | | | 0.04579% |
| 203/44 | Mark A. & Tammy W. Davis | | | | 1,236 | 0.04579% |
| 203/45 | HOA | | | | | 0.04579% |
| 203/46 | HOA | | | | | 0.04579% |
| 203/47 | HOA | | | | | 0.04579% |
| 203/48 | HOA and/or Warren Beatty & Gracie Jenkins-Beatty | | | | | 0.04579% |
| 203/49 | HOA | | | | | 0.04579% |
| 203/50 | HOA | | | | | 0.04579% |
| 203/51 | James H. & Mary E. McPherson | | | 100 | 252 | 0.04579% |
| 203/52 | HOA | | | | | 0.04579% |
| | | | | | | |
| 205/1 | Susan C. Penuel (Durham) | 455 | | | | 0.04579% |
| 205/2 | HOA | | | | | 0.04579% |
| 205/3 | Mary Coleen Leeper | | | | | 0.04579% |
| 205/4 | HOA | | | | | 0.04579% |
| 205/5 | HOA | | | | | 0.04579% |
| 205/6 | HOA | | | | | 0.04579% |
| 205/7 | HOA | | | | | 0.04579% |
| 205/8 | HOA and/or North Pier | | | | | 0.04579% |
| 205/9 | James & Diane Pegues | | | | | 0.04579% |
| 205/10 | HOA | | | | | 0.04579% |
| 205/11 | HOA | | | | | 0.04579% |
| 205/12 | Heirs of Nancy C. Parmer | | 350 | | 2,616 | 0.04579% |
| 205/13 | HOA | | | | | 0.04579% |
| 205/14 | HOA | | | | | 0.04579% |

| ID | Name | | | |
| --- | --- | --- | --- | --- |
| 205/15 | HOA | | | 0.04579% |
| 205/16 | HOA | | | 0.04579% |
| 205/17 | Grady E. & Delores L. Riley | 977 | 200 | 0.04579% |
| 205/18 | HOA | | | 0.04579% |
| 205/19 | Johnnie F. & Jeanne S. Williams | 252 | 100 | 0.04579% |
| 205/20 | HOA | | | 0.04579% |
| 205/21 | HOA | | | 0.04579% |
| 205/22 | F. Todd & Wendy A. Hutchens | | | 0.04579% |
| 205/23 | Kenneth L. & Elaine B. Evans | 252 | | 0.04579% |
| 205/24 | Ronald & Sue Laware | 927 | 100 | 0.04579% |
| 205/25 | Roy S. Ivey | 927 | 100 | 0.04579% |
| 205/26 | Randall Phillips & Jennise A. Peek | 2,127 | 200 | 0.04579% |
| 205/27 | Thomas Carr & Kimberly D. Yarbourgh | 977 | 200 | 0.04579% |
| 205/28 | Glenda G. & Gary W. Daniels | | | 0.04579% |
| 205/29 | HOA | | | 0.04579% |
| 205/30 | George P. & Zenobia E. Wilson, Sr. | | | 0.04579% |
| 205/31 | Betty L. Edwards | 252 | 100 | 0.04579% |
| 205/32 | Chester & Mallie R. Stocks | | | 0.04579% |
| 205/33 | HOA | | | 0.04579% |
| 205/34 | HOA | | | 0.04579% |
| 205/35 | John J. Clark, Jr. | 1,237 | | 0.04579% |
| 205/36 | John R. Williamson, Jr. | 245 | 100 | 0.04579% |
| 205/37 | HOA | | | 0.04579% |
| 205/38 | Bonnie Lopez | 2,266 | 200 | 0.04579% |
| 205/39 | HOA and/or Rochelle Downing | | | 0.04579% |
| 205/40 | Richard & Pamela Kendall, et al | | | 0.04579% |
| 205/41 | HOA | | | 0.04579% |
| 205/42 | HOA | | | 0.04579% |
| 205/43 | Brenda S. Holmes (Davis) | 2,116 | 350 | 0.04579% |
| 205/44 | HOA | | | 0.04579% |
| 205/45 | HOA | | | 0.04579% |
| 205/46 | Ivory Kevin & Terma Ree Jones | 577 | 100 | 0.04579% |
| 205/47 | HOA | | | 0.04579% |
| 205/48 | HOA | | | 0.04579% |
| 205/49 | Fleet V. Helms & V.A. Beury-Helms | 252 | | 0.04579% |
| 205/50 | HOA | | | 0.04579% |
| 205/51 | Martha J. & James H. Saylor | | | 0.04579% |
| 205/52 | HOA | | | 0.04579% |

| ID | Name | | | % |
|---|---|---|---|---|
| 206/1 | North Pier | | | 0.04579% |
| 206/2 | Clara B. Brown | 2,213 | 200 | 0.04579% |
| 206/3 | HOA | | | 0.04579% |
| 206/4 | HOA | | | 0.04579% |
| 206/5 | Napoleon & Teresa A. Parker, Jr. | 3,363 | 350 | 0.04579% |
| 206/6 | HOA | | | 0.04579% |
| 206/7 | HOA | | | 0.04579% |
| 206/8 | HOA | | | 0.04579% |
| 206/9 | William Torre & Kathryn T. Worley | | | 0.04579% |
| 206/10 | HOA | | | 0.04579% |
| 206/11 | Craig Arthur Patinsky | 3,363 | 200 | 0.04579% |
| 206/12 | North Pier | | | 0.04579% |
| 206/13 | HOA | | | 0.04579% |
| 206/14 | HOA | | | 0.04579% |
| 206/15 | Annie F. Burke | | | 0.04579% |
| 206/16 | HOA | | | 0.04579% |
| 206/17 | HOA | | | 0.04579% |
| 206/18 | David Sellars | 2,213 | 100 | 0.04579% |
| 206/19 | HOA | | | 0.04579% |
| 206/20 | HOA | | | 0.04579% |
| 206/21 | Roy L. & Deborah M. Jordan | | | 0.04579% |
| 206/22 | HOA | | | 0.04579% |
| 206/23 | HOA | | | 0.04579% |
| 206/24 | Janet W. Lovette | | | 0.04579% |
| 206/25 | James M. & Sherry T. Britt | | | 0.04579% |
| 206/26 | April Day | 2,213 | 200 | 0.04579% |
| 206/27 | HOA | | | 0.04579% |
| 206/28 | Joan D. Barber | | | 0.04579% |
| 206/29 | North Pier | | | 0.04579% |
| 206/30 | HOA | | | 0.04579% |
| 206/31 | Patricia Belcher | | | 0.04579% |
| 206/32 | HOA | | | 0.04579% |
| 206/33 | Doris C. & Kendrick R. Newman | | | 0.04579% |
| 206/34 | Kelly R. & Kim R. Hester | | | 0.04579% |
| 206/35 | Douglas R. & Vedena A. Cressy | | | 0.04579% |
| 206/36 | HOA | | | 0.04579% |
| 206/37 | HOA | | | 0.04579% |

| | | | | |
|---|---|---|---|---|
| 206/38 | North Pier | | | 0.04579% |
| 206/39 | HOA | | | 0.04579% |
| 206/40 | HOA | | | 0.04579% |
| 206/41 | HOA | | | 0.04579% |
| 206/42 | North Pier | | | 0.04579% |
| 206/43 | North Pier | | | 0.04579% |
| 206/44 | HOA and/or North Pier | | | 0.04579% |
| 206/45 | HOA | | | 0.04579% |
| 206/46 | James T. & Patricia A. Bullion | | | 0.04579% |
| 206/47 | HOA | | | 0.04579% |
| 206/48 | HOA | | | 0.04579% |
| 206/49 | Reginald T. Shuford | | | 0.04579% |
| 206/50 | HOA | | | 0.04579% |
| 206/51 | Eula V. Lucas | | | 0.04579% |
| 206/52 | HOA | | | 0.04579% |
| | | | | |
| 207/1 | HOA | | | 0.04579% |
| 207/2 | HOA | | | 0.04579% |
| 207/3 | Mary G. McKellar | 2,213 | 200 | 0.04579% |
| 207/4 | HOA | | | 0.04579% |
| 207/5 | HOA | | | 0.04579% |
| 207/6 | HOA | | | 0.04579% |
| 207/7 | HOA | | | 0.04579% |
| 207/8 | HOA | | | 0.04579% |
| 207/9 | HOA | | | 0.04579% |
| 207/10 | Frank M. & Linda S. Cuthrell | | | 0.04579% |
| 207/11 | HOA | | | 0.04579% |
| 207/12 | HOA | | | 0.04579% |
| 207/13 | Ann Hunt Smith | | | 0.04579% |
| 207/14 | HOA | | | 0.04579% |
| 207/15 | HOA | | | 0.04579% |
| 207/16 | Kathy D. Parker (Renfrow) | | | 0.04579% |
| 207/17 | Fern Greeson/Randy Younger/Kathy Younger | | | 0.04579% |
| 207/18 | HOA | | | 0.04579% |
| 207/19 | HOA | | | 0.04579% |
| 207/20 | HOA | | | 0.04579% |
| 207/21 | HOA | | | 0.04579% |
| 207/22 | Margaret A. Theis | | | 0.04579% |

| Account | Name | Amount | Value 1 | Value 2 | Percentage |
|---|---|---|---|---|---|
| 207/23 | Robert E. & Karen L. Parks | | | | 0.04579% |
| 207/24 | HOA | | | | 0.04579% |
| 207/25 | HOA | | | | 0.04579% |
| 207/26 | Steve D. & Karen W. Minton | 1,488 | 100 | | 0.04579% |
| 207/27 | William B. & Patricia F. Prescott | | | 90 | 0.04579% |
| 207/28 | Sharon D. Lambert | | | | 0.04579% |
| 207/29 | Jimmy Allen Sullivan | | | | 0.04579% |
| 207/30 | Andrea Couch | 813 | | | 0.04579% |
| 207/31 | Michelle L. Waltman | | | | 0.04579% |
| 207/32 | Timeshare Ventures | | | | 0.04579% |
| 207/33 | Jamie & Tami S. Hackney | | | | 0.04579% |
| 207/34 | HOA | | | | 0.04579% |
| 207/35 | Robert E. & Jenna L. Hagan, Jr. | | | | 0.04579% |
| 207/36 | HOA | | | | 0.04579% |
| 207/37 | Shelby A. Stephenson | | | | 0.04579% |
| 207/38 | HOA | | | | 0.04579% |
| 207/39 | HOA | | | | 0.04579% |
| 207/40 | HOA | | | | 0.04579% |
| 207/41 | Howard M. & Ava R. Spivey, Jr. | | | | 0.04579% |
| 207/42 | HOA | | | | 0.04579% |
| 207/43 | HOA | | | | 0.04579% |
| 207/44 | Clint Brown | 3,363 | 200 | | 0.04579% |
| 207/45 | HOA | | | | 0.04579% |
| 207/46 | HOA | | | | 0.04579% |
| 207/47 | HOA | | | | 0.04579% |
| 207/48 | Wendy J. Gil | 3,363 | 200 | | 0.04579% |
| 207/49 | HOA | | | | 0.04579% |
| 207/50 | HOA | | | | 0.04579% |
| 207/51 | HOA | | | | 0.04579% |
| 207/52 | HOA | | | | 0.04579% |
| 208/1 | HOA | | | | 0.04579% |
| 208/2 | Sanders & Mary C. Armstrong | 813 | | | 0.04579% |
| 208/3 | HOA | | | | 0.04579% |
| 208/4 | HOA | | | | 0.04579% |
| 208/5 | HOA | | | | 0.04579% |
| 208/6 | James McPherson | | | | 0.04579% |
| 208/7 | HOA | | | | 0.04579% |

| ID | Name | | | | Percentage |
|---|---|---|---|---|---|
| 208/8 | HOA | | | | 0.04579% |
| 208/9 | Marvin & Lisa Morris | 3,852 | 200 | | 0.04579% |
| 208/10 | HOA | | | | 0.04579% |
| 208/11 | HOA and/or Parker & Laverne Coats | | | | 0.04579% |
| 208/12 | HOA | | | | 0.04579% |
| 208/13 | Roberto Rodriguez-Cruz & Beverly Rodriquez | 2,213 | 200 | | 0.04579% |
| 208/14 | HOA and/or Thomas & Rochelle Downing and Robert N. Downing | | | | 0.04579% |
| 208/15 | North Pier | | | | 0.04579% |
| 208/16 | Manson & Deborah Lancaster | | | | 0.04579% |
| 208/17 | Andrea E. Ollivierra | | | | 0.04579% |
| 208/18 | David A. & C. Lynne Clapp | 2,788 | 200 | | 0.04579% |
| 208/19 | Linda Hill Clark & Bernice Wade Clark | | | | 0.000046% |
| 208/20 | Sharon B. Ward (Fogleman) & Bobby Ward | | | | 0.04579% |
| 208/21 | HOA | | | | 0.04579% |
| 208/22 | HOA | | | | 0.04579% |
| 208/23 | Joel & Karen N. Williams | | | | 0.04579% |
| 208/24 | K. Dwight & Deborah H. Lee | | | | 0.04579% |
| 208/25 | John Thomas & Debra B. Evans, Jr. | | | | 0.04579% |
| 208/26 | Gloria Jones & Dennis Toole | | | | 0.04579% |
| 208/27 | HOA and/or Sharon Keel | | | | 0.04579% |
| 208/28 | David K. & Annie R. Hasan | 50 | | | 0.04579% |
| 208/29 | Marshall R. & Jeanie Y. Kornegay, Jr. | | | | 0.04579% |
| 208/30 | Timeshare Ventures | | | | 0.04579% |
| 208/31 | Elizabeth Markham | | | 81 | 0.04579% |
| 208/32 | Elijah & Sheilda A. Edwards | 813 | | | 0.04579% |
| 208/33 | James P. & Diane Shaw | | | | 0.04579% |
| 208/34 | Lisa A. Burkhardt | | | | 0.04579% |
| 208/35 | Florence & Kenneth E. Sealy | | | | 0.04579% |
| 208/36 | HOA | | | | 0.04579% |
| 208/37 | Randy Younger | | | | 0.04579% |
| 208/38 | Gary & Judy Sheppard | | | 87 | 0.04579% |
| 208/39 | George W. & Meredith B. Snowden | | | | 0.04579% |
| 208/40 | HOA | | | | 0.04579% |
| 208/41 | HOA | | | | 0.04579% |
| 208/42 | HOA | | | | 0.04579% |
| 208/43 | HOA | | | | 0.04579% |
| 208/44 | HOA | | | | 0.04579% |
| 208/45 | HOA | | | | 0.04579% |

| ID | Name | | | | % |
|---|---|---|---|---|---|
| 208/46 | HOA | | | | 0.04579% |
| 208/47 | HOA | | | | 0.04579% |
| 208/48 | HOA | | | | 0.04579% |
| 208/49 | HOA | | | | 0.04579% |
| 208/50 | HOA | | | | 0.04579% |
| 208/51 | HOA | | | | 0.04579% |
| 208/52 | HOA | | | | 0.04579% |
| | | | | | |
| 209/1 | HOA | | | | 0.04579% |
| 209/2 | Cathy T. Brown | 762 | | | 0.04579% |
| 209/3 | HOA | | | | 0.04579% |
| 209/4 | HOA | | | | 0.04579% |
| 209/5 | HOA | | | | 0.04579% |
| 209/6 | HOA | | | | 0.04579% |
| 209/7 | HOA | | | | 0.04579% |
| 209/8 | HOA | | | | 0.04579% |
| 209/9 | HOA | | | | 0.04579% |
| 209/10 | HOA | | | | 0.04579% |
| 209/11 | HOA | | | | 0.04579% |
| 209/12 | HOA | | | | 0.04579% |
| 209/13 | Thomas & Bertha J. Lassiter | | | | 0.04579% |
| 209/14 | HOA | | | | 0.04579% |
| 209/15 | Albert C. & Linda Logan, Jr. | | | | 0.04579% |
| 209/16 | HOA | | | | 0.04579% |
| 209/17 | Barbara M. Walker | | | | 0.04579% |
| 209/18 | HOA | | | | 0.04579% |
| 209/19 | Brian Byrd | | 200 | 2,213 | 0.04579% |
| 209/20 | HOA | | | | 0.04579% |
| 209/21 | Johnnie C. Whaley | | | | 0.04579% |
| 209/22 | James E. Wilson | | | | 0.04579% |
| 209/23 | Daniel & Kelly Smith | | | | 0.04579% |
| 209/24 | Steve W. & Faye B. Bynum | | | | 0.04579% |
| 209/25 | HOA | | | | 0.04579% |
| 209/26 | Jessica Toole | | | | 0.04579% |
| 209/27 | Timeshare Ventures | | | | 0.04579% |
| 209/28 | Timeshare Ventures | | | 3 | 0.04579% |
| 209/29 | Hillary J. Holmes Smith | | | | 0.04579% |
| 209/30 | Sheila Griffin Pusey & Rachel O. Pusey | | | | 0.04579% |

| Parcel | Name | | | Percentage |
|---|---|---|---|---|
| 209/31 | Lucas S. Myers & Joshua W. Myers | | | 0.04579% |
| 209/32 | HOA | | | 0.04579% |
| 209/33 | HOA | | | 0.04579% |
| 209/34 | HOA | | | 0.04579% |
| 209/35 | Frank P. & Jolynn M. Quinn | | | 0.04579% |
| 209/36 | HOA | | | 0.04579% |
| 209/37 | HOA | | | 0.04579% |
| 209/38 | HOA | | | 0.04579% |
| 209/39 | HOA | | | 0.04579% |
| 209/40 | Kenneth Warren Stolte | | 37 | 0.04579% |
| 209/41 | HOA | | | 0.04579% |
| 209/42 | HOA | | | 0.04579% |
| 209/43 | Johnny G. & Carolyn W. Johnson | | | 0.04579% |
| 209/44 | Rudolph & Alethia L. McMillian, Jr. | 1,488 | | 0.04579% |
| 209/45 | HOA | | | 0.04579% |
| 209/46 | HOA | | | 0.04579% |
| 209/47 | Carl L. & Vanessa C. Brunton, Sr. | 813 | | 0.04579% |
| 209/48 | HOA and/or Thomas Downing | | | 0.04579% |
| 209/49 | HOA | | | 0.04579% |
| 209/50 | HOA | | | 0.04579% |
| 209/51 | HOA | | | 0.04579% |
| 209/52 | HOA | | | 0.04579% |
| 210/1 | HOA | | | 0.04579% |
| 210/2 | The unknown heirs of Joan L. Palmer | 3,266 | 200 | 0.04579% |
| 210/3 | HOA | | | 0.04579% |
| 210/4 | North Pier | | | 0.04579% |
| 210/5 | HOA | | | 0.04579% |
| 210/6 | HOA | | | 0.04579% |
| 210/7 | HOA | | | 0.04579% |
| 210/8 | HOA | | | 0.04579% |
| 210/9 | Symantha Moyer Shelton | 1,385 | | 0.04579% |
| 210/10 | HOA | | | 0.04579% |
| 210/11 | Wanda Williams | | | 0.04579% |
| 210/12 | James E. & Tammy D. Jones, Jr. | | | 0.04579% |
| 210/13 | HOA | | | 0.04579% |
| 210/14 | HOA | | | 0.04579% |
| 210/15 | Danny Elliot | | | 0.04579% |

| No. | Name | | | | | | % |
|---|---|---|---|---|---|---|---|
| 210/16 | HOA | | | | | | 0.04579% |
| 210/17 | HOA | | | | | | 0.04579% |
| 210/18 | Karey T. & Shineta L. Green | | | | | | 0.04579% |
| 210/19 | HOA | | | | | | 0.04579% |
| 210/20 | HOA | | | | | | 0.04579% |
| 210/21 | Elizabeth Fidler | | | | | | 0.04579% |
| 210/22 | Michael S. Barefoot | | | 788 | | | 0.04579% |
| 210/23 | Linda M. Monroe | 100 | | 1,488 | | | 0.04579% |
| 210/24 | HOA | | | | | | 0.04579% |
| 210/25 | Christopher W. & Pamela J. Villaflor | | | | | | 0.04579% |
| 210/26 | RT Thornton, IV | | 813 | | | | 0.04579% |
| 210/27 | James A. Paschal | | | | | | 0.04579% |
| 210/28 | The unknown heirs of Eugene & Janice O'Brien | | | | | | 0.04579% |
| 210/29 | Betty Jo Holmes Moore | | | | | | 0.04579% |
| 210/30 | Mohammad & Shaheda F. Maroof | | | | | | 0.04579% |
| 210/31 | The unknown heirs of Charles & Kay Davis | | | | | | 0.04579% |
| 210/32 | Thomas & Barbara Norvell and/or Rebecca Swanson | | | | | | 0.04579% |
| 210/33 | Ollie L. & Sandra J. Grier | | | | | | 0.04579% |
| 210/34 | Johnnie L. & Jennifer M. Tabron | | | | 2 | | 0.04579% |
| 210/35 | Barbara Brannen | | | | | | 0.04579% |
| 210/36 | HOA | | | | | | 0.04579% |
| 210/37 | Jeffrey T. & Linda O. Hill | | | 2,788 | | 200 | 0.04579% |
| 210/38 | Steven P. Noreika | | | | | | 0.04579% |
| 210/39 | HOA | | | | | | 0.04579% |
| 210/40 | HOA | | | | | | 0.04579% |
| 210/41 | HOA | | | | | | 0.04579% |
| 210/42 | HOA | | | | | | 0.04579% |
| 210/43 | Thomas J. & Regina L. Battle | | | | | | 0.04579% |
| 210/44 | HOA and/or Steve Bynum | | | | | | 0.04579% |
| 210/45 | Trisha J. Vasos | | | | | | 0.04579% |
| 210/46 | HOA | | | | | | 0.04579% |
| 210/47 | HOA | | | | | | 0.04579% |
| 210/48 | HOA | | | | | | 0.04579% |
| 210/49 | Linwood & Olivia C. Battle | | | | | | 0.04579% |
| 210/50 | HOA | | | | | | 0.04579% |
| 210/51 | HOA | | | | | | 0.04579% |
| 210/52 | HOA | | | | | | 0.04579% |

| Unit | Owner | | | Percentage |
|---|---|---|---|---|
| 211/1 | HOA | | | 0.04579% |
| 211/2 | HOA | | | 0.04579% |
| 211/3 | HOA | | | 0.04579% |
| 211/4 | HOA | | | 0.04579% |
| 211/5 | HOA | | | 0.04579% |
| 211/6 | HOA | | | 0.04579% |
| 211/7 | HOA | | | 0.04579% |
| 211/8 | James C. & Stephanie H. Lilley, Jr. | | | 0.04579% |
| 211/9 | HOA | | | 0.04579% |
| 211/10 | HOA | | | 0.04579% |
| 211/11 | JC & Donna S. Huggins, Jr. | | | 0.04579% |
| 211/12 | HOA | | | 0.04579% |
| 211/13 | HOA | | | 0.04579% |
| 211/14 | HOA | | | 0.04579% |
| 211/15 | HOA | | | 0.04579% |
| 211/16 | HOA | | | 0.04579% |
| 211/17 | HOA | | | 0.04579% |
| 211/18 | Crystal Darlene Shook | 3,852 | 350 | 0.04579% |
| 211/19 | HOA | | | 0.04579% |
| 211/20 | Geraldine Gasparino | 300 | | 0.04579% |
| 211/21 | HOA and/or Adriene Parsons & Angela Filotei | | | 0.04579% |
| 211/22 | Mark H. & Abigail C. Hiers | 1,488 | 100 | 0.04579% |
| 211/23 | Stephen A. & Laura B. Berry | | | 0.04579% |
| 211/24 | Linwood E. Johnson | | | 0.04579% |
| 211/25 | Bernice Clark | | | 0.04579% |
| 211/26 | Janice Hall | | | 0.04579% |
| 211/27 | Dwana K. Meadors | | | 0.04579% |
| 211/28 | Timeshare Ventures | | | 0.04579% |
| 211/29 | Therman & Finesse Couch | | | 0.04579% |
| 211/30 | Ronne Ray Byrd | | | 0.04579% |
| 211/31 | Debra L. & Mark A. Lagant | 813 | | 0.04579% |
| 211/32 | Tony R. & Margaret Y. Dunn | 888 | | 0.04579% |
| 211/33 | Ricky R. & Brenda T. Patterson | | | 0.04579% |
| 211/34 | HOA | | | 0.04579% |
| 211/35 | Dennis & Sue Seymour | | 813 | 0.04579% |
| 211/36 | HOA | | | 0.04579% |
| 211/37 | HOA | | | 0.04579% |
| 211/38 | HOA | | | 0.04579% |

| ID | Name | | | | Percentage |
|---|---|---|---|---|---|
| 211/39 | HOA | | | | 0.04579% |
| 211/40 | Kelly S. Poziviak (Wacenske) & Kurt R. Wacenske | | | 837 | 0.04579% |
| 211/41 | Shawn P. Maines & Martina B. Maines (Boyer) | | | | 0.04579% |
| 211/42 | Hervey Graham & Freddie Mae | 3,652 | 200 | | 0.04579% |
| 211/43 | HOA | | | | 0.04579% |
| 211/44 | HOA and/or Jeffery Joyce | | | | 0.04579% |
| 211/45 | HOA | | | | 0.04579% |
| 211/46 | HOA | | | | 0.04579% |
| 211/47 | HOA | | | | 0.04579% |
| 211/48 | HOA | | | | 0.04579% |
| 211/49 | HOA | | | | 0.04579% |
| 211/50 | HOA | | | | 0.04579% |
| 211/51 | HOA | | | | 0.04579% |
| 211/52 | HOA | | | | 0.04579% |
| 212/1 | HOA | | | | 0.04579% |
| 212/2 | HOA | | | | 0.04579% |
| 212/3 | HOA | | | | 0.04579% |
| 212/4 | HOA | | | | 0.04579% |
| 212/5 | HOA | | | | 0.04579% |
| 212/6 | HOA | | | | 0.04579% |
| 212/7 | HOA | | | | 0.04579% |
| 212/8 | Ceairra S. Davis | 3,852 | 200 | | 0.04579% |
| 212/9 | HOA | | | | 0.04579% |
| 212/10 | HOA and/or North Pier | | | | 0.04579% |
| 212/11 | HOA | | | | 0.04579% |
| 212/12 | HOA | | | | 0.04579% |
| 212/13 | HOA | | | | 0.04579% |
| 212/14 | Judy E. Christiansen | | | 1,150 | 0.04579% |
| 212/15 | Ann C. Lewis (Stanley) | | | | 0.04579% |
| 212/16 | Clarence W. & Elizabeth O. Tatum | | | | 0.04579% |
| 212/17 | HOA | | | | 0.04579% |
| 212/18 | Nancy L. Ayscue (Lane) | 138 | | | 0.04579% |
| 212/19 | HOA | | | | 0.04579% |
| 212/20 | HOA | | | | 0.04579% |
| 212/21 | HOA | | | | 0.04579% |
| 212/22 | William D. & Carolyn R. McEachern | | | | 0.04579% |
| 212/23 | James F. Bobo | | | | 0.04579% |

| 212/24 | Bennie Wayne & Renee G. Roberson | | | 0.04579% |
|---|---|---|---|---|
| 212/25 | Howard V. & Sonya L. Brown | | | 0.04579% |
| 212/26 | Timeshare Ventures | | | 0.04579% |
| 212/27 | Danae Beaton | | | 0.04579% |
| 212/28 | Victoria Beaton | | | 0.04579% |
| 212/29 | Taft B. & Betty L. Turner, Jr. | | | 0.04579% |
| 212/30 | Timeshare Ventures | 3 | | 0.04579% |
| 212/31 | Gary D. Kile, Gail L. Kile & Chad D. Kile | | | 0.04579% |
| 212/32 | Michael W. & Cecelia H. Yauger | | | 0.04579% |
| 212/33 | William E. & Teri F. Garris, Jr. | | | 0.04579% |
| 212/34 | Craig Watkins | | | 0.04579% |
| 212/35 | James & Diane Shaw | | | 0.04579% |
| 212/36 | Joseph Askew, Trustee | | | 0.04579% |
| 212/37 | HOA | | | 0.04579% |
| 212/38 | John L. & Gina A. Sumner and Steve & Theresa L. McCrary | 2,213 | 100 | 0.04579% |
| 212/39 | HOA | | | 0.04579% |
| 212/40 | Robert Lee & Musetta M. Richardson | 150 | | 0.04579% |
| 212/41 | Tom C. Menius | | | 0.04579% |
| 212/42 | Rodney L. & Kelly B. Robinette | | | 0.04579% |
| 212/43 | HOA | | | 0.04579% |
| 212/44 | HOA | | | 0.04579% |
| 212/45 | HOA | | | 0.04579% |
| 212/46 | HOA | | | 0.04579% |
| 212/47 | HOA | | | 0.04579% |
| 212/48 | HOA | | | 0.04579% |
| 212/49 | HOA | | | 0.04579% |
| 212/50 | HOA and/or Harold Evans & Gracie Jenkins-Beatty | | | 0.04579% |
| 212/51 | HOA | | | 0.04579% |
| 212/52 | HOA | | | 0.04579% |
| | | | | |
| 213/1 | HOA | | | 0.04579% |
| 213/2 | North Pier | | | 0.04579% |
| 213/3 | HOA | | | 0.04579% |
| 213/4 | HOA | | | 0.04579% |
| 213/5 | North Pier | | | 0.04579% |
| 213/6 | HOA | | | 0.04579% |
| 213/7 | HOA | | | 0.04579% |
| 213/8 | HOA | | | 0.04579% |

| | | | | | |
|---|---|---|---|---|---|
| 213/9 | HOA | | | | 0.04579% |
| 213/10 | HOA | | | | 0.04579% |
| 213/11 | HOA | | | | 0.04579% |
| 213/12 | HOA | | | | 0.04579% |
| 213/13 | Patricia McLaurin | | | | 0.04579% |
| 213/14 | HOA | | | | 0.04579% |
| 213/15 | HOA | | | | 0.04579% |
| 213/16 | HOA | | | | 0.04579% |
| 213/17 | HOA | | | | 0.04579% |
| 213/18 | HOA | | | | 0.04579% |
| 213/19 | Ayanna M. & Terrell L. Burney | | | | 0.04579% |
| 213/20 | HOA | | | | 0.04579% |
| 213/21 | Earl & Linda Davis | | | | 0.04579% |
| 213/22 | James H. McEachern | | | | 0.04579% |
| 213/23 | Linda L. Hoon | | | | 0.04579% |
| 213/24 | Latham R. & Lenora S. Shipp | | 38 | | 0.04579% |
| 213/25 | Mohammad & Sheheda Maroof | | | | 0.04579% |
| 213/26 | Jack Rogers | | | | 0.04579% |
| 213/27 | Mary C. & Mark F. Ganus | 12 | | | 0.04579% |
| 213/28 | James L. & Shirley A. Tilley | | | | 0.04579% |
| 213/29 | Thomas W Hicks, Jr. | | | | 0.04579% |
| 213/30 | Timeshare Ventures | | | | 0.04579% |
| 213/31 | Eric & Teresa Crites | | | | 0.04579% |
| 213/32 | Timeshare Ventures | | | | 0.04579% |
| 213/33 | Warner Lynn & Diane B.  Hoots | | | | 0.04579% |
| 213/34 | HOA | | | | 0.04579% |
| 213/35 | Jefferson A. & Lee Anne Young | | | | 0.04579% |
| 213/36 | HOA | | | | 0.04579% |
| 213/37 | HOA | | | | 0.04579% |
| 213/38 | HOA | | | | 0.04579% |
| 213/39 | HOA | | | | 0.04579% |
| 213/40 | Carolyn Jane Smyth | 100 | 1,560 | | 0.04579% |
| 213/41 | Gary L. & Cynthia V. Gualdoni | | | | 0.04579% |
| 213/42 | HOA | | | | 0.04579% |
| 213/43 | Daniel Webster Carr, III | 200 | 2,213 | | 0.04579% |
| 213/44 | HOA | | | | 0.04579% |
| 213/45 | North Pier | | | | 0.04579% |
| 213/46 | North Pier | | | | 0.04579% |

| ID | Name | | | | |
|---|---|---|---|---|---|
| 213/47 | HOA | | | | 0.04579% |
| 213/48 | HOA | | | | 0.04579% |
| 213/49 | HOA | | | | 0.04579% |
| 213/50 | North Pier | | | | 0.04579% |
| 213/51 | North Pier | | | | 0.04579% |
| 213/52 | HOA | | | | 0.04579% |
| | | | | | |
| 301/1 | Angela C. Worrell & Brenda C. Gray | 126 | | | 0.04579% |
| 301/2 | HOA | | | | 0.04579% |
| 301/3 | HOA | | | | 0.04579% |
| 301/4 | Robert F. & Gloria W. Garrison, Sr. | 2,213 | 200 | | 0.04579% |
| 301/5 | HOA | | | | 0.04579% |
| 301/6 | Gary L. McGee | | | | 0.04579% |
| 301/7 | Eileen B. Schacher | | | | 0.04579% |
| 301/8 | Ira O. & Constance L. Grady | 1,236 | | | 0.04579% |
| 301/9 | James M. Garner | 2,213 | 200 | | 0.04579% |
| 301/10 | HOA | | | | 0.04579% |
| 301/11 | HOA | | | | 0.04579% |
| 301/12 | HOA | | | | 0.04579% |
| 301/13 | HOA | | | | 0.04579% |
| 301/14 | Douglas & Betty Sue Thompson | | | | 0.04579% |
| 301/15 | Elizabeth C. Shires | 874 | 100 | | 0.04579% |
| 301/16 | Betty & Robert I. Harrell | 3,891 | 350 | | 0.04579% |
| 301/17 | Grover G. & Barbara L. Davis | | | 561 | 0.04579% |
| 301/18 | HOA | | | | 0.04579% |
| 301/19 | HOA | | | | 0.04579% |
| 301/20 | Carl Thomas Rilling, Jr. | | | | 0.04579% |
| 301/21 | HOA and/or North Pier | | | | 0.04579% |
| 301/22 | HOA | | | | 0.04579% |
| 301/23 | Henry G. Austin | 252 | 100 | | 0.04579% |
| 301/24 | HOA | | | | 0.04579% |
| 301/25 | Jamie Chad Mabry | 252 | 100 | | 0.04579% |
| 301/26 | William H. Wright | 252 | 100 | | 0.04579% |
| 301/27 | Sandra L. Thomas | 152 | | | 0.04579% |
| 301/28 | Darryl A. & Cynthia H. Bodie | | | | 0.04579% |
| 301/29 | Issiah E. & Mary Jane Harrison | 1,478 | | | 0.04579% |
| 301/30 | George A. & Barbara J. Walker | 252 | | | 0.04579% |
| 301/31 | Berl E. & Robin C. Bruce | 252 | 100 | | 0.04579% |

| | | | | |
|---|---|---|---|---|
| 301/32 | John W. Peterson | 2,213 | 200 | 0.04579% |
| 301/33 | HOA | | | 0.04579% |
| 301/34 | Austin Family Limited Partnership | | | 0.04579% |
| 301/35 | HOA | | | 0.04579% |
| 301/36 | Heirs of Claire H. McNeill | | | 0.04579% |
| 301/37 | Patricia M. Powell | 252 | 100 | 0.04579% |
| 301/38 | KM Crowley & Rebecca Maher | 252 | 100 | 0.04579% |
| 301/39 | KM Crowley & Rebecca Maher | 274 | 100 | 0.04579% |
| 301/40 | David J. & Katherine J. Drury | | | 0.04579% |
| 301/41 | HOA | | | 0.04579% |
| 301/42 | HOA | | | 0.04579% |
| 301/43 | HOA | | | 0.04579% |
| 301/44 | HOA | | | 0.04579% |
| 301/45 | HOA | | | 0.04579% |
| 301/46 | HOA | | | 0.04579% |
| 301/47 | HOA | | | 0.04579% |
| 301/48 | Regina H. D. Doyle | | | 0.04579% |
| 301/49 | HOA | | | 0.04579% |
| 301/50 | Thomas Harrington | 252 | 100 | 0.04579% |
| 301/51 | HOA | | | 0.04579% |
| 301/52 | HOA | | | 0.04579% |
| | | | | |
| 302/1 | Diana L. McLaughlin | 977 | 100 | 0.04579% |
| 302/2 | HOA | | | 0.04579% |
| 302/3 | HOA | | | 0.04579% |
| 302/4 | HOA | | | 0.04579% |
| 302/5 | HOA | | | 0.04579% |
| 302/6 | Lloyd & Catherine Karr | 252 | 100 | 0.04579% |
| 302/7 | HOA and/or North Pier | | | 0.04579% |
| 302/8 | HOA | | | 0.04579% |
| 302/9 | HOA | | | 0.04579% |
| 302/10 | Eric & Eloise Jacobs | 252 | 100 | 0.04579% |
| 302/11 | HOA | | | 0.04579% |
| 302/12 | HOA | | | 0.04579% |
| 302/13 | HOA | | | 0.04579% |
| 302/14 | Mary Suzanne Gold and Beverly & Doug Causey | 252 | | 0.04579% |
| 302/15 | Berl E. & Robin C. Bruce | 1,552 | 200 | 0.04579% |
| 302/16 | HOA and/or Doug & Mary Patterson | | | 0.04579% |

| Lot | Owner | | | | % |
|---|---|---|---|---|---|
| 302/17 | HOA | | | | 0.04579% |
| 302/18 | Eddie L. Murphy | 252 | 100 | | 0.04579% |
| 302/19 | Margaret Lewis | 252 | 100 | | 0.04579% |
| 302/20 | Walter E. & Melissa L. Caulder | 252 | 100 | | 0.04579% |
| 302/21 | Bruce F. & Cecelia A. Heller | | | | 0.04579% |
| 302/22 | HOA | | | | 0.04579% |
| 302/23 | HOA | | | | 0.04579% |
| 302/24 | HOA | | | | 0.04579% |
| 302/25 | HOA | | | | 0.04579% |
| 302/26 | John E. & Dianna M. Peach | | | | 0.04579% |
| 302/27 | Willie E. Sivley | | | 423 | 0.04579% |
| 302/28 | Gerald W. & Linda K. Sturm | 252 | | | 0.04579% |
| 302/29 | Thomas B. Lewis | 252 | 100 | | 0.04579% |
| 302/30 | HOA | | | | 0.04579% |
| 302/31 | Cindy Lynn Moncus | 1,552 | 200 | | 0.04579% |
| 302/32 | Timeshare Ventures | | | | 0.04579% |
| 302/33 | Regina Conoly and Samantha & Gregory Childress | 252 | 100 | | 0.04579% |
| 302/34 | HOA | | | | 0.04579% |
| 302/35 | Unknown heirs of Jack L. & Nancy P. Ledford | 2,127 | 200 | | 0.04579% |
| 302/36 | HOA | | | | 0.04579% |
| 302/37 | HOA | | | | 0.04579% |
| 302/38 | HOA | | | | 0.04579% |
| 302/39 | Don Ray & Sherron M. Batot | | | | 0.04579% |
| 302/40 | HOA | | | | 0.04579% |
| 302/41 | HOA and/or Charles Vaughn and/or North Pier | | | | 0.04579% |
| 302/42 | Elanor Giovanniello | | | | 0.04579% |
| 302/43 | Wilbert C. & Barbara B. Jones | 252 | 100 | | 0.04579% |
| 302/44 | HOA | | | | 0.04579% |
| 302/45 | William H. Dudley | | | | 0.04579% |
| 302/46 | Nathala S. Deaver | 977 | 150 | | 0.04579% |
| 302/47 | Paul J. & Tina R. Shirley, IV | 977 | 200 | | 0.04579% |
| 302/48 | Gary Edward & Linda M. Everett | 1,424 | | | 0.04579% |
| 302/49 | Elois N. Robbins | 2,127 | 250 | | 0.04579% |
| 302/50 | Jenklin D. Toney | | | | 0.04579% |
| 302/51 | Ann Herring | | | | 0.04579% |
| 302/52 | HOA | | | | 0.04579% |
| 303/1 | HOA | | | | 0.04579% |

| Unit | Name | | | | Percent |
|---|---|---|---|---|---|
| 303/2 | HOA | | | | 0.04579% |
| 303/3 | HOA | | | | 0.04579% |
| 303/4 | HOA | | | | 0.04579% |
| 303/5 | HOA | | | | 0.04579% |
| 303/6 | HOA | | | | 0.04579% |
| 303/7 | Jessie H. & Mary P. Archer, Sr. | 1,547 | 200 | | 0.04579% |
| 303/8 | Sherry Mack, Helen Greenfield & Benjamin Greenfield | 2,213 | 200 | | 0.04579% |
| 303/9 | Ervin L. & Delores P. Stephens | 1,252 | 200 | | 0.04579% |
| 303/10 | HOA | | | | 0.04579% |
| 303/11 | HOA | | | | 0.04579% |
| 303/12 | HOA | | | | 0.04579% |
| 303/13 | HOA | | | | 0.04579% |
| 303/14 | HOA | | | | 0.04579% |
| 303/15 | HOA and/or North Pier | | | | 0.04579% |
| 303/16 | David W. & Kimberly J. Thore | | | | 0.04579% |
| 303/17 | HOA | | | | 0.04579% |
| 303/18 | Kurt T. & Carol B. Uphoff | | | | 0.04579% |
| 303/19 | Philip L. Offenberger | | | | 0.04579% |
| 303/20 | Betty Jo Phelps | 977 | 100 | | 0.04579% |
| 303/21 | HOA | | | | 0.04579% |
| 303/22 | Dennis W. Mager | | | | 0.04579% |
| 303/23 | Austin L. & Hilda S. Jones, III | 2 | | | 0.04579% |
| 303/24 | Cynthia Anne Bass | 164 | 100 | | 0.04579% |
| 303/25 | Jerren Carter Saunders & Brooke D. | | | 675 | 0.04579% |
| 303/26 | Thomas L. Merrill and Bea Van Geffen | | | 426 | 0.04579% |
| 303/27 | Larry S. & Cynthia E. Dunlap | | | | 0.04579% |
| 303/28 | Timeshare Ventures | 977 | 100 | | 0.04579% |
| 303/29 | HOA | | | | 0.04579% |
| 303/30 | Timeshare Ventures | | | 461 | 0.04579% |
| 303/31 | Sonya Kingan Wycoff | | | | 0.04579% |
| 303/32 | Kelly McCoy Smith & Amy McCoy Hanna | 252 | 100 | | 0.04579% |
| 303/33 | HOA | | | | 0.04579% |
| 303/34 | HOA | | | | 0.04579% |
| 303/35 | HOA | | | | 0.04579% |
| 303/36 | Henry E. & Hattie J. Campbell | | | 308 | 0.04579% |
| 303/37 | Timeshare Ventures | | | | 0.04579% |
| 303/38 | HOA | | | | 0.04579% |
| 303/39 | Gloria K. Lassiter | 2,541 | 200 | | 0.04579% |

| Parcel | Name | From Griffin | Shares | | | 0.04579% |
|---|---|---|---|---|---|---|
| 303/40 | Dolores J. Smith, Lorie K. Anderson & Vincent Smith | | | | 100 | 0.04579% |
| 303/41 | HOA | | | | | 0.04579% |
| 303/42 | HOA | | | | | 0.04579% |
| 303/43 | HOA from Charissa Griffin Bizzell | 725 from Griffin | | | | 0.04579% |
| 303/44 | HOA | | | | | 0.04579% |
| 303/45 | Robert P. & Laura S. Shrewsbury | | | | | 0.04579% |
| 303/46 | HOA | | | | | 0.04579% |
| 303/47 | HOA | | | | | 0.04579% |
| 303/48 | Penny B. Braddock | | | | | 0.04579% |
| 303/49 | Donald & Carol Reuss | | 252 | 100 | | 0.04579% |
| 303/50 | Linda S. Ferrell | | | | | 0.04579% |
| 303/51 | HOA and/or North Pier | | | | | 0.04579% |
| 303/52 | HOA | | | | | 0.04579% |
| | | | | | | |
| 304/1 | North Pier | | | | | 0.04579% |
| 304/2 | North Pier | | | | | 0.04579% |
| 304/3 | HOA and/or North Pier | | | | | 0.04579% |
| 304/4 | HOA | | | | | 0.04579% |
| 304/5 | North Pier | | | | | 0.04579% |
| 304/6 | HOA and/or North Pier | | | | | 0.04579% |
| 304/7 | The heirs of Simon Ramos | | 977 | 100 | | 0.04579% |
| 304/8 | HOA | | | | | 0.04579% |
| 304/9 | HOA and/or Billy & Sandra Harrington | | | | | 0.04579% |
| 304/10 | North Pier | | | | | 0.04579% |
| 304/11 | HOA and/or North Pier | | | | | 0.04579% |
| 304/12 | Wyatte R. Sherron | | 252 | | | 0.04579% |
| 304/13 | North Pier | | | | | 0.04579% |
| 304/14 | North Pier | | | | | 0.04579% |
| 304/15 | North Pier | | | | | 0.04579% |
| 304/16 | North Pier | | | | | 0.04579% |
| 304/17 | HOA | | | | | 0.04579% |
| 304/18 | HOA | | | | | 0.04579% |
| 304/19 | J. Dennis Taylor & Johanna M. Taylor Living Trust | | 252 | 100 | | 0.04579% |
| 304/20 | Jerry R. & Sue P. Buckner | | 252 | | | 0.04579% |
| 304/21 | Betty S. Matthews | | | | | 0.04579% |
| 304/22 | HOA | | | | | 0.04579% |
| 304/23 | HOA | | | | | 0.04579% |
| 304/24 | Joseph W. & Patricia A. Brower | | 2,616 | 350 | | 0.04579% |

| ID | Name | | | | % |
|---|---|---|---|---|---|
| 304/25 | North Pier | | | | 0.04579% |
| 304/26 | HOA | | | | 0.04579% |
| 304/27 | Timeshare Ventures | | | | 0.04579% |
| 304/28 | North Pier | | | | 0.04579% |
| 304/29 | Timeshare Ventures | | | | 0.04579% |
| 304/30 | Timeshare Ventures | | | | 0.04579% |
| 304/31 | North Pier | | | | 0.04579% |
| 304/32 | Timeshare Ventures | | | | 0.04579% |
| 304/33 | Timeshare Ventures | | | | 0.04579% |
| 304/34 | North Pier | | | | 0.04579% |
| 304/35 | North Pier | | | | 0.04579% |
| 304/36 | Timeshare Ventures | | | | 0.04579% |
| 304/37 | North Pier | | | | 0.04579% |
| 304/38 | North Pier | | | | 0.04579% |
| 304/39 | Timeshare Ventures | | | | 0.04579% |
| 304/40 | North Pier | | | | 0.04579% |
| 304/41 | North Pier | | | | 0.04579% |
| 304/42 | North Pier | | | | 0.04579% |
| 304/43 | HOA and/or Sherrilynn A. Lennox | 2,127 | 200 | | 0.04579% |
| 304/44 | Thelma Williams Jones (Williford) | | | | 0.04579% |
| 304/45 | HOA and/or North Pier | | | | 0.04579% |
| 304/46 | Betty & Robert I. Harrell | 3,912 | 350 | | 0.04579% |
| 304/47 | North Pier | | | | 0.04579% |
| 304/48 | Sandra L. James | | | 423 | 0.04579% |
| 304/49 | HOA | | | | 0.04579% |
| 304/50 | North Pier | | | | 0.04579% |
| 304/51 | HOA | | | | 0.04579% |
| 304/52 | HOA | | | | 0.04579% |
| | | | | | |
| 305/1 | Angela Moore | 3,363 | 200 | | 0.04579% |
| 305/2 | Jessica Rau Lukenbill | | | | 0.04579% |
| 305/3 | Nelson H. & Patricia K. Jenkins | 1,102 | 200 | | 0.04579% |
| 305/4 | HOA | | | | 0.04579% |
| 305/5 | HOA | | | | 0.04579% |
| 305/6 | HOA | | | | 0.04579% |
| 305/7 | HOA | | | | 0.04579% |
| 305/8 | HOA | | | | 0.04579% |
| 305/9 | HOA and/or North Pier | | | | 0.04579% |

| | | | | | | |
|---|---|---|---|---|---|---|
| 305/10 | HOA | | | | | 0.04579% |
| 305/11 | HOA | | | | | 0.04579% |
| 305/12 | HOA | | | | | 0.04579% |
| 305/13 | Joseph D. Markiewicz | | | | | 0.04579% |
| 305/14 | Wilma J. Saylor | | | 473 | | 0.04579% |
| 305/15 | HOA | | | | | 0.04579% |
| 305/16 | Nancy Blackwelder | | | 423 | | 0.04579% |
| 305/17 | The unknown heirs of Conrad A. & Ann J. Seymour | 2,616 | 350 | | | 0.04579% |
| 305/18 | Tony W. Trevathan | | | | | 0.04579% |
| 305/19 | HOA | | | | | 0.04579% |
| 305/20 | HOA | | | | | 0.04579% |
| 305/21 | HOA | | | | | 0.04579% |
| 305/22 | HOA | | | | | 0.04579% |
| 305/23 | Van Emmett Estes, III | 252 | | | | 0.04579% |
| 305/24 | Lorenzo O. & Kyoung S. Robbins | 2,213 | 100 | | | 0.04579% |
| 305/25 | HOA | | | | | 0.04579% |
| 305/26 | Robert E. White | | | | | 0.04579% |
| 305/27 | The Bellfield Trust | 2,127 | 200 | | | 0.04579% |
| 305/28 | Timeshare Ventures | | | | | 0.04579% |
| 305/29 | HOA | | | | | 0.04579% |
| 305/30 | HOA and/or North Pier | | | | | 0.04579% |
| 305/31 | HOA | | | | | 0.04579% |
| 305/32 | HOA | | | | | 0.04579% |
| 305/33 | James L. & Irma N. Simpson | 977 | 200 | | | 0.04579% |
| 305/34 | HOA and/or North Pier | | | | | 0.04579% |
| 305/35 | HOA and/or North Pier | | | | | 0.04579% |
| 305/36 | Stanley & Lydia Burnell, Jr. | 252 | 100 | | | 0.04579% |
| 305/37 | HOA | | | | | 0.04579% |
| 305/38 | HOA | | | | | 0.04579% |
| 305/39 | David McLemore | 977 | 100 | | | 0.04579% |
| 305/40 | Willie J. Mooring, Jr. | | | | | 0.04579% |
| 305/41 | HOA | | | | | 0.04579% |
| 305/42 | Robert W. Barfield, Jr. and Eileen B. Ahearn | | | 423 | | 0.04579% |
| 305/43 | Bobby W. & Nancy J. Thomas | | | | | 0.04579% |
| 305/44 | HOA | | | | | 0.04579% |
| 305/45 | HOA | | | | | 0.04579% |
| 305/46 | HOA | | | | | 0.04579% |
| 305/47 | HOA | | | | | 0.04579% |

| Unit | Owner | | | | | Percent |
|---|---|---|---|---|---|---|
| 305/48 | HOA | | | | | 0.04579% |
| 305/49 | HOA | | | | | 0.04579% |
| 305/50 | HOA | | | | | 0.04579% |
| 305/51 | HOA and/or North Pier | | | | | 0.04579% |
| 305/52 | Joyce T. Mangum | | 1,002 | | 100 | 0.04579% |
| | | | | | | |
| 306/1 | HOA | | | | | 0.04579% |
| 306/2 | HOA | | | | | 0.04579% |
| 306/3 | HOA | | | | | 0.04579% |
| 306/4 | HOA | | | | | 0.04579% |
| 306/5 | Lisa I. Warren & Richard L. Coppernoll | | | | | 0.04579% |
| 306/6 | North Pier from James Baldwin Jr. | 2,788 from Baldwin | | 200 from Baldwin | | 0.04579% |
| 306/7 | HOA | | | | | 0.04579% |
| 306/8 | HOA | | | | | 0.04579% |
| 306/9 | Leo M. & Glenda L. Lynch, Jr. | | | | | 0.04579% |
| 306/10 | HOA | | | | | 0.04579% |
| 306/11 | HOA | | | | | 0.04579% |
| 306/12 | Kim Collage | | 2,138 | | 100 | 0.04579% |
| 306/13 | North Pier | | | | | 0.04579% |
| 306/14 | HOA | | | | | 0.04579% |
| 306/15 | HOA | | | | | 0.04579% |
| 306/16 | HOA | | | | | 0.04579% |
| 306/17 | North Pier | | | | | 0.04579% |
| 306/18 | HOA | | | | | 0.04579% |
| 306/19 | Robert L. & Beverly H. Strickland | | | | | 0.04579% |
| 306/20 | HOA | | | | | 0.04579% |
| 306/21 | HOA | | | | | 0.04579% |
| 306/22 | HOA | | | | | 0.04579% |
| 306/23 | HOA | | | | | 0.04579% |
| 306/24 | Ronnie L. Bell, Jr. & Carolyn D. Flemister-Bell | | | | | 0.04579% |
| 306/25 | HOA | | | | | 0.04579% |
| 306/26 | Timeshare Ventures | | | | | 0.04579% |
| 306/27 | Charles & Deborah Brown | | | | | 0.04579% |
| 306/28 | Timeshare Ventures | | | | | 0.04579% |
| 306/29 | Brian K. Mendell | | | | | 0.04579% |
| 306/30 | HOA | | | | | 0.04579% |
| 306/31 | Rosada A. Davis-Layne | | | | | 0.04579% |
| 306/32 | Timeshare Ventures | | | | | 0.04579% |

| | | | | |
|---|---|---|---|---|
| 306/33 | David Allen Pope | | | 0.04579% |
| 306/34 | The unknown heirs of Nancy J. & James D. Pickens | 3,852 | 350 | 0.04579% |
| 306/35 | HOA | | | 0.04579% |
| 306/36 | HOA | | | 0.04579% |
| 306/37 | HOA | | | 0.04579% |
| 306/38 | Thomas E. & Carol S. Henson | | | 0.04579% |
| 306/39 | HOA | | | 0.04579% |
| 306/40 | HOA | | | 0.04579% |
| 306/41 | HOA | | | 0.04579% |
| 306/42 | Donald L. Kurtz, Jr. | | | 0.04579% |
| 306/43 | Lars D. Godwin | | | 0.04579% |
| 306/44 | HOA | | | 0.04579% |
| 306/45 | HOA | | | 0.04579% |
| 306/46 | HOA | | | 0.04579% |
| 306/47 | HOA | | | 0.04579% |
| 306/48 | HOA | | | 0.04579% |
| 306/49 | HOA | | | 0.04579% |
| 306/50 | HOA | | | 0.04579% |
| 306/51 | HOA | | | 0.04579% |
| 306/52 | HOA | | | 0.04579% |
| | | | | |
| 307/1 | HOA | | | 0.04579% |
| 307/2 | North Pier | | | 0.04579% |
| 307/3 | HOA | | | 0.04579% |
| 307/4 | HOA | | | 0.04579% |
| 307/5 | Sonya Y. Jones | | | 0.04579% |
| 307/6 | HOA | | | 0.04579% |
| 307/7 | HOA | | | 0.04579% |
| 307/8 | North Pier | | | 0.04579% |
| 307/9 | HOA | | | 0.04579% |
| 307/10 | HOA | | | 0.04579% |
| 307/11 | HOA | | | 0.04579% |
| 307/12 | HOA | | | 0.04579% |
| 307/13 | HOA | | | 0.04579% |
| 307/14 | HOA | | | 0.04579% |
| 307/15 | HOA | | | 0.04579% |
| 307/16 | North Pier | | | 0.04579% |
| 307/17 | HOA | | | 0.04579% |

| ID | Name | | | % |
|---|---|---|---|---|
| 307/18 | Paul A. Kirby & Kampsee L. Heiser | | | 0.04579% |
| 307/19 | HOA | | | 0.04579% |
| 307/20 | HOA | | | 0.04579% |
| 307/21 | HOA | | | 0.04579% |
| 307/22 | Wanda F. Albertson | 1,838 | 100 | 0.04579% |
| 307/23 | HOA and/or Daniel Smith | | | 0.04579% |
| 307/24 | Vanessa Rhody & Vivian Morrison | | | 0.04579% |
| 307/25 | Geoffrey N. & Margaret K. Schlichter | | | 0.04579% |
| 307/26 | Carlos E. & Maria P. Salamanca | | | 0.04579% |
| 307/27 | Betty & Billy W. Honeycutt | | | 0.04579% |
| 307/28 | Jimmy Lawrence McLamb | 788 | | 0.04579% |
| 307/29 | Kyle R. Speelman | | | 0.04579% |
| 307/30 | Timeshare Ventures | 3 | | 0.04579% |
| 307/31 | Timeshare Ventures | | | 0.04579% |
| 307/32 | Wayne E. & Rebecca F. Gunter | | | 0.04579% |
| 307/33 | W. Samuel & Pamela O. Moore | | | 0.04579% |
| 307/34 | HOA | | | 0.04579% |
| 307/35 | HOA | | | 0.04579% |
| 307/36 | HOA | | | 0.04579% |
| 307/37 | Ernest J. Loudermilk | | | 0.04579% |
| 307/38 | HOA | | | 0.04579% |
| 307/39 | Merlyn Moody | 1,488 | 100 | 0.04579% |
| 307/40 | Regina B. Platt | | | 0.04579% |
| 307/41 | HOA | | | 0.04579% |
| 307/42 | HOA and/or Elizabeth & Lillie Locklear | | | 0.04579% |
| 307/43 | HOA | | | 0.04579% |
| 307/44 | HOA and/or Elizabeth & Lillie Locklear | | | 0.04579% |
| 307/45 | Esmond Skinner | 3,852 | 350 | 0.04579% |
| 307/46 | May Lloyd Miller & Patricia J. Miller | | | 0.04579% |
| 307/47 | HOA | | | 0.04579% |
| 307/48 | HOA | | | 0.04579% |
| 307/49 | William L. & Dorothy B. Tyson | | | 0.04579% |
| 307/50 | HOA and/or North Pier | | | 0.04579% |
| 307/51 | HOA | | | 0.04579% |
| 307/52 | David L. & Debora L. Smith | | | 0.04579% |
| 308/1 | HOA | | | 0.04579% |
| 308/2 | Annie L. & Joseph N. Perry, Jr. | | 20 | 0.04579% |

| Unit | Name | | | Percent |
|---|---|---|---|---|
| 308/3 | Salvatore R. & Linda A. Pilo | | | 0.04579% |
| 308/4 | Gregory & Betty Washington | | | 0.04579% |
| 308/5 | Earl & Sandra Huffman, Jr. | | | 0.04579% |
| 308/6 | HOA | | | 0.04579% |
| 308/7 | Daniel E. Haddock | | | 0.04579% |
| 308/8 | Robert J. & Brenda K. Griggs | | | 0.04579% |
| 308/9 | North Pier | | | 0.04579% |
| 308/10 | Neal T. Hauschild | | | 0.04579% |
| 308/11 | HOA | | | 0.04579% |
| 308/12 | HOA | | | 0.04579% |
| 308/13 | HOA | | | 0.04579% |
| 308/14 | Delores Smith, Lorie K. Anderson & Vincent Smith | | | 0.04579% |
| 308/15 | HOA | | | 0.04579% |
| 308/16 | Betty Jo Phelps | 2,213 | 100 | 0.04579% |
| 308/17 | HOA | | | 0.04579% |
| 308/18 | HOA and/or D. Shawn & Dawn S. Hodges | | | 0.04579% |
| 308/19 | HOA | | | 0.04579% |
| 308/20 | Cheryl D. Parrish | | | 0.04579% |
| 308/21 | HOA | | | 0.04579% |
| 308/22 | Harod Demby & LaPonda Clark | 2,213 | 200 | 0.04579% |
| 308/23 | Mary McKenna | | | 0.04579% |
| 308/24 | North Pier | | | 0.04579% |
| 308/25 | Donald E. & Florence P. Zittel | | | 0.04579% |
| 308/26 | Timeshare Ventures | 3 | | 0.04579% |
| 308/27 | John & Carolyn Wallace | | | 0.04579% |
| 308/28 | Robert K. & Lisa B. Russell | | | 0.04579% |
| 308/29 | Joseph Bates | | | 0.04579% |
| 308/30 | Martha O. Tant (Grady) | | | 0.04579% |
| 308/31 | Charles Parsons, IV | | | 0.04579% |
| 308/32 | Timeshare Ventures | | | 0.04579% |
| 308/33 | HOA | | | 0.04579% |
| 308/34 | HOA | | | 0.04579% |
| 308/35 | The unknown heirs of Margaret Martin | | | 0.04579% |
| 308/36 | HOA | | | 0.04579% |
| 308/37 | HOA and/or North Pier | | | 0.04579% |
| 308/38 | HOA | | | 0.04579% |
| 308/39 | HOA | | | 0.04579% |
| 308/40 | Ira & Rebecca Fenimore | | | 0.04579% |

| ID | Name | | | % |
|---|---|---|---|---|
| 308/41 | HOA and/or Parker Coats | | | 0.04579% |
| 308/42 | HOA | | | 0.04579% |
| 308/43 | HOA | | | 0.04579% |
| 308/44 | HOA | | | 0.04579% |
| 308/45 | HOA | | | 0.04579% |
| 308/46 | HOA | | | 0.04579% |
| 308/47 | HOA | | | 0.04579% |
| 308/48 | HOA | | | 0.04579% |
| 308/49 | HOA | | | 0.04579% |
| 308/50 | Mack N. Raynor | 2,213 | 100 | 0.04579% |
| 308/51 | HOA | | | 0.04579% |
| 308/52 | HOA | | | 0.04579% |
| | | | | |
| 309/1 | HOA | | | 0.04579% |
| 309/2 | Stephen L. & Maria J. Needles | | | 0.04579% |
| 309/3 | North Pier | | | 0.04579% |
| 309/4 | HOA | | | 0.04579% |
| 309/5 | HOA and/or North Pier | | | 0.04579% |
| 309/6 | HOA | | | 0.04579% |
| 309/7 | HOA | | | 0.04579% |
| 309/8 | Robin G. Reynolds (Shields) & Daniel A. Reynolds | 1,488 | 100 | 0.04579% |
| 309/9 | HOA | | | 0.04579% |
| 309/10 | HOA | | | 0.04579% |
| 309/11 | HOA and/or the Unknown heirs of Wayne R. Hill | | | 0.04579% |
| 309/12 | HOA and/or Joan Jacobson | | | 0.04579% |
| 309/13 | Robert L. & Mary C. Owens, Sr. | 2,588 | 100 | 0.04579% |
| 309/14 | Rodney L. & Sherri L. Moore | | | 0.04579% |
| 309/15 | HOA | | | 0.04579% |
| 309/16 | HOA | | | 0.04579% |
| 309/17 | HOA | | | 0.04579% |
| 309/18 | Steven T. & Deborah B. Henderson | | | 0.04579% |
| 309/19 | HOA | | | 0.04579% |
| 309/20 | Margaret C. England | | | 0.04579% |
| 309/21 | Douglas Bruce Modde | | | 0.04579% |
| 309/22 | HOA | | | 0.04579% |
| 309/23 | Rose M. Elasivich | 3,852 | 200 | 0.04579% |
| 309/24 | Claudette Brownley | | | 0.04579% |
| 309/25 | Diane L. Day | | | 0.04579% |

| ID | Name | | | | |
|---|---|---|---|---|---|
| 309/26 | Timeshare Ventures | | | | 0.04579% |
| 309/27 | Shawn Strushensky et al | | | | 0.04579% |
| 309/28 | Timeshare Ventures | | | | 0.04579% |
| 309/29 | Sandra K. & Foster A. Russell | | | | 0.04579% |
| 309/30 | Manuel Fuentes-Canales & Hilda M. Fuentes | | | | 0.04579% |
| 309/31 | Timeshare Ventures | 5 | | | 0.04579% |
| 309/32 | Timeshare Ventures | | | | 0.04579% |
| 309/33 | HOA | | | | 0.04579% |
| 309/34 | HOA | | | | 0.04579% |
| 309/35 | Alexis Peay (Fitzgerald) | | | | 0.04579% |
| 309/36 | HOA | | | | 0.04579% |
| 309/37 | HOA | | | | 0.04579% |
| 309/38 | HOA and/or North Pier | | | | 0.04579% |
| 309/39 | HOA | | | | 0.04579% |
| 309/40 | HOA | | | | 0.04579% |
| 309/41 | HOA | | | | 0.04579% |
| 309/42 | HOA | | | | 0.04579% |
| 309/43 | HOA and/or North Pier | | | | 0.04579% |
| 309/44 | Leroy & Myra W. Johnson | 2,213 | | 100 | 0.04579% |
| 309/45 | HOA | | | | 0.04579% |
| 309/46 | HOA | | | | 0.04579% |
| 309/47 | HOA | | | | 0.04579% |
| 309/48 | The unknown heirs of James & Ola Hardison | 813 | | | 0.04579% |
| 309/49 | HOA | | | | 0.04579% |
| 309/50 | HOA | | | | 0.04579% |
| 309/51 | HOA | | | | 0.04579% |
| 309/52 | North Pier | | | | 0.04579% |
| | | | | | |
| 310/1 | HOA | | | | 0.04579% |
| 310/2 | HOA | | | | 0.04579% |
| 310/3 | North Pier | | | | 0.04579% |
| 310/4 | HOA | | | | 0.04579% |
| 310/5 | HOA | | | | 0.04579% |
| 310/6 | HOA | | | | 0.04579% |
| 310/7 | HOA | | | | 0.04579% |
| 310/8 | HOA | | | | 0.04579% |
| 310/9 | North Pier | | | | 0.04579% |
| 310/10 | HOA | | | | 0.04579% |

| | | | |
|---|---|---|---|
| 310/11 | HOA | | 0.04579% |
| 310/12 | HOA | | 0.04579% |
| 310/13 | HOA | | 0.04579% |
| 310/14 | Carol Hayes | | 0.04579% |
| 310/15 | HOA | | 0.04579% |
| 310/16 | HOA | | 0.04579% |
| 310/17 | HOA | | 0.04579% |
| 310/18 | HOA | | 0.04579% |
| 310/19 | HOA | | 0.04579% |
| 310/20 | Julie Ann Youngdahl | | 0.04579% |
| 310/21 | Christian & Katherine Klinefelter | | 0.04579% |
| 310/22 | R. Bruce & Joyce M. Mitchell | | 0.04579% |
| 310/23 | HOA | | 0.04579% |
| 310/24 | Terrance A. Becker | 813 | 0.04579% |
| 310/25 | Milton & Debra McDowell | | 0.04579% |
| 310/26 | Wilbert C. & Barbara B. Jones | | 0.04579% |
| 310/27 | Brenda Carol C. Strickland | | 0.04579% |
| 310/28 | Luther & Jane Holder | | 0.04579% |
| 310/29 | Michael & Lindsey Davenport | | 0.04579% |
| 310/30 | Timeshare Ventures | | 0.04579% |
| 310/31 | George A. & Amanda M. Sullivan, Jr. | | 0.04579% |
| 310/32 | Corley B. & Tonia G. Myres | | 0.04579% |
| 310/33 | Carmen F. Swaine (Bennett) | | 0.04579% |
| 310/34 | Vanessa J. Rudd (Pierce) & James L. Rudd | | 0.04579% |
| 310/35 | Stephen A. & Barbara N. Bullock | | 0.04579% |
| 310/36 | HOA | | 0.04579% |
| 310/37 | HOA | | 0.04579% |
| 310/38 | HOA | | 0.04579% |
| 310/39 | HOA | | 0.04579% |
| 310/40 | Donald L. & Sherry J. Mains | | 0.04579% |
| 310/41 | Terry C. & Marilyn C. Howard | | 0.04579% |
| 310/42 | HOA | | 0.04579% |
| 310/43 | HOA | | 0.04579% |
| 310/44 | HOA | | 0.04579% |
| 310/45 | Ed Sherwood | 1,488 | 0.04579% |
| 310/46 | HOA | | 0.04579% |
| 310/47 | James Steck | | 0.04579% |
| 310/48 | Charles Linwood Young | 813 | 0.04579% |

| ID | Name | | | % |
|---|---|---|---|---|
| 310/49 | HOA | | | 0.04579% |
| 310/50 | HOA | | | 0.04579% |
| 310/51 | HOA | | | 0.04579% |
| 310/52 | Mitchell S. & Revonda Huppert | | | 0.04579% |
| 311/1 | HOA | | | 0.04579% |
| 311/2 | HOA and/or North Pier | | | 0.04579% |
| 311/3 | HOA | | | 0.04579% |
| 311/4 | HOA | | | 0.04579% |
| 311/5 | HOA | | | 0.04579% |
| 311/6 | HOA | | | 0.04579% |
| 311/7 | HOA | | | 0.04579% |
| 311/8 | HOA | | | 0.04579% |
| 311/9 | HOA | | | 0.04579% |
| 311/10 | North Pier | | | 0.04579% |
| 311/11 | HOA | | | 0.04579% |
| 311/12 | HOA | | | 0.04579% |
| 311/13 | Linda Monica Haughton | | | 0.04579% |
| 311/14 | Rudolph M. & Alethia L. McMillan, Jr. | | | 0.04579% |
| 311/15 | HOA | | | 0.04579% |
| 311/16 | HOA | | | 0.04579% |
| 311/17 | Michael S. Barefoot | 788 | | 0.04579% |
| 311/18 | HOA | | | 0.04579% |
| 311/19 | David K. Matthews & Valorie S. Matthews (Hollifield) | | | 0.04579% |
| 311/20 | Rodney B. & Andrea P. Williams, Sr. | 1,488 | | 0.04579% |
| 311/21 | Dori Dempsey-Rieck & Jacob Rieck | | | 0.04579% |
| 311/22 | Willie H. Mason | 813 | | 0.04579% |
| 311/23 | John C. & Ann L. Fletcher | | | 0.04579% |
| 311/24 | Lori Bono | | | 0.04579% |
| 311/25 | Thi Vuong | | | 0.04579% |
| 311/26 | Stephen Craig Bennett & Patricia Ann Pipkin & Deborah Lynn Miller | | | 0.04579% |
| 311/27 | HOA | | | 0.04579% |
| 311/28 | Carlton & Katrina Scarborough | | | 0.04579% |
| 311/29 | Richard & Tammy Barham | 2,213 | 200 | 0.04579% |
| 311/30 | Wayne & Janet Walker | | | 0.04579% |
| 311/31 | Greg & Karen Brusseau Trust | 1,658 | | 0.04579% |
| 311/32 | Jessie H. & James Lucus | | | 0.04579% |
| 311/33 | HOA | | | 0.04579% |

| ID | Name | | % |
|---|---|---|---|
| 311/34 | Eddie L. & Annie M. Weathers | | 0.04579% |
| 311/35 | Ronald D. & Agnes M. Struchensky, Sr., Ronald Stuchensky, Jr. & Shawn E. Struchensky | | 0.04579% |
| 311/36 | HOA | | 0.04579% |
| 311/37 | Joel W. & Jesusita R. Whitley | | 0.04579% |
| 311/38 | William & Sharon McMillian | | 0.04579% |
| 311/39 | Terri Hamrick | 100 | 0.04579% |
| 311/40 | HOA | | 0.04579% |
| 311/41 | HOA | | 0.04579% |
| 311/42 | HOA | | 0.04579% |
| 311/43 | Donald & Cynthia Carlyle | | 0.04579% |
| 311/44 | HOA | | 0.04579% |
| 311/45 | HOA | | 0.04579% |
| 311/46 | HOA | | 0.04579% |
| 311/47 | North Pier | | 0.04579% |
| 311/48 | HOA | | 0.04579% |
| 311/49 | HOA | | 0.04579% |
| 311/50 | HOA | | 0.04579% |
| 311/51 | HOA | | 0.04579% |
| 311/52 | The unknown heirs of Wesley & Sylvia H. Elam | | 0.04579% |
| | | | |
| 312/1 | HOA | | 0.04579% |
| 312/2 | HOA and/or Jean Honeycutt & Margaret Augustoni | | 0.04579% |
| 312/3 | HOA | | 0.04579% |
| 312/4 | HOA | | 0.04579% |
| 312/5 | HOA | | 0.04579% |
| 312/6 | HOA | | 0.04579% |
| 312/7 | HOA | | 0.04579% |
| 312/8 | HOA and/or Margaret Augustoni | | 0.04579% |
| 312/9 | HOA and/or Jean Honeycutt & Margaret Augustoni | | 0.04579% |
| 312/10 | HOA | | 0.04579% |
| 312/11 | HOA | | 0.04579% |
| 312/12 | HOA | | 0.04579% |
| 312/13 | HOA | | 0.04579% |
| 312/14 | HOA | | 0.04579% |
| 312/15 | HOA | | 0.04579% |
| 312/16 | Barbara Gould Norman | | 0.04579% |
| 312/17 | HOA | | 0.04579% |
| 312/18 | HOA and/or North Pier | | 0.04579% |

| ID | Name | | | | Percent |
|---|---|---|---|---|---|
| 312/19 | HOA | | | | 0.04579% |
| 312/20 | Edward H. & Sharon F. Coultress | | | | 0.04579% |
| 312/21 | HOA | | | | 0.04579% |
| 312/22 | Sandra James | | | | 0.04579% |
| 312/23 | HOA | | | | 0.04579% |
| 312/24 | Kent & Angela Powell | | | | 0.04579% |
| 312/25 | Steve & Teresa McCrary | | | | 0.04579% |
| 312/26 | Donald L. & Sherry J. Mains | | | | 0.04579% |
| 312/27 | Charles & Deborah Brown | | | | 0.04579% |
| 312/28 | D. Christopher & Debbie Eddy | 1,960 | 100 | | 0.04579% |
| 312/29 | Timeshare Ventures | | | | 0.04579% |
| 312/30 | Louis & Suzanne Urso | | | 50 | 0.04579% |
| 312/31 | Stephanie Savage et al | | | | 0.04579% |
| 312/32 | HOA | | | | 0.04579% |
| 312/33 | HOA | | | | 0.04579% |
| 312/34 | Beth Cartwright | 1,488 | 100 | | 0.04579% |
| 312/35 | HOA | | | | 0.04579% |
| 312/36 | George & Mary Hoover | | | | 0.04579% |
| 312/37 | HOA | | | | 0.04579% |
| 312/38 | HOA | | | | 0.04579% |
| 312/39 | HOA | | | | 0.04579% |
| 312/40 | Walter M. & Doris D. Bond | | | | 0.04579% |
| 312/41 | HOA | | | | 0.04579% |
| 312/42 | HOA | | | | 0.04579% |
| 312/43 | HOA | | | | 0.04579% |
| 312/44 | HOA | | | | 0.04579% |
| 312/45 | HOA and/or Harold & Vonda Evans | | | | 0.04579% |
| 312/46 | North Pier | | | | 0.04579% |
| 312/47 | HOA | | | | 0.04579% |
| 312/48 | HOA | | | | 0.04579% |
| 312/49 | HOA | | | | 0.04579% |
| 312/50 | HOA | | | | 0.04579% |
| 312/51 | HOA | | | | 0.04579% |
| 312/52 | HOA and/or Ayesha Elam | | | | 0.04579% |
| | | | | | |
| 313/1 | HOA | | | | 0.04579% |
| 313/2 | HOA | | | | 0.04579% |
| 313/3 | Paula H. Edmonds, Andre' Jones & David Hamilton | | | | 0.04579% |

| ID | Name | | | Value | Amount | Percent |
|----|------|---|---|-------|--------|---------|
| 313/4 | HOA | | | | | 0.04579% |
| 313/5 | HOA | | | | | 0.04579% |
| 313/6 | HOA | | | | | 0.04579% |
| 313/7 | HOA | | | | | 0.04579% |
| 313/8 | HOA | | | | | 0.04579% |
| 313/9 | HOA | | | | | 0.04579% |
| 313/10 | North Pier | | | | | 0.04579% |
| 313/11 | HOA | | | | | 0.04579% |
| 313/12 | Brain & Sharon Dunkle | | | | | 0.04579% |
| 313/13 | HOA | | | | | 0.04579% |
| 313/14 | Dwight A. & Dorothy J. Hilliard | | | | | 0.04579% |
| 313/15 | HOA | | | | | 0.04579% |
| 313/16 | HOA and/or Nancy Blackwelder | | | | | 0.04579% |
| 313/17 | Howard M. & Ava R. Spivey | | | | | 0.04579% |
| 313/18 | Clifford Rylander | | | 2,213 | 200 | 0.04579% |
| 313/19 | Louis T. Dixon | | | | | 0.04579% |
| 313/20 | HOA | | | | | 0.04579% |
| 313/21 | Marilyn Dziczek | | | | | 0.04579% |
| 313/22 | HOA | | | | | 0.04579% |
| 313/23 | Norman D. & Doris S. English | | | 1,488 | 100 | 0.04579% |
| 313/24 | Amber Jackson | | | | | 0.04579% |
| 313/25 | A. Renee Seay | | | | | 0.04579% |
| 313/26 | Ronald J. & Agnes M. Strushensky, Sr. | | | | | 0.04579% |
| 313/27 | William & Amy Judd | | | | | 0.04579% |
| 313/28 | Leonard E. & Brenda L. Aron | | | 1,488 | 100 | 0.04579% |
| 313/29 | Stonie Eastman | | | 2,213 | 200 | 0.04579% |
| 313/30 | Stokes & Sheila Hairston | | | | | 0.04579% |
| 313/31 | Gregory & Karen Brusseau Trust | | | 2,213 | 100 | 0.04579% |
| 313/32 | HOA | | | | | 0.04579% |
| 313/33 | HOA | | | | | 0.04579% |
| 313/34 | HOA | | | | | 0.04579% |
| 313/35 | HOA | | | | | 0.04579% |
| 313/36 | HOA | | | | | 0.04579% |
| 313/37 | HOA | | | | | 0.04579% |
| 313/38 | Kennie D. & Sharon W. Ellis | | | | | 0.04579% |
| 313/39 | HOA | | | | | 0.04579% |
| 313/40 | HOA | | | | | 0.04579% |
| 313/41 | Preston Eugene Thompson & Mary Thompson | | | | | 0.04579% |

| | | | | |
|---|---|---|---|---|
| 313/42 | HOA | | | 0.04579% |
| 313/43 | Glenn A. Turley | | | 0.04579% |
| 313/44 | HOA | | | 0.04579% |
| 313/45 | HOA | | | 0.04579% |
| 313/46 | HOA | | | 0.04579% |
| 313/47 | HOA and/or North Pier | | | 0.04579% |
| 313/48 | HOA | | | 0.04579% |
| 313/49 | HOA and/or Parker & Laverne Coats | | | 0.04579% |
| 313/50 | HOA | | | 0.04579% |
| 313/51 | Clifford Rylander & Betty Holt | 2,788 | | 0.04579% |
| 313/52 | Jerry L. & Torrey M. Owens | | 200 | 0.04579% |
| | | | | |
| | North Pier - all of Unit 100 | | | 2.38095% |
| | North Pier - all of Unit 106 | | | 2.38095% |
| | North Pier - all of Unit 107 except for week 20 | | | 2.33516% |
| | North Pier - all of Unit 200 | | | 2.38095% |
| | North Pier - all of Unit 204 | | | 2.38095% |
| | North Pier - all of Unit 300 | | | 2.38095% |
| | | | | |
| | Totals | 354,268 | 32,350 | 15,041 | 99.95467% |

## EXHIBIT "C" LIQUIDATION ANALYSIS

| ASSET: | MARKET VALUE | CREDITOR: | LIEN AMT. | EXEMPTION | NON-EXEMPT EQUITY |
|---|---|---|---|---|---|
| Interests in timeshare units (1042± units) to be converted to sale proceeds in accordance with Plan of Liquidation | Unknown* | Conversion Financial, LLC (post-petition loan) | Maximum of $250,000 principal | N/A | Unknown |
| Accounts Receivable arising from unpaid maintenance fees and assessments | Unknown | Conversion Financial, LLC (post-petition loan) | Maximum of $250,000 principal | N/A | Unknown |
| Accounts (Balance on Petition Date) | $10,600.64 | Conversion Financial, LLC (post-petition loan) | Maximum of $250,000 principal | N/A | Unknown |
| Miscellaneous Office Supplies and Furniture | $700.00 | N/A | N/A | N/A | $700.00 |

**TOTAL EQUITY:**                                             $    700.00

**LESS:**
**PRIORITY TAX CLAIMS**                              -$  46,924.89
**ADMINISTRATIVE CLAIMS – ESTIMATED**                -$500,000.00
**LIQUIDATION COSTS AND COMMISSIONS - ESTIMATED**    -$250,000.00

**TOTAL NET EQUITY AVAILABLE
TO UNSECURED CREDITORS:**                        $        0.00*

*The Debtor makes no representation as to the value of the timeshare units (now converted to fractional interests in the condominium units; however, it is expected that upon a sale the bankruptcy estate will receive net proceeds of sale for distribution to creditors. Parties in interest are directed to the Plan of Liquidation for more information.

### EXHIBIT "D" SAMPLE CONSENT ORDER

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

In the Matter of:                                               Case No.:
**NORTH PIER OCEAN VILLAS**                       **21-01760-5-DMW**
**HOMEOWNERS ASSOCIATION, INC.,**           Chapter 11
          Debtor.

### CONSENT ORDER ALLOWING SALE OF CONDOMINIUM UNIT
### OWNERSHIP INTEREST BY DEBTOR PURSUANT TO 11 U.S.C. § 363(h)

This matter comes before the Court by consent of the parties requesting the entry of this order in connection with the Debtor's sale of the condominium units and associated common areas of North Pier Ocean Villas. With the consent of the parties, the court makes the following:

### FINDINGS OF FACT

1.    The undersigned Owner owns an undivided interest one or more condominium units (the "Units"), identified in the signature line below, of the North Pier Ocean Villas Condominiums as a result of the vote of the timeshare owners to terminate the Timeshare Declaration previously imposed on those Units.

2.    North Pier Homeowners Association, Inc. Chapter 11 debtor-in-possession (the "HOA") is selling the condominium units and associated common areas through the Bankruptcy Court pursuant to § 363 of the Bankruptcy Code.

3.    The undersigned Owner hereby consents to the sale of its undivided interest in the above referenced unit pursuant to § 363(h) of the Bankruptcy Code as part of the bankruptcy sale of the units. The sale of the condominium units shall in all respects be subject to the jurisdiction and approval of the Bankruptcy Court.

4.    The Owner and the HOA submit to the jurisdiction of the Bankruptcy Court in connection with the HOA's authority pursuant to § 363(h) of the Bankruptcy Code to sell the Owner's undivided interest jointly with the sale of the HOA's interests, and each party waives further formal process and service of process in connection with the § 363(h) sale of said interests.

25

5. The parties acknowledge that Owner's interest in the Unit(s) shall transfer to the proceeds of sale for future allocation and disbursement in accordance with the terms of the HOA's Plan of Liquidation.

6. The parties hereby waive further formal findings of fact and consent to the entry of this order.

## CONCLUSIONS OF LAW

Based on the foregoing findings of fact and the consent of the parties, the Court concludes that it has jurisdiction over this matter and the parties hereto and that the sale of the Owner's undivided interest in the condominium unit(s) identified below should be authorized pursuant to § 363(h) of the Bankruptcy Code. Now, therefore by consent of the parties

**IT IS ORDERED, ADJUDGED AND DECREED,** that:

1. The HOA is hereby authorized to sell Owner's undivided interest the Unit identified below as a part of the proposed sale of the HOA's undivided interest in said Unit, together with all other Units and the associated common areas of North Pier Ocean Villas.

2. The sale of said undivided interests shall in all respects be subject to the approval and orders of the Bankruptcy Court in the HOA's Chapter 11 bankruptcy.

**CONSENTED TO BY:**

Owner 1 Signature: _____
Printed Name: _____
Owner 2 Signature: _____
Printed Name: _____
Mailing Address: _____

_____

Unit #: _____
_____

**For North Pier Ocean Villas Homeowners Association, Inc.**

By: _____
John Hutchings, President

END OF DOCUMENT

26

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I this day have served a copy of the foregoing Disclosure Statement upon the other parties to this action by electronic service via CM/ECF, this 3rd day of December, 2021.

DATED:   December 3, 2021

*/s/  David J. Haidt*
DAVID J. HAIDT
AYERS & HAIDT, P.A.
Attorney for Debtor
P.O. Box 1544
New Bern, NC  28563
(252) 638-2955
N.C. State Bar #22092

TO:     Bankruptcy Administrator (via:  CM/ECF)

North Pier Ocean Villas Homeowners Association, Inc. (via e-mail)