NITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| In re:<br>NORTH PIER OCEAN VILLAS<br>HOMEOWNERS ASSOCIATION, INC.,<br>    Debtor. | Case No.:<br>21-01760-5-DMW<br>Chapter 11 |
| NORTH PIER OCEAN VILLAS<br>HOMEOWNERS ASSOCIATION, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>GLENN D. ARMWOOD and GWENDOLYN L. DAVIS (BOWMAN); CHEYENNE CROSSING, LLC; FRANK PETTIFORD and JOANN PETTIFORD; SHAWN PATRICK; RICKY MOORE; CHARLES NOWLING; JAMIE WOODARD and KAREN WOODARD; KIYOKO WILSON; THE ESTATE OF GRACE OLDHAM; CLEOPHUS DANIEL and ETHEL DANIEL.<br><br>    Defendants. | Adversary Proceeding No.<br>22-_____-5-DMW<br><br><u>COMPLAINT</u><br><br>SALE OF REAL PROPERTY<br>UNDER 11 U.S.C. §363(h);<br>ABANDONMENT OF INTEREST<br><br>Unit 102 |

Plaintiff, North Pier Ocean Villas Homeowners Association, Inc., a North Carolina Non-Profit Corporation, (hereinafter referred to as "Plaintiff" or "the Association") alleges and avers the following:

**NATURE AND PURPOSE OF THIS ADVERSARY PROCEEDING**

1.    This adversary proceeding seeks relief (i) to enable the sale of certain real property, together with associated common areas, free and clear of all claims, interests and liens asserted by any co-tenant in the subject condominium unit; (ii) to enable the payment of the expenses and

1

debts incurred by Plaintiff as the association of the timeshare owners under the North Pier Ocean Villas Timeshare Declaration; (iii) to prevent and/or minimize the waste and loss of the value of the subject property; and (iv) hopefully, to provide some payment to co-owners under the Plaintiff's confirmed Plan of Liquidation.

2. To accomplish these objectives, this Complaint includes causes of action seeking (i) the sale of property owned as tenants-in-common under 11 U.S.C. § 363(h); and (ii) a declaration of abandonment of co-tenant interests in order to quiet title to the subject property.

## JURISDICTION AND VENUE

3. This adversary proceeding is filed under 11 U.S.C. § 541(a), 11 U.S.C. § 363(h), and Rule 7001(1), (2), (3), and (9) of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(C), (N), and (O). This Court may constitutionally enter final orders on these causes of action. See Stern v. Marshall, 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011). To the extent that the Court determines that, pursuant to Stern, it may not enter final orders with respect to any such claim, Plaintiff consents to the entry of a final order by the Court on any such claim. See Wellness Int'l Network, Ltd. v. Sharif, 575 U.S. 665, 135 S.Ct. 1932, 1944-45, 1948, 191 L.Ed.2d 911 (2015). ("[W]e conclude that allowing bankruptcy litigants to waive the right to Article III adjudication of Stern claims does not usurp the constitutional prerogatives of the Article III courts.").

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## THE PARTIES AND THE PROPERTY

*The Plaintiff*

5. Plaintiff is a not-for-profit corporation organized and existing under the laws of the State of North Carolina and doing business in New Hanover County, North Carolina. It is also the Debtor in the above-captioned Chapter 11 proceeding filed August 5, 2021 in the United States Bankruptcy Court for the Eastern District of North Carolina.

6. Plaintiff was incorporated in 1984 as a North Carolina non-profit corporation pursuant to Chapter 47A of the North Carolina General Statutes, the North Carolina "Unit Ownership Act." It serves as the interval owners' association for North Pier Ocean Villas, a condominium/timeshare development located in Carolina Beach, North Carolina. The Plaintiff is the governing body for the development and exists to manage, operate, and maintain the condominium units and common areas that comprise it. The Declaration Declaring Unit Ownership for North Pier Ocean Villas (the "Condominium Declaration") was recorded on May 9, 1984, in Book 1253, Page 687 of the New Hanover County Registry. The Declaration of Covenants, Conditions and Restrictions for Time Sharing Ownership of North Pier Ocean Villas, an overlay to the condominium regime (the "Timeshare Declaration"), was recorded on May 9, 1984, in Book 1253, Page 733 of the New Hanover County Registry and terminated September 30, 2021.

*The Property*

7. The Condominium Declaration includes forty-two (42) condominium units (the "Condominium Units"). The Condominium Units are contained within two buildings located at 1800 Canal Drive in Carolina Beach, North Carolina. Under the Timeshare Declaration, each Condominium Unit was assigned fifty-two (52) weekly intervals, representing 2,184 total weekly

timeshare intervals. The Condominium Units are designated as "Units" under the Timeshare Plan corresponding to their condominium numbers in the building and the week number assigned to the timeshare holder. For example, timeshare number 101/1 is "Unit 101" for the first week of the year under the Timeshare Plan. The Condominium Units and affiliated common areas and facilities (the "Common Areas"), which are more particularly described in the Condominium Declaration and the Timeshare Declaration, shall collectively referred to herein as the "Property." The Plaintiff manages and partially owns the Property.

*The Defendants*

8. The named defendants (hereinafter the "Defendants") in connection with the Plaintiff's sale of the property are the former owners of timeshare units (each formerly a "Timeshare Owner" and, collectively, the "Timeshare Owners") and members of the interval owners' association under the Timeshare Plan. As a result of the termination of the Timeshare Declaration (described below), the Defendants now hold fractional interests in the subject unit as tenants in common (each now a "Co-Owner" and, collectively, the "Co-Owners") for their respective interests in the subject condominium unit. Under North Carolina law, each condominium unit constitutes a separate freehold interest in real property.

9. The Plaintiff owned certain Unit Weeks as of the date of this Complaint attributable to Unit 102, as follows: 1, 2, 3, 5, 6, 8, 9, 11, 16, 20, 21, 33, 38, 42, 45, 47, 49, 50 and 51. As to the remaining unit weeks, Plaintiff is informed and believes, based on a review of public records and title records in New Hanover County, North Carolina, that all of the remaining Unit Weeks are identified in this Complaint as Defendants or, alternatively, as Consent Order Parties, as set forth below.

4

10. The Defendants are named in this adversary proceeding based upon their ownership interest of record in the Condominium Units, previously as timeshare owners and now as tenants-in-common holding a fractional interest in the subject Condominium Units. In addition to holding a co-tenant interest in one or more Condominium Units, each of the Defendants (in addition to remaining co-tenants) are also currently owners of a corresponding undivided interest in the Common Areas, as defined in and subject to the Condominium Declaration and regime.

11. As of the date of this Complaint, certain Co-Owners, identified below, have signed Consent Orders, pursuant to which they consent to the entry of an Order of the Bankruptcy Court to sell the real property of which they were previously a timeshare owner and now own as tenants-in-common (such Co-Owners are referred to herein as "Consent Order Parties") with Defendants and Plaintiff. A copy of each Consent Order relative to the real property interests appertaining to the Unit 102 of the Property is attached hereto collectively as **Exhibit A** and incorporated herein by reference. The following individuals and/or entities have signed a Consent Order:

| Consent Order Parties – Unit 102 | | Week |
|---|---|---|
| a. | Addison and Keneath Coleman | 7 |
| b. | Mark O'Donnell and Mary Haigler | 12 |
| c. | Timothy and Brenda Crisco | 13 |
| d. | Charles Moses | 15 |
| e. | Mary Anne E. Simon | 17 |
| f. | David and Lynn Hughes | 22 |
| g. | Shelby Fox | 23 |
| h. | Paula Leonardo | 24 |
| i. | North Pier Associates, L.P. | 26 and 29 |

| | | |
|---|---|---|
| j. | Mazie Lester | 27 |
| k. | Kimberly Garrett | 28 |
| l. | Alicia Beaton | 31 |
| m. | Timeshare Ventures, Inc. | 32 |
| n. | John J. Clark, Jr. | 34 |
| o. | Donna Vitale | 35 |
| p. | Michael and Connie Rowley | 36 |
| q. | The Heirs of Charles Simmons – one-half (½) interest of Tina Riley and one-half (½) interest of Trudy Ruble | 39 |
| r. | Christopher and Shelia White | 41 |
| s. | Julia Manning | 43 |
| t. | James Steck | 46 |
| u. | William Marshall, sole heir of Geneane Marshall | 48 |
| v. | Ira and Rebecca Fenimore | 52 |

12. Plaintiff, having conducted a search of public records and title records of New Hanover County, North Carolina, is informed and believes that the named Defendants, in conjunction with the Consent Order Parties and Plaintiff, represent the owners of all Unit Weeks for Unit 102.

13. Plaintiff is further informed and believes that the following named Defendants are neither infants nor incompetent and are Co-Owners of Unit 102 in the Timeshare Plan:

    a. Glenn D. Armwood and Gwendolyn L. Davis (Bowman), owners of Week 4, with last known addresses as follows: Glenn D. Armwood, 184 Corbett Road, Clayton,

North Carolina 27520; and Gwendolyn L. Davis (Bowman), 2009 Fallondale Road, Waxhaw, North Carolina 28173-7068;

  b. Cheyenne Crossing, LLC, owner of Week 10, a Wisconsin limited liability company, in care of its Registered Agent, Neighborhood Fitness Centers, LLC, 1704 Suwannee Circle, Waunakee, WI 53597;

  c. Frank Pettiford and JoAnn Pettiford, owners of Week 14, with a last known address of 1 Joel Court, Durham, North Carolina 27703;

  d. Shawn Patrick, owner of Week 18, with a last known address of 4926 Canetuck Road, Currie, North Carolina 28435-5267;

  e. Ricky Moore, owner of Week 19, with a last known address of 1804 Buckhorn Road, Mebane, North Carolina 27302-8096;

  f. Charles Nowling, owner of Week 25, with a last known address of 10019 Harrells Highway, Garland, North Carolina 28441;

  g. Jamie Woodard and Karen Woodard, owners of Week 30, with a last known address of 297 Valley Field Road, Stoneville, North Carolina 27048-8561;

  h. Kiyoko Wilson, owner of Week 37, with a last known address of 5155 Wilhelm Drive, Colorado Springs, Colorado 80911-3146;

  i. The Estate of Grace Oldham, owners of Week 40, in care of Sue Colaurdo, Administrator, 1354 Alligator Loop Road, Merritt, North Carolina 28556-9727;

  j. Cleophus Daniel and Ethel Daniel, owners of Week 44, whose last known address is 2409 Taylor Street, Durham, North Carolina 27703.

*General Allegations*

14. On August 5, 2021, Plaintiff filed for protection under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §101, *et seq.*), to enable and arrange a sale of the Property to pay its expenses and debts, and to provide a payment to the Consent Order Parties and Defendants. The Plaintiff's Plan of Liquidation (the "Plan") was filed December 2, 2021, and this Action is necessary to effectuate the terms of the Plan.

15. In order to sell the Property for a price sufficient (a) to pay the Plaintiff's expenses and debts, and (b) to realize value for the Owners, the Timeshare Declaration had to be terminated and ownership of the Condominium Units consolidated to convey full ownership of the Property to a buyer free and clear of timeshare restrictions and covenants, and the interests of the Co-Owners of the Property.

**FIRST CAUSE OF ACTION**
**(Sale of Property Pursuant to 11 U.S.C. § 363(h))**

16. Plaintiff incorporates the allegations of the preceding paragraphs of this Complaint as if set forth herein verbatim.

17. As a result of the termination of the Timeshare Declaration and timeshare regime, the Plaintiff, Consent Order Parties and Defendant are owners of the Property as tenants in common.

18. Plaintiff may sell property under 11 U.S.C. §§ 363(b)(1) and (f), as a sale, not in the ordinary course of business, free and clear of any interest in the property, and Plaintiff intends to seek to accomplish such a sale of the Property described herein.

19. Partition of the Property in kind among the Plaintiff, Consent Order Parties and Defendants is impracticable.

20. Sale of the Plaintiff's undivided interests in the Property would realize significantly less value for the estate, and for the other Co-Owners, than the sale of the Property free of the interests of the Defendants.

21. The benefit to the estate of a sale of the Property free of interests of the Defendants outweighs the detriment of such a sale, if any, to the Defendants.

22. The Property is not used in the production, transmission, or distribution, or sale of electric energy or of natural or synthetic gas for heat, light or power.

23. Plaintiff should be authorized to sell the fractionalized interests in the Property pursuant to 11 U.S.C. §363(h), pay the expenses incurred in such sale, and distribute the remaining proceeds in accordance with the Plaintiff's Plan of Liquidation.

## SECOND CAUSE OF ACTION
### (Abandonment of Interest and Quiet Title)

24. Plaintiff incorporates the allegations of the preceding paragraphs of this Complaint as if set forth herein verbatim.

25. By failing to participate in the affairs of the Plaintiff and by failing to provide a current address to the Plaintiff as required under Section 10.2 of the By-Laws, the Defendants have abandoned their interest in the Property.

26. Plaintiff has attempted to serve each of the Defendants at their last known address consistent with the provisions of the United States Bankruptcy Code (11 U.S.C. § 101, *et seq.*) and Rule 5 of the Federal Rules of Civil Procedure, made applicable herein by Rule 7005 of the Federal Rules of Bankruptcy Procedure. However, to the extent a Defendant has failed to provide an address to Plaintiff, Plaintiff has obtained an Order of Publication from the Court allowing service by publication consistent with federal and state law.

27. Plaintiff seeks a judgment of the Court declaring that any Defendant that cannot be served at their last known address has abandoned any interest held by such Defendant in the Property and the sale proceeds therefrom, and that the Plaintiff holds title to the interest of such Defendants in the Property, allowing a sale free and clear of such interest, dispensing with any ambiguity or cloud that may exist in the chain of title as a result of said abandonment.

28. The claims of any such Defendants, if any, to the Property, are adverse to the interest of the Plaintiff's bankruptcy estate and its creditors, and constitute a cloud upon title to the Property adverse to the rights of all other Co-Owners, including the Plaintiff and Consent Order Parties.

29. Plaintiff is entitled to an Order declaring that any Defendants that the Plaintiff has attempted to serve by regular mail and by publication pursuant to an Order of this Court and who have failed to respond to the Complaint in a timely manner shall be deemed to have abandoned any right, title and/or interest in the Property held by such Defendant and such interest is now held by the Plaintiff, quieting any such claim or interest and allowing a sale free and clear of the same.

30. Furthermore, Plaintiff is entitled to an Order of this Court declaring (a) that any such Defendant is divested of and has forfeited all right, title and interest held in the Property, and (b) any interests or rights these Defendants may claim in the Property are extinguished by this Court's Order.

**WHEREFORE**, the Plaintiff prays for an Order of this Court:

1. Granting judgment authorizing Plaintiff to sell the Property under 11 U.S.C. § 363(h), free of the claims of co-tenants, including Defendants and Consent Order Parties;

2. Declaring that the interests of the co-tenants, including Defendants and Consent Order Parties, attach to the proceeds of sale for distribution in accordance with Plaintiff's Plan of Liquidation;

3. Declaring and directing that the interest of any Defendant who has not provided a current address and after attempted service and publication has filed no responsive pleading shall be deemed to have forfeited all right, title and interest in and to the Property and that such interest is extinguished of record, with the proceeds of such interest to revert to Plaintiff for distribution in accordance with the Plan of Liquidation;

4. For such other and further relief as the Court deems appropriate.

DATED: March 14, 2022

                                          AYERS & HAIDT, P.A.

By:    */s/ David J. Haidt*
        David J. Haidt
        N.C. State Bar No. 22092
        Attorneys for Plaintiff
        307 Metcalf Street
        Post Office Box 1544
        New Bern, North Carolina 28563
        Telephone: (252) 638-2955
        davidhaidt@embarqmail.com