## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

| | |
|---|---|
| In the Matter of:<br>**NORTH PIER OCEAN VILLAS**<br>**HOMEOWNERS ASSOCIATION, INC.,**<br>    Debtor. | Case No.:<br>**21-01760-5-DMW**<br>Chapter 11 |

### DEBTOR'S MOTION FOR ORDER IN AID OF CONFIRMATION OF CONFIRMED PLAN AND SALE OF ASSETS

NOW COMES North Pier Ocean Villas Homeowners Association, Inc. (the "Debtor"), by and through its undersigned counsel, and moves this Court for an Order recognizing (i) the consolidation of the fractional ownership interests in the North Pier Ocean Villas condominiums and common areas in furtherance of the Debtor's confirmed Plan of Liquidation; as evidenced by (ii) the Court's judgments in the thirty-six (36) adversary proceedings arising from this case seeking relief under 11 U.S.C. § 363(h); and (iii) the executed consent orders of timeshare unit owners acknowledging the Debtor's ability to sell the fractionalized interests as a single transaction, all for the express purpose of consolidating these actions in a single document recordable in the New Hanover County, North Carolina land records as part of the conveyance of title to the purchaser of the Debtor's Property and that of the affiliated unit owners.  In support of this Motion, the Debtor respectfully shows unto the Court the following:

    1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

    2.    The Debtor filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on August 5, 2021 (the "Petition Date").

4. The Debtor is a not-for-profit corporation organized and existing under the laws of the State of North Carolina and doing business in New Hanover County, North Carolina.

5. The Debtor was incorporated in 1984 as a North Carolina non-profit corporation pursuant to Chapter 47A of the North Carolina General Statutes, the North Carolina "Unit Ownership Act." It serves as the homeowners' association for North Pier Ocean Villas, a condominium/timeshare development located in Carolina Beach, North Carolina. The Debtor is the governing body for the development and exists to manage, operate, and maintain the condominium units and common areas that comprise it. The Declaration of Condominium for North Pier Ocean Villas (the "Condominium Declaration") was recorded on May 4, 1984, in Book 1253, Page 687 of the New Hanover County, North Carolina Registry. The Timeshare Declaration, an overlay to the condominium regime (the "Timeshare Declaration"), was recorded on May 9, 1984, in Book 1253, Page 733 of the New Hanover County Registry and terminated on September 30, 2021 in accordance with an amendment to the Timeshare Declaration recorded on September 16, 2021 in Book 6492, Page 1066 of the New Hanover County Registry.

6. The Condominium Plan includes forty-two (42) condominium units (the "Condominiums"). The Condominiums are contained within two buildings at 1800 Canal Drive in Carolina Beach, North Carolina. Under the Timeshare Plan, each unit was assigned fifty-two (52) weekly intervals, constituting 2,184 weekly timeshare intervals. The Condominiums were designated as units under the Timeshare Plan corresponding to their condominium numbers in the building and the week number assigned to the timeshare holder. When the Timeshare Declaration was terminated the owners of individual timeshare units reverted to owners of the condominium units as tenants in common (hereafter the "Unit Owners").

7. In November 2021, the Debtor mailed to each known Unit Owner a Consent Order for each Unit Owner to review and sign. If executed by the Unit Owner, the Consent Order would authorize the Debtor to sell the Unit Owner's co-tenant interest in the Condominiums, together with the interests owned by the Debtor and affiliated common areas (collectively the "Property") in accordance with 11 U.S.C. § 363(h), free and clear of all liens, interests and/or ownership interests of the Unit Owner executing the Consent Order, with said liens, interests and/or timeshare ownership interests to attach to the proceeds of sale according to the respective priority under the state and federal law, including the terms of the confirmed Plan. As of the date of this pleading a total of 829 Consent Orders[1], representing (in whole or in part) 792 unit weeks, have been executed and returned to counsel for the Debtor.

8. The Debtor filed its Plan of Liquidation (the "Plan") on December 2, 2021. The hearing on confirmation hearing of the Plan was held January 31, 2022 and the Plan was confirmed by Order dated February 4, 2022 [DE 94]. The Plan contemplated the sale of the North Pier development, including all Condominiums and related common areas, and allocation the net proceeds of sale to creditors and owners as set forth in the Plan.

9. As part of the confirmation process, the Debtor advised that it was going to file Adversary Proceedings in the United States Bankruptcy Court against the owners of fractional interests in the Subject Units in order to clear title to the Property pursuant to 11 U.S.C. § 363(h). In conjunction with the Consent Order parties, the Debtor's pursuit of judgments in those Adversary Proceedings was intended to grant the Debtor the authority to sell both its interests, those of its co-tenants in common, and the related common areas free and clear of all

---

[1] In a number of cases multiple Consent Orders have been received in connection with a single unit week; for example, when a unit week is owned by multiple heirs of the original owner.

encumbrances, claims and interests.

10. Between March 14, 2022 and April 6, 2022, the Debtor filed thirty-six (36) adversary proceedings (the "Adversary Proceedings") seeking relief under 11 U.S.C. § 363(h) and the authority to sell the fractionalized co-tenant interests in 36 of the 42 Condominiums, owned collectively by the Debtor and prior owners of timeshare unit weeks.[2] These Adversary Proceedings are identified as follows:

    a.    North Pier Ocean Villas Homeowners Association, Inc. v. Armwood, *et al.*, Case No. 22-00041-5-DMW;

    b.    North Pier Ocean Villas Homeowners Association, Inc. v. Martinez, *et al.*, Case No. 22-00042-5-DMW;

    c.    North Pier Ocean Villas Homeowners Association, Inc. v. Rogers, *et al.*, Case No. 22-00043-5-DMW;

    d.    North Pier Ocean Villas Homeowners Association, Inc. v. Gideons (Henson), *et al.*, Case No. 22-00044-5-DMW;

    e.    North Pier Ocean Villas Homeowners Association, Inc. v. Riner, *et al.*, Case No. 22-00045-5-DMW;

    f.    North Pier Ocean Villas Homeowners Association, Inc. v. Patinsky, *et al.*, Case No. 22-00046-5-DMW;

    g.    North Pier Ocean Villas Homeowners Association, Inc. v. Wilson, *et al.*, Case No. 22-00047-5-DMW;

    h.    North Pier Ocean Villas Homeowners Association, Inc. v. McManus, *et*

---

[2] The remaining six condominium units are owned entirely by North Pier Associates, Limited Partnership ("NPA"). As part of the proposed sale, NPA has consented to the inclusion of its units with those that are the subject matter of the Adversary Proceedings.

*al.*, Case No. 22-00048-5-DMW;

  i. <u>North Pier Ocean Villas Homeowners Association, Inc. v. Philips, *et al.*</u>, Case No. 22-00049-5-DMW;

  j. <u>North Pier Ocean Villas Homeowners Association, Inc. v. Shook, *et al.*</u>, Case No. 22-00052-5-DMW;

  k. <u>North Pier Ocean Villas Homeowners Association, Inc. v. Davis, *et al.*</u>, Case No. 22-00054-5-DMW;

  l. <u>North Pier Ocean Villas Homeowners Association, Inc. v. Maroof, *et al.*</u>, Case No. 22-00055-5-DMW;

  m. <u>North Pier Ocean Villas Homeowners Association, Inc. v. Stephens, *et al.*</u>, Case No. 22-00058-5-DMW;

  n. <u>North Pier Ocean Villas Homeowners Association, Inc. v. Jacobson, *et al.*</u>, Case No. 22-00059-5-DMW;

  o. <u>North Pier Ocean Villas Homeowners Association, Inc. v. Youngdahl, *et al.*</u>, Case No. 22-00060-5-DMW;

  p. <u>North Pier Ocean Villas Homeowners Association, Inc. v. English, *et al.*</u>, Case No. 22-00061-5-DMW;

  q. <u>North Pier Ocean Villas Homeowners Association, Inc. v. Dixon, *et al.*</u>, Case No. 22-00062-5-DMW;

  r. <u>North Pier Ocean Villas Homeowners Association, Inc. v. Sublett, *et al.*</u>, Case No. 22-00063-5-DMW;

  s. <u>North Pier Ocean Villas Homeowners Association, Inc. v. Richardson, *et al.*</u>, Case No. 22-00064-5-DMW;

t.  North Pier Ocean Villas Homeowners Association, Inc. v. McNeal, *et al.*, Case No. 22-00065-5-DMW;

u.  North Pier Ocean Villas Homeowners Association, Inc. v. Harrell, *et al.*, Case No. 22-00067-5-DMW;

v.  North Pier Ocean Villas Homeowners Association, Inc. v. Ramos, *et al.*, Case No. 22-00068-5-DMW;

w.  North Pier Ocean Villas Homeowners Association, Inc. v. Poole, *et al.*, Case No. 22-00069-5-DMW;

x.  North Pier Ocean Villas Homeowners Association, Inc. v. Collage, *et al.*, Case No. 22-00070-5-DMW;

y.  North Pier Ocean Villas Homeowners Association, Inc. v. Kitchen, *et al.*, Case No. 22-00071-5-DMW;

z.  North Pier Ocean Villas Homeowners Association, Inc. v. Pettiford, *et al.*, Case No. 22-00075-5-DMW;

aa.  North Pier Ocean Villas Homeowners Association, Inc. v. Webster, *et al.*, Case No. 22-00076-5-DMW;

bb.  North Pier Ocean Villas Homeowners Association, Inc. v. Karr, *et al.*, Case No. 22-00077-5-DMW;

cc.  North Pier Ocean Villas Homeowners Association, Inc. v. Matthews, *et al.*, Case No. 22-00078-5-DMW;

dd.  North Pier Ocean Villas Homeowners Association, Inc. v. Armstrong, *et al.*, Case No. 22-00079-5-DMW;

ee.  North Pier Ocean Villas Homeowners Association, Inc. v. Rhody, *et al.*,

Case No. 22-00080-5-DMW;

  ff. North Pier Ocean Villas Homeowners Association, Inc. v. Perry, *et al.*, Case No. 22-00081-5-DMW;

  gg. North Pier Ocean Villas Homeowners Association, Inc. v. Jenkins, *et al.*, Case No. 22-00082-5-DMW;

  hh. North Pier Ocean Villas Homeowners Association, Inc. v. Smith, *et al.*, Case No. 22-00083-5-DMW;

  ii. North Pier Ocean Villas Homeowners Association, Inc. v. Dixon, *et al.*, Case No. 22-00084-5-DMW;

  jj. North Pier Ocean Villas Homeowners Association, Inc. v. Stephenson, *et al.*, Case No. 22-00085-5-DMW;

11. For each Adversary Proceeding, the Debtor-Plaintiff attached as an exhibit to each complaint all Consent Orders received in connection with the corresponding Condominium unit. All named Defendants were served in accordance with this Court's Amended Order Establishing Service Procedures [DE 147].

12. The Debtor has obtained default judgments against all Defendants that did not return a Consent Order following service of the Adversary Proceedings and summons. For those Defendants that returned to the Debtor an executed Consent Order after service of a complaint, the Debtor has dismissed those Defendants from the appropriate Adversary Proceeding.

13. The Debtor is aware that two timely responsive pleadings filed in connection with the Adversary Proceedings. The first was filed by Defendant Joseph Askew in Case No. 22-00054-5-DMW, and the second by Defendants Therman and Finesse Couch in Case No. 22-00052-5-DMW. In connection with both of these proceedings the Debtor has filed motions for

judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

14. On January 14, 2022, the Debtor filed the Sale Motion [DE 78] pursuant to 11 U.S.C. § 363(f) seeking (i) approval of the sale of real and personal property free and clear of liens, claims, encumbrances, and interests with such liens, claims, encumbrances, and interests to attach to the proceeds of sale; (ii) approval of bid procedures, the solicitation of stalking horse bidder, and auction; and (iii) a hearing for final approval of sale of assets.

15. On February 10, 2022, following a hearing conducted February 8, 2022, the Court entered an Order Approving: (I) Sale of Real and Personal Property Free and Clear of Liens, Claims, Encumbrances and Interests; (II) Bid Procedures, Solicitation of Stalking Horse Bidder and Auction; and (III) Scheduling Hearing for Final Approval of Sale of Assets (the "Interim Sale Order").

16. In accordance with the terms of the Interim Sale Order, the Debtor marketed the Property, and the Debtor executed an Asset Purchase Agreement with a Stalking Horse Bidder for $5,100,000.00. In addition to the Stalking Horse Bid, the Debtor received eight (8) Qualified Bids during the bid period, which expired April 4, 2022.

17. The auction of the Property was conducted at 10:00 a.m., April 7, 2022. The Successful Bidder offered a purchase price of $8,300,000.00, subject to an Amended Asset Purchase Agreement executed by the Successful Bidder. The Back-Up Bidder submitted a bid in the amount of $8,250,000.00, subject to an Amended Asset Purchase Agreement.

18. In furtherance of the Plan and to facilitate the transfer of the Property to the purchaser, the Debtor files this Motion for the purpose of obtaining an Order setting out specific findings of fact and conclusions of law based upon the evidence presented in the Plan confirmation hearing and through the Adversary Proceedings, summarizing the Court's prior

8

Orders related to the sale of the Property, and facilitating the conveyance of clear title of the Property.

**WHEREFORE**, the Debtor respectfully prays unto the Court enter an Order in Aid of Execution of the Confirmed Plan, in a form substantially similar to that attached hereto as **Exhibit A**, with such proposed order: (i) setting out specific findings of fact and conclusions of law based upon the evidence presented in the Plan confirmation hearing and through the Adversary Proceedings; (ii) summarizing the Court's prior Orders related to the sale of the Property; (iii) facilitating the conveyance of clear title of the Property to a third-party purchaser as contemplated by the Plan; and (iv) granting such other and further relief as the Court deems appropriate.

Respectfully submitted this the 25th day of May, 2022.

                                                AYERS & HAIDT, P.A.

                                                */s/ David J. Haidt*
                                                DAVID J. HAIDT
                                                N.C. State Bar #22092
                                                Attorneys for the Debtor
                                                Post Office Box 1544
                                                New Bern, NC 28563
                                                (252) 638-2955
                                                (252) 638-3293 facsimile
                                                davidhaidt@embarqmail.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

In the Matter of:     Case No.:
**NORTH PIER OCEAN VILLAS**     **21-01760-5-DMW**
**HOMEOWNERS ASSOCIATION, INC.,**     Chapter 11
     Debtor.

## NOTICE OF MOTION AND HEARING

NOTICE IS HEREBY GIVEN of the MOTION FOR ORDER IN AID OF CONFIRMATION OF THE PLAN AND SALE OF PROPERTY ("Motion") filed simultaneously herewith in the above-captioned case; and,

FURTHER NOTICE IS HEREBY GIVEN that this Motion may be allowed provided no responses and request for a hearing is made by a party in interest in writing to the Clerk of this Court within **FOURTEEN (14) DAYS** from the date of this notice; and,

FURTHER NOTICE IS HEREBY GIVEN, that if a response and a request for a hearing is filed by a party in interest in writing within the time indicated, a hearing will be conducted on this Motion thereto at a date, time and place to be later set by the Court and all interested parties will be notified accordingly. If no request for a hearing is timely filed, the Court may rule on the Motion thereto ex parte without further notice.

DATED:  May 25, 2022

                                                AYERS & HAIDT, P.A.

                                                */s/  David J. Haidt*
                                                DAVID J. HAIDT
                                                N.C. State Bar #22092
                                                Attorneys for the Debtor
                                                Post Office Box 1544
                                                New Bern, NC 28563
                                                (252) 638-2955
                                                (252) 638-3293 facsimile
                                                davidhaidt@embarqmail.com

## **CERTIFICATE OF SERVICE**

  **THIS IS TO CERTIFY** that on the date indicated below, the undersigned served a copy of the foregoing MOTION and NOTICE OF MOTION FOR ORDER IN AID OF CONFIRMATION OF THE PLAN AND SALE OF PROPERTY by electronic means through the CM/ECF system and/or depositing the same in a post-paid wrapper, addressed to the following parties as shown below, in an official depository of the United States Postal Service, in the manner prescribed by law:

  DATED:  May 25, 2022

                AYERS & HAIDT, P.A.

                */s/  David J. Haidt*
                DAVID J. HAIDT
                N.C. State Bar #22092
                Attorneys for the Debtor
                Post Office Box 1544
                New Bern, NC 28563
                (252) 638-2955
                (252) 638-3293 facsimile
                davidhaidt@embarqmail.com

TO:

Parker W. Rumley            (via CM/ECF)
*Office of the Bankruptcy Administrator*